1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| The CALIFORNIA INSTITUTE OF TECHNOLOGY,<br><br>Plaintiff,<br><br>vs.<br><br>BROADCOM LIMITED, BROADCOM CORPORATION, AVAGO TECHNOLOGIES LIMITED, APPLE INC., AND CYPRESS SEMICONDUCTOR CORPORATION,<br><br>Defendants. | CASE NO. 2:16-cv-3714-GW-AGRx<br><br>**INTERIM PROTECTIVE ORDER – SOURCE CODE**<br><br>Ctrm:   10, Spring Street Floor<br>Judge:  George H. Wu |

Plaintiff California Institute of Technology ("Plaintiff") and Defendants Broadcom Limited, Broadcom Corporation, Avago Technologies Limited, Apple Inc., and Cypress Semiconductor Corporation ("Defendants") anticipate that proprietary Source Code is likely to be produced for inspection during the course of discovery in this case, and request that the Court enter this Interim Order setting forth the conditions for treating, obtaining, and using such Source Code. The Parties are in the process of drafting a proposed Protective Order governing all discovery in this case, which they expect will supersede this Interim Order when entered.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Interim Protective Order governing Source Code ("Order" or "Protective Order"):

## 1.   **PURPOSES AND LIMITATIONS**

(a)   Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

(b)   To the extent that any one of Defendants in this litigation provides Protected Material under the terms of this Protective Order to Plaintiff, Plaintiff shall not share that material with the other Defendants in this litigation, absent express written permission from the producing Defendant or an order from the Court. However, Plaintiff may share materials between Defendants if it is clear that both Defendants have the information, *e.g.*, an email between Broadcom and Apple that is produced by Broadcom could be shared with Apple. This Order does not confer any right to any one Defendant to access the Protected Material of any other Defendant that they would not otherwise have access to.

(c)   The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or

1

supplemental disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

**2.**   **DEFINITIONS**

(a)   The following definitions apply to terms used in this Order:

(i)   "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(ii)   "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose or allow access to the information for this litigation.

(iii)   "Patents-in-Suit" means U.S. Patent No. 7,116,710, U.S. Patent No. 7,421,032, U.S. Patent No. 7,916,781, and U.S. Patent No. 8,284,833.

(iv)   "Party" means any party to this case, including all of its officers, directors, employees and their support staffs.

(v)   "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(vi)   "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," as provided for in this Order.

(vii)   "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(viii) "Source Code" means computer code, scripts, assembly, binaries, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip.

**3.**   **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

**4.**   **SCOPE**

(a)   The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)   Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared or was involved in the preparation of the Protected Material.

(c)   Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d)   This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any

3

way, including, without limitation, an order that certain matter not be produced at all.

**5.     DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

**6.     ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)     **Basic Principles.**  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including, without limitation, any other litigation, patent prosecution or acquisition, patent reexamination, inter parties review, or reissue proceedings, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Order.

(b)     **Patent Prosecution Bar**.  Absent the written consent of the Producing Party, any person on behalf of the Plaintiff who receives one or more items designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" by a Defendant ("Barred Person") shall not be involved, directly or indirectly, in any of the following activities:   (i) preparing, prosecuting, supervising, or otherwise assisting in the preparation or prosecution of any patent application related by claim of priority to any of the Patents-in-Suit; (ii) amending any claim of any of the Patents-in-Suit; and (iii) advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patent applications relating to the functionality, operation, and design of either Irregular Repeat Accumulate ("IRA") or Low-Density Parity Check ("LDPC") error correction codes for integrated circuits used for wireless communications, before any foreign or domestic agency, including the United

4

States Patent and Trademark Office.  These prohibitions are not intended to and shall not preclude counsel from participating in proceedings on behalf of a Party challenging or defending the validity of any patent, including, but not limited to, as part of any reexamination, inter partes review, or reissue proceedings, but Barred Persons (including counsel for the Receiving Party) may not participate, directly or indirectly, in drafting, amending, or altering the language of any patent claim(s) in any such proceeding.  These prohibitions shall begin when access to "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" materials are first received by the Barred Person, and shall end two (2) years after the final resolution of this action, including all appeals.  Nothing in this Protective Order shall prevent any attorney from sending Prior Art to persons involved in prosecuting patent applications for purposes of ensuring that such Prior Art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) in compliance with any duty of candor.  Nothing in this paragraph shall prohibit any attorney of record in this litigation from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation.  This Prosecution Bar applies to each individual reviewing the OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" material and does not impute to the law firm, institution, or company who employs the individual.

