UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 16-3714-GW(AGRx)** | Date | January 17, 2017 |
| Title | *The California Institute of Technology v. Broadcom Limited, et al.* | Page | 1 of 3 |

Present: The Honorable   **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: (IN CHAMBERS) – COURT'S RESPONSE TO CONTESTED PORTIONS OF PROPOSED PROTECTIVE ORDERS**

The parties have generally agreed to a protective order but have submitted to the Court two sets of briefs delineating their positions as to disagreements over four subject areas of proposed protective order and electronically stored information ("ESI") order provisions. *See* Docket Nos. 89, 90. The Court's responses to those disagreements are as follows:

1) In-house counsel's access to "confidential – Attorneys' Eyes Only ("AEO")" information

The dispute is whether plaintiff California Institute of Technology's ("Caltech's") in-house counsel involved in licensing negotiations can have access to Defendants' confidential business information ("CBI"). Usually a party's in-house attorney should not have access to the other side's CBI because the parties are competitors and there would be a significant risk of competitive injury.
Here, Caltech is not a competitor of defendants Broadcom Limited, Broadcom Corporation, Avago Technologies Limited, Apple Inc., and Cypress Semiconductor Corporation (collectively, "Defendants"). The fact that Caltech has an active program seeking to license its patents (including to Defendants' competitors) can present some risk, but overall the Court would find that the need for Caltech's in-house attorney personnel to review financial information to assess the merits and value of the litigation (even if some of their duties includes licensing Plaintiff's patents) overrides the risks/concerns. This is a close call but one which the Court resolves in favor of restricted access.[1]

---

[1] As noted by Caltech:
Caltech's in-house counsel are not permitted to review Defendants' source code, are subject to the patent prosecution bar, and must sign an "AGREEMENT TO BE BOUND BY PROTECTIVE ORDER" . . . . [I]n *California lnst. of Technology v. Hughes Communications, Inc. et. al.*, Case No. 2:13-cv- 7245-MRP-JEM (C.D. Cal.), which involved the same patents-at-issue,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 16-3714-GW(AGRx) | Date | January 17, 2017 |
| Title | *The California Institute of Technology v. Broadcom Limited, et al.* | Page | 2 of 3 |

Conclusion: Deny defendants' proposed limitation that restricts access to in-house counsel who are not involved in "competitive decision making."

2) ESI - email discovery deadline

     Defendants propose that the parties cannot serve email production requests before May 11, 2017. Caltech wants email discovery to commence later this month. The parties have allegedly agreed to regular fact discovery cutoff on August 18, 2017. *See* Docket No. 90 at page 4 of 11, and No. 64.

     Email discovery normally drives the cost of litigation way up and often provides little value concerning the merits of the case. That is why the Federal Circuit's Model Order has a phased discovery that pushes the email discovery to a later stage. When the parties came up with a stipulated schedule (Docket No. 64), they were contemplating that the claim construction discovery and substantial document production would be completed by May 11, 2017. The Court would agree that email discovery should be pushed back, but not as late as May 11 for Plaintiff to start serving those requests. Given the complexity of the case, the Court would "split the baby" and provide that the first day to serve email production requests would be April 19, 2017, which gives the Plaintiff four months instead of three until the discovery cutoff.

Conclusion: Email production requests may start on April 19, 2017.

3) ESI - email custodians

     Caltech wants twelve from Broadcom, ten from Apple and six from Cypress. Defendants want to limit the number to five custodians each from Broadcom, Apple, and Cypress. The Court would find Caltech's request is excessive. Email is often tangential to adjudicating the issues. Therefore, the Court would propose initially limiting the custodians to 16 per side and with each side allowed to figure out how to allocate them.

Conclusion: 16 email custodians per side; no cap on additional custodians upon showing a distinct need based on the size, complexity, and issues of this specific case.

---

    the Protective Order permitted access by up-to three in-house counsel from a Receiving Party, just as Caltech proposes in this case, without any of the new restrictions Defendants' seek to impose here.
Docket No. 90 at page 3 of 11.

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk JG |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 16-3714-GW(AGRx) | Date | January 17, 2017 |
| Title | *The California Institute of Technology v. Broadcom Limited, et al.* | Page | 3 of 3 |

4) ESI - date limitation

    Defendants want to limit discovery of post-complaint documents, which makes sense, but their proposed provision is too broad: *i.e.* "documents (whether ESI or otherwise) that were created after May 26, 2016 - the date on which the complaint in this case was filed - shall not be subject to discovery, including without limitation this preservation obligations of this section."
    The Court would find Caltech's proposal (that documents subject to attorney-client privilege or work product immunity after May 26, 2016 need not be logged on a privilege log) is more conservative. The Court would also deny Defendant's proposal of not preserving anything after the date of the Complaint.

Conclusion: Eliminate or heavily edit proposed section 13(b)


    In light of the Court's responses herein, the parties will jointly meet to prepare a final version of the protective and ESI order and provide the Court with it by January 20, 2017. If the parties cannot agree, they are to submit by noon on January 19 a joint document with the language that is agreed upon in one font and the parts on which the parties cannot agree in different fonts depending upon the proffering party. The Court will sign off on a final version by January 23.