UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 16-3714-GW(AGRx)** | Date | March 2, 2017 |
| Title | ***The California Institute of Technology v. Broadcom Limited, et al.*** | Page | 1 of 4 |

Present: The Honorable   **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS – RULING ON DEFENDANTS' MOTION TO STAY PENDING *INTER PARTES* REVIEW [107]**

On May 26, 2016, Plaintiff The California Institute of Technology commenced this action and currently alleges patent infringement claims against Defendants Broadcom Limited, Avago Technologies Limited, Broadcom Corporation, Apple Inc. ("Apple"), and Cypress Semiconductor. *See* Docket No. 1; First Amended Complaint ("FAC"), Docket No. 36. Plaintiff claims that Defendants infringe the following patents issued by the United States Patent and Trademark Office ("USPTO") and owned by Plaintiff: (1) U.S. Patent No. 7,116,710 ("the '710 Patent"); (2) U.S. Patent No. 7,421,032 ("the '032 Patent"); (3) U.S. Patent No. 7,916,781 ("the '781 Patent"); and (4) U.S. Patent No. 8,284,833 ("the '833 Patent") (collectively, the "Asserted Patents"). *See* FAC ¶¶ 2-4. Defendants have raised several defenses, including the invalidity and non-infringement of the Asserted Patents. *See generally* Docket No. 47. Defendants now move to stay this action pending resolution of the *inter partes* review ("IPR") petitions filed by Apple with USPTO's Patent Trial and Appeal Board ("PTAB"), challenging validity of the Asserted Patents. *See* Motion to Stay ("Motion"), Docket No. 107; *see also* Defs.' Mem. in Supp. of the Motion ("Memo") at 3-4.

Shortly after Plaintiff served its preliminary infringement contentions on October 27, 2016, Apple filed multiple IPR petitions challenging the claims of the Asserted Patents as follows: the '710 Patent on November 15, 2016; the '781 Patent on December 12, 2016; the '032 Patent on January 20, 2017; and the '833 Patent on February 16, 2017. *See* Memo at 3-4. The PTAB has yet to institute the IPRs or initiate the related proceedings, but Defendants anticipate that these petitions will be instituted no later than July 3, 2017. *Id.* at 3.

The Leahy-Smith America Invents Act of 2011 ("AIA") provides for IPRs − adversarial proceedings instituted with the PTAB, "that allow[] a third party to ask the U.S. Patent and Trademark Office to reexamine the claims in an already-issued patent and to cancel any claim that the agency finds to be unpatentable in light of prior art." *Cuozzo Speed Techs., LLC v. Lee*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 16-3714-GW(AGRx)** | Date | March 2, 2017 |
| Title | *The California Institute of Technology v. Broadcom Limited, et al.* | Page | 2 of 4 |

136 S. Ct. 2131, 2133 (2016); *see generally* 35 U.S.C. §§ 311-319. Legislative history confirms that Congress desired to enhance the role of the USPTO and limit the burden on courts and parties by means of the IPR procedures. *Murata Machinery USA v. Daifuku Co.*, 830 F.3d 1357, 1362 (Fed. Cir. 2016). The AIA does not, however, include a general stay provision for the IPR. But the Federal Circuit has instructed that "[a]ttendant to the district court's inherent power to stay proceedings is the court's discretionary prerogative to balance considerations" when ruling on a motion to stay. *Murata Machinery*, 830 F.3d at 1362; *see also Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination."); 4 Donald S. Chisum, *Chisum on Patents* § 11.07 (Matthew Bender) ("Courts acknowledge their inherent authority to grant stays but emphasize that the granting of stays is discretionary.") (citations omitted).

The court's discretion in deciding whether to stay an action pending an IPR is typically guided by three significant factors: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Aten Int'l Co., Ltd v. Emine Tech. Co., Ltd.*, No. SACV 09-0843 AG (MLGx), 2010 WL 1462110, at *6 (C.D. Cal. Apr. 12, 2010) (quoting *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006)); *Murata Machinery*, 830 F.3d at 1361; *see also Semiconductor Energy Lab. Co., Ltd. v. Chimei Innolux Corp.*, No. SACV 12-0021 JST (JPRx), 2012 WL 7170593, at *1 & n.1 (C.D. Cal. Dec. 19, 2012) (stating that the same three-factor framework for staying the case applies regardless of whether a request for reexamination or an IPR is pending); Peter S. Menell et al., Fed. Judicial Ctr., *Patent Case Management Judicial Guide* ("Menell") § 2.2.6.4.2 (3d ed. 2016).

