UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3714-GW (AGRx) | Date | May 1, 2017 |
|---|---|---|---|
| Title | *The California Institute of Technology v. Broadcom Limited, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | Katie Thibodeaux | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Todd M. Briggs<br>James R. Asperger | James P. Dowd |

**PROCEEDINGS:** DEFENDANTS' MOTION TO DISQUALIFY DR. MATTHEW SHOEMAKE [103]

The Court's Ruling is circulated and attached hereto. Court hears further oral argument. Defendants' motion to disqualify [103] is DISMISSED.

Court and counsel confer scheduling. The Tutorial Hearing set for May 17, 2017 is continued to June 15, 2017 at 8:30 a.m. The Claim Construction Hearing is set for June 29, 2017 at 8:30 a.m.

| | : | 25 |
|---|---|---|
| | Initials of Preparer | JG |

*The California Institute of Technology v. Broadcom Limited et al.*; Case No. 2:16-cv-03714-GW-AGR
Ruling on Defendants' Motion to Disqualify Expert

On May 26, 2016, Plaintiff The California Institute of Technology commenced this action against Defendants Broadcom Limited, Broadcom Corporation (together with Broadcom Limited, "Broadcom"), Avago Technologies Limited, Apple Inc. ("Apple"), and Cypress Semiconductor. *See* First Amended Complaint ("FAC"), Docket No. 36; *see also* Docket No. 1. Plaintiff asserts infringement of its patented irregular repeat and accumulate ("IRA") error correction code technology. *See generally* FAC; *see also* Tentative Ruling ("Order") at 2-4, Docket No. 171.

On February 22, 2017, Defendants moved to disqualify Dr. Matthew Shoemake ("Shoemake") from serving as Plaintiff's expert witness in this matter. *See* Defs.' Motion to Disqualify Expert ("Motion"), Docket No. 103. On April 20, 2017, the Court heard the parties on the Motion, and tentatively ruled that Defendants did not meet their burden to show confidential disclosures to Shoemake relevant to IRA correction code that could warrant a disqualification. *See* Order at 5-9. The Court, however, allowed Defendants a further opportunity to present additional specific confidential communications, context, and evidence in support of the Motion.

On April 24, 2017, Defendants submitted supplemental materials *in camera*, which they characterize as confidential information received by Shoemake in connection with his prior work with Apple and Broadcom. *See generally* Docket No. 172. The Court has reviewed the supplemental evidence and does not find that Defendants have adduced any significant new evidence that demonstrates specific and unambiguous disclosures to Shoemake relevant to this litigation that could prejudice them and that would warrant his disqualification. For example, Defendants submit evidence to show Shoemake's engagement with Broadcom, but admit that his engagement involved wireless technology or Wi-Fi standard generally (*see id.* at 5:7-11), not the IRA error correction codes at issue here. Similarly, Defendants point to the source code related to U.S. Patent No. 5,282,222 (*see id.* at 11-12), a patent that claims technology unrelated to error correction codes, let alone IRA codes claimed in the patents asserted in this litigation. *See also* Order at 6. The Court has already considered and rejected such generalized assertions. *See id.* at 5-9. In light of the foregoing, the Court concludes that Defendants fail to establish that any confidential information *relevant to this action* was disclosed to Shoemake to warrant his disqualification in this action, and adopts the tentative ruling on the Motion as its final ruling.

The Motion is dismissed.