(c)   **Secure Storage, No Export.** Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.  To ensure compliance with applicable United States Export Administration Regulations, Protected Material may not be exported outside the United States or released to a foreign national (even if within the United States).

5

(d) **Legal Advice Based on Protected Material.** Nothing in this Protective Order shall be construed to prevent counsel of record from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not (i) violate Section (b) or (ii) disclose the Protected Material itself except as provided in this Order.

7. <u>**DESIGNATING PROTECTED MATERIAL**</u>

(a) **Available Designations.** Any Producing Party may designate Discovery Material as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" provided that it meets the requirements for such designation as provided for herein.

(b) **Written Discovery and Documents and Tangible Things.** Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained. In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" during the inspection and re-designated, as appropriate during the copying process.

8. <u>**DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE"**</u>

(a) A Producing Party may designate Source Code as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

6

(b)    Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(c)    Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be subject to the provisions set forth in Paragraph 9 below, and may be disclosed, subject to Paragraph 9 below, solely to:

(i)    The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984) and *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1471 (9th Cir. 1992), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying, document management, or clerical litigation support services or vendors working at the direction of such counsel, paralegals, and staff;

(ii)    Any outside expert or consultant retained by the Receiving Party to assist in this action, as well as their immediate support staff, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984) and *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1471 (9th Cir. 1992), on behalf of a Party or a competitor of a Party; and (d) no

7

unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 10 below;

(iii)   Any person who appears on the face of the Designated Material as an author thereof;

(iv)   Court reporters, stenographers, and videographers retained to record testimony taken in this action;

(v)   The Court, jury, and court personnel;

(vi)   Any arbitrator or mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(vii)   Any other person with the prior written consent of the Producing Party.

## 9.   DISCLOSURE AND REVIEW OF SOURCE CODE

(a)   Any Source Code that is produced by Plaintiff shall be made available for inspection in electronic format at the Silicon Valley or Los Angeles offices of its outside counsel, Quinn Emanuel Urquhart and Sullivan LLP, or any other location mutually agreed by the Parties.  Any Source Code that is produced by any Defendant will be made available for inspection at the Palo Alto offices of its outside counsel, WilmerHale LLP, or any other location mutually agreed by the Parties.  Source Code will be made available for inspection between the hours of 8 a.m. and 6 p.m. on business days (i.e., weekdays that are not Federal holidays), although the Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times.

(b)   Prior to the first inspection of any requested Source Code, the Receiving Party shall provide seven (7) days notice of the Source Code that it wishes to inspect.  The Receiving Party shall provide three (3) days notice prior to any additional inspections.

(c)     Source Code that is designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)     All Source Code shall be made available by the Producing Party to the Receiving Party's Outside Counsel and/or experts/consultants in a secure room, in text searchable form on a secured computer without Internet access or network access to other computers and on which all access ports have been disabled (except for one printer port), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room").  In addition, and to the extent it is feasible to do so, the Producing Party shall make the Source Code available in hierarchical directory and file structures as close to the original as possible.  The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business.  The Receiving Party's Outside Counsel and/or experts/consultants may request that commercially available software tools for viewing and searching Source Code be installed on the Source Code Computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein.  The Producing Party shall approve reasonable requests for additional commercially available software

9

tools.  The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least six (6) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

(ii)    No recordable media or recordable devices, including, without limitation, sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.  The Producing Party shall make a space available outside the secure room in which persons reviewing "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" may utilize such devices and/or transfer their notes to a personal computer or other device.