The inquiry, however, is not limited to these factors and "the totality of the circumstances governs." *Allergan Inc. v. Cayman Chem. Co.*, No. SACV 07-01316 JVS (RNBx), 2009 WL 8591844, at *2 (C.D. Cal. Apr. 9, 2009) (citation omitted). The factors do "not capture every relevant consideration." *See Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1035 (C.D. Cal. 2013). Indeed, another important consideration is a district court's ability to control its docket to ensure that cases are managed in the interest of justice.[1] *Id.* Here, the Court is concerned that allowing the progress of its docket to depend on the status of proceedings at the PTAB (particularly when the PTAB has yet to decide whether it will review the Asserted Patents) can interfere with its obligation "to secure the just, speedy, and inexpensive

---

[1] A district court has the inherent power to control its own docket, including the power to stay proceedings before it. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 16-3714-GW(AGRx)** | Date | March 2, 2017 |
| Title | *The California Institute of Technology v. Broadcom Limited, et al.* | Page | 3 of 4 |

determination of every action." Fed. R. Civ. P. 1. One wonders about the need or desirability of a stay when the IPR petitions have not yet been granted and there is no indication as to which, if any, of the patent claims will be actually reexamined the PTAB. Indeed, "[i]f litigation were stayed every time a claim in suit undergoes reexamination, federal infringement actions would be dogged by fits and starts. Federal court calendars should not be hijacked in this manner." *Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*, No. C 06-04206 WHA, 2007 WL 1052883, at *1 (N.D. Cal. Apr. 5, 2007).[2] As such, until PTAB decides whether it will institute the IPRs, a stay of this action would appear to be unwarranted. *See* Menell § 2.2.6.4.2 ("Because the PTAB has six months to decide whether to institute an IPR proceeding after a petition is filed, [35 U.S.C.] § 314(b), and the scope of the proceeding will not be known until it is instituted, many courts have expressed reluctance to stay a case merely on the filing of a petition.") (citing, among other cases, *Dane Techs., Inc. v. Gatekeeper Sys., Inc.*, No. CIV. 12-2730 ADM/AJB, 2013 WL 4483355, at *2 (D. Minn. Aug. 20, 2013); *Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, No. 13-CV-346-BBC, 2013 WL 6044407, at *3 (W.D. Wis. Nov. 14, 2013)); *see also Anglefix Tech, LLC v. Smith & Nephew, Inc.*, No. 213CV02281JPMTMP, 2013 WL 12049110, at *1-2 (W.D. Tenn. Dec. 27, 2013) (denying a stay as premature where the USPTO had not yet granted defendant's petition for reexamination). As stated by Judge William C. Bryson in *Trover Group, Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *5 (E.D. Tex. Mar. 11, 2015):

> Since the enactment of the America Invents Act ("AIA"), district courts have encountered a flood of stay requests pending either CBM review or inter partes review. Although, as the Federal Circuit noted, some district courts have granted stays even before the PTAB has granted the petition for review, the majority of courts that have addressed the issue have postponed ruling on stay requests or have denied stay requests when the PTAB has not yet acted on the petition for review. [Myriad cited cases omitted.]

---

[2] As observed in *Drink Tanks Corp. v. GrowlerWerks*, Inc., No. 3:16-cv-410-SI, 2016 WL 3844209, at *4 (D. Or. July 15, 2016):
> Importantly, however, the PTO has not yet decided whether it will grant or reject review, which creates uncertainty about whether a stay would simplify issues in this case. Although waiting until December 2016, when the PTO must decide whether to institute IPR, "guarantees six months of delay, it does not necessarily guarantee six months' worth of clarity." *SenoRx, Inc. v. Hologic, Inc.*, 2013 WL 144255, at *9 n.11 (D. Del. Jan. 11, 2013).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 16-3714-GW(AGRx) | Date | March 2, 2017 |
| Title | *The California Institute of Technology v. Broadcom Limited, et al.* | Page | 4 of 4 |

Judge Bryson also noted that, in the Eastern District of Texas, "when the PTAB has not yet acted on a petition for inter partes review, the courts have uniformly denied motions for a stay." *Id.*, 2015 WL 1069179, at *6.³

For the above stated reasons, the Motion is denied without prejudice. Additionally, the Court finds that the Motion can be decided without further briefing and without oral argument from counsel pursuant to C.D. Cal. L.R. 7-15. Hence, the hearing date of March 27 on said Motion is taken off calendar.

---

³ The Federal Circuit, in the context of whether a stay should be granted pending a "covered business methods" review by the PTAB, stated:
> We note at the outset that it was not error for the district court to wait until the PTAB made its decision to institute CBM review before it ruled on the motion. Indeed, while some district courts ruled on motions to stay before the PTAB granted the petition for post-grant review, *see, e.g., Intertainer, Inc. v. Hulu, LLC*, No. 13–cv–5499, 2014 WL 466034, at *1 (C.D.Cal. Jan. 24, 2014), others have waited until post-grant review was instituted, and still others denied as premature the motion to stay without prejudice to refiling after institution of post-grant review, *see, e.g., Checkfree Corp. v. Metavante Corp.*, No. 12–cv–15, 2014 WL 466023, at *1 (M.D.Fla. Jan. 17, 2014). We express no opinion on which is the better practice. While a motion to stay could be granted even before the PTAB rules on a post-grant review petition, no doubt the case for a stay is stronger after post-grant review has been instituted.

*VirtualAgility, Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1315-16 (Fed. Cir. 2014).