(iii)   The   Receiving   Party's   Outside   Counsel   and/or experts/consultants shall be entitled to take hand-written notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer.

(iv)    The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way.

(v)     No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.  The Producing Party shall make available a laser printer with commercially reasonable printing speeds

10

for on-site printing during inspection of the Source Code.  The Receiving Party may print limited portions of the Source Code only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report) or to be used as deposition and/or trial exhibits in connection with testimony by the Producing Party's witnesses concerning the Source Code.  The burden shall be on the Receiving Party to demonstrate the need for a printed copy of more than five (5) pages of a continuous block of Source Code.  The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report) or to be used as deposition and/or trial exhibits in connection with testimony by the Producing Party's witnesses concerning the Source Code.  Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party.  The Producing Party shall Bates number, copy, and label "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" any pages printed by the Receiving Party.  Within three (3) days, the Producing Party shall either (i) provide one copy set of such pages to the Receiving Party or (ii) inform the Requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose.  If, after meeting and conferring, either via telephone or in person, the Parties cannot resolve the objection, the Producing Party and the Receiving Party shall be entitled to seek a Court resolution of whether the printed Source Code is narrowly tailored and was

11

printed for a permitted purpose. The burden shall be on the Receiving Party to demonstrate that such printed portions are no more than is reasonably necessary for a permitted purpose and not merely printed for the purpose of analysis elsewhere. The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

(vi)   All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code.  Such identification shall be in addition to any other disclosure required under this Order.  All persons viewing Source Code shall sign, on each day they view Source Code, a log that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart.  The Producing Party shall be entitled to a copy of the log upon three (3) day's advance notice to the Receiving Party.

(vii)  Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's Outside Counsel and/or experts/consultants shall remove all notes, documents, and all other materials from the Source Code Review Room.  The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.  Proper identification of all authorized persons shall be provided prior to any access to the Source Code Review Room or the Source Code Computer.  Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the

12

government of the United States, or by the nation state of the authorized person's current citizenship.  Access to the secure room or the Source Code Computer may be denied, at the discretion of the Producing Party, to any individual who fails to provide proper identification.

(viii)  Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device.  After an inspection, the Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its outside counsel of record.

(ix)    The Receiving Party's Outside Counsel may make no more than three (3) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 9(c)(v), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code.  The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.  Upon three (3) day's advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

(x)    The Receiving Party's Outside Counsel and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.  No more than a total of ten (10) persons identified by

13

the Receiving Party, excluding Outside Counsel, shall have access to the Source Code.

(xi)    For depositions, the Receiving Party may bring one (1) working copy of printed Source Code selected from among the three (3) copies of printed Source Code permitted under Paragraph 9(c)(ix).  At least seven (7) days before the date of the deposition, the Receiving Party shall notify the Producing Party about the specific portions of Source Code it wishes to use at the deposition, and the Producing Party shall bring printed copies of those portions to the deposition for use by the Receiving Party.  Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.  All paper copies of Source Code brought to the deposition shall remain with the Producing Party's Outside Counsel for secure destruction in a timely manner following the deposition.

(xii)   On seven (7) days advanced notice, the Receiving Party may request that an electronic copy of the Source Code be made available by the Producing Party at a deposition of any fact witness who may properly access such Source Code consistent with the terms of this Protective Order.  The Source Code will be provided by the Producing Party at the deposition on a stand-alone computer, and access to the computer will be controlled by the Producing Party.

(xiii)  Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the

14

Source Code to a PDF or photograph the code).  Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers except to the extent permitted herein.

The Receiving Party may create an electronic copy or image of limited excerpts of Source Code only to the extent necessary in a pleading, court filing, expert report or trial exhibit or demonstrative, and drafts of these documents.  The Receiving Party shall include only such excerpts of Source Code as are reasonably necessary for the purposes for which such part of the Source Code is used.  The Receiving Party may create an electronic image of a selected portion of the Source Code only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection.  The communication and/or disclosure of electronic files containing any portion of Source Code shall at all times be limited to individuals who are expressly authorized to view Source Code under the provisions of this Protective Order.  The Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored.  Additionally, any such electronic copies must be labeled "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" as provided for in this Order.

A party seeking to file with the court documents containing excerpts of Source Code as permitted by this subparagraph must file an Application for Leave to File Under Seal under the provisions of Local Rule 79-5 or 79-6, as applicable.

15

(xiv) The parties agree to promptly meet and confer, either via telephone or in person, to discuss modifications to the time limits in Section 11 if deadlines in the case so require.

## 10.   **NOTICE OF DISCLOSURE**

(a)   Prior to disclosing any Protected Material to any person described in Paragraphs 8(c)(ii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes:

(i)   the name of the Person;

(ii)   an up-to-date curriculum vitae of the Person;

(iii)   the present employer and title of the Person;

(iv)   an identification of the Person's past and current employment and consulting relationships within the last six (6) years, including consulting relationships through entities owned or controlled by the Person, including but not limited to an identification of any individual or entity with or for whom the person is employed or to whom the person provides consulting services relating to the design, development, operation, or patenting of error correction codes for integrated circuits used for wireless communications, or relating to acquisition of intellectual property assets relating to error correction codes for integrated circuits used for wireless communications;

(v)   an identification of all pending patent applications on which the Person is named as an inventor or in which the Person has any ownership interest; and

(vi)   a list of the cases in which the Person has testified at deposition or trial within the last five (5) years.

(b)   Further, the Party seeking to disclose Protected Material shall provide such other information regarding the Person's past and current employment and

16

consulting relationships reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the Person.  To the extent certain information identified in Paragraph 10(a) or requested per this Paragraph cannot be disclosed because of confidentiality obligations, the parties agree to meet and confer, either via telephone or in person, to negotiate alternate information that can be provided.

(c)     Within fourteen (14) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause.  In the absence of an objection at the end of the fourteen (14) day period, the Person shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to the Person prior to expiration of this fourteen (14) day period.  If the Producing Party objects to disclosure to the Person within such fourteen (14) day period, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(d)     For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

(e)     Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

(f)     An initial failure to object to a Person under this Paragraph 10 shall not preclude the non-objecting Party from later objecting to continued access by that Person for good cause.  If an objection is made, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection.  If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection.  Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within three (3) business days after the meet and confer, further Protected Material may thereafter be provided to the Person.

(g)     The parties agree to promptly meet and confer, either via telephone or in person, to discuss modifications to the time limits in Section 10 if deadlines in the case so require.

## 11.   <u>SUBPOENAS OR COURT ORDERS</u>

If at any time Protected Material is subpoenaed by any court or arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of or otherwise protect Protected Materials implicated by the subpoena.

## 12.   <u>INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL</u>

(a)     Nothing in this Protective Order shall require production of information that a Party contends is protected from disclosure by the attorney-client

18

privilege, the patent agent-client privilege, the work product immunity or other privilege, doctrine, right, or immunity.

(b)     The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, the patent agent-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.   This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

(c)     Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately destroy such Protected Material or Discovery Material and certify as such by the Receiving Party to the Producing Party. Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firms' electronic back-up systems.

(d)     After inadvertently or unintentionally produced information subject to a claim of immunity or privilege has been returned or destroyed, the Receiving Party may challenge that assertion of immunity or privilege, but may not use the contents of that information for any purpose, including, without limitation, submission of the information for *in camera* review by the Court in asserting a challenge of the assertion of immunity or privilege.

(e)     Nothing in this Order modifies any person's ethical duties regarding information to which a claim of attorney-client privilege and/or work product protection may attach.

19

**13.** <u>**INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**</u>

(a)    In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b)    Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

**14.** <u>**FINAL DISPOSITION**</u>

(a)    Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective Outside Counsel of the Producing Party or destroy such Material, at the option of the Producing Party.  For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b)    All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective Outside Counsel of the Producing Party or destroyed.  Notwithstanding the provisions for return of Discovery Material, Outside Counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes, but must return any pleadings, correspondence, and consultant work product that contain Source Code.  Copies of

20

pleadings, correspondence and attorney and consultant work product (but not document productions) created by the operation of Outside Counsel's backup and disaster recovery tools need not be destroyed, but, if they are not destroyed, the person in possession of that Discovery Material remains bound by this Order with respect to all such retained formation.

## 15.   <u>MISCELLANEOUS</u>

(a)   **Right to Further Relief.**  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)   **Termination of Matter and Retention of Jurisdiction.**  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter.

(c)   **Successors.**  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)   **Right to Assert Other Objections.**  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(e)   **Burdens of Proof.**  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f)   **Modification by Court.**  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order sua sponte in the interests of justice.  The parties prefer that the Court provide them with notice of the Court's intent to modify this Order and the content of those modifications, prior to entry of such an order.  The Court may further modify the terms and conditions of this Order at the request of a Party or the Parties for good cause, or in the interest of justice, at any time in these proceedings.  The United States District Court for the Central District of California is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Central District of California.

(g)   **Modification by the Parties.**  The Parties may jointly agree to modify this Order without the Court's leave.

(h)   **Discovery Rules Remain Unchanged.**  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Central District of California, or the Court's own orders.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Central District of California, or the Court's own orders.

22

1

2   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

3   DATED:  December 29, 2016          By:   /s/[—]

4                                      Todd M. Briggs
                                       toddbriggs@quinnemanuel.com
5                                      QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP
6                                      555 Twin Dolphin Drive, 5th Floor
                                       Redwood Shores, California 94065
7                                      Telephone:  (650) 801-5000
                                       Facsimile:  (650) 801-5100

8                                      *Attorneys for Plaintiff California Institute of*
                                       *Technology*

9
                                       By:   /s/[—]
10                                            Mark D. Selwyn

11                                     Mark D. Selwyn
                                       mark.selwyn@wilmerhale.com
12                                     WILMER CUTLER PICKERING
                                          HALE AND DORR LLP
13                                     950 Page Mill Road
                                       Palo Alto, California 94304
14                                     Tel:  (650) 858-6000
                                       Fax:  (650) 858-6100
15                                     *Attorneys for Defendants Broadcom Limited,*
                                       *Broadcom Corporation, Avago Technologies*
16                                     *Limited, Apple Inc., and Cypress*
                                       *Semiconductor Corporation*

17

18

19  IT IS SO ORDERED

20

21

22  Dated:  December 29, 2016

23                                     ALICIA G. ROSENBERG
                                       United States Magistrate Judge

24

25

26

27

28
                                    23

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **FILER'S ATTESTATION OF CONCURRENCE**

Pursuant to Civil L.R. 5-4.3.4(a)(2) relating to documents requiring multiple signatures, I, [—], attest that all other signatories concur in the content of the foregoing document and authorize the filing of the same.

/s/[FILER]
[FILER]

# **EXHIBIT A**

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare and say that:

1.     I am employed as

_____ by

_____

_____.

2.     I have read the Protective Order entered in the above-captioned matter
and have received a copy of the Protective Order.

3.     I promise that I will use any and all "CONFIDENTIAL – OUTSIDE
ATTORNEYS' EYES ONLY – SOURCE CODE" information (as
defined in the Protective Order) that is given to me, only in a manner
authorized by the Protective Order, and only to assist counsel in the
litigation of these matters.

4.     I promise that I will not disclose or discuss such "CONFIDENTIAL –
OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE"
information with anyone other than the persons described in the
Protective Order.

5.     I acknowledge that, by signing this agreement, I am subjecting myself
to the jurisdiction of the United States District Court for the Central
District of California with respect to enforcement of the Protective
Order.

6.     I understand that any disclosure or use of "CONFIDENTIAL –
OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE"
information in any manner contrary to the provisions of the Protective
Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

25

1

2

3    Date: _____

4                                              _____

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

26