QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
James R. Asperger (Bar No. 083188)
jimasperger@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Plaintiff
CALIFORNIA INSTITUTE OF TECHNOLOGY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CALIFORNIA INSTITUTE OF TECHNOLOGY,<br><br>Plaintiff,<br><br>vs.<br><br>BROADCOM LIMITED, BROADCOM CORPORATION, AVAGO TECHNOLOGIES LIMITED, APPLE INC., AND CYPRESS SEMICONDUCTOR CORPORATION,<br><br>Defendants. | CASE NO. 2:16-cv-3714-GW (AGRx)<br><br>**SUPPLEMENTAL JOINT CLAIM CONSTRUCTION STATEMENT WITH '781 CLAIM TERMS AND CONSTRUCTIONS**<br><br>Crtrm.: 9D, 350 West 1st Street<br><br>The Hon. George H. Wu<br><br>Tutorial Date:   June 15, 2017<br>Hearing Date:   June 29, 2017 |

Plaintiff The California Institute of Technology ("Caltech") and Defendants Broadcom Limited, Broadcom Corporation, Avago Technologies Limited, Apple Inc., and Cypress Semiconductor Corporation (collectively, "Defendants") hereby submit this Supplemental Joint Claim Construction Statement With '781 Claim Terms and Constructions pursuant to the Court's May 10, 2017 Order Regarding Claim Construction Schedule (Dkt. No. 188).[1]

**Plaintiff's Statement**

Pursuant to the parties' May 5, 2017 stipulation regarding the claim construction schedule for claim terms from the '781 patent and the Court's May 10, 2017 order adopting the parties' schedule, which explicitly required the parties to "Exchange '781 Claim Terms for Construction" on May 5, 2017 and "Exchange Preliminary '781 Claim Constructions" on May 10, 2017 (Dkt. Nos. 187-188), Caltech identified claim terms from the asserted claims of the '781 patent for construction. Despite the fact that the parties agreed to this process, Defendants now take the nonsensical position that Caltech should have identified all of its '781 terms when the parties initially exchanged constructions on January 19, 2017. If that were the case, there would have been no reason to engage in this supplemental claim construction process in the first place.

In its May 5, 2017 "Exchange [of] '781 Claim Terms for Construction," Caltech identified several '781 claim terms in response to claim construction arguments Defendants raised outside of the claim construction proceedings. Specifically, Defendants argued in their Motion for Summary Judgment of Invalidity of the '781 Patent under 35 U.S.C. § 101 that the asserted claims of the

---

[1] The parties completed briefing on disputed terms relating to the '710, '032, and '833 patents on April 13, 2017. (Dkt. No. 64.) During a telephone conference with the Court held on March 6, 2017, the Court determined that disputed terms relating to the '781 patent would be briefed after the Court's hearing on Defendants' Motion for Summary Judgment under 35 U.S.C. § 101 (Dkt. 108).

'781 patent were limited to mathematical operations. (Dkt. No. 109.) Because Defendants' position is contradicted by the plain and ordinary meaning of numerous terms in asserted claims of the '781 patent and Defendants failed to properly raise this claim construction position when the parties initially exchanged claim terms for construction on January 19, 2017, Caltech identified several new terms for construction. The new '781 terms Caltech identified all raise *the same claim construction dispute*: whether the claims are limited to "electronic circuitry, computer hardware, and/or computer software" as Caltech contends or whether they are abstract mathematical operations as Defendants contend. Thus, these terms would only require the Court to address one additional claim construction dispute.

**Defendants' Statement**

Defendants propose only one '781 patent term for construction, the same term Defendants identified in their disclosures pursuant to Dkt. No. 64 and in the parties' Amended Joint Claim Construction Statement dated March 8, 2017 (Dkt. 125): "said second encoding operation producing at least a portion of a codeword" / "the encoding operation generating at least a portion of a codeword" (and variants). All other terms identified below are proposed by Plaintiff.

Defendants object to Plaintiff's proposed terms "outputting," "information bits," "signal," and "encoding operation" / "encoding" because each of these terms appear in claims of U.S. Patent Nos. 7,116,710; 7,421,032; and/or 8,284,833. The "outputting" term appears in '710 patent claims 15, 24, 25, and 33 and '032 patent claim 13. The "information bits" term appears in all '833 patent claims. The "signal" term appears in '710 claims 1-14. And the "encoding operation" / "encoding" term appears in all '710 patent claims, all '833 patent claims, and '032 patent claims 11-23. Pursuant to Dkt. No. 64, Plaintiff was thus required to identify any dispute with respect to these terms on January 19, 2017, to serve its proposed constructions for these terms on February 9, 2017, and to submit a Joint Claim

Construction Statement to the Court that contained Plaintiff's constructions for these terms on February 23, 2017. Plaintiff failed to identify any of these four terms in any of these required disclosures. Because briefing is now complete for each of the '710, '032, and '833 patents, Plaintiff's failure to identify these terms as required by Dkt. No. 64 is prejudicial to Defendants.

Plaintiff's attempt to excuse its tardy disclosure of these '710, '032 and '833 patent terms by citing Defendants § 101 motion is belied by the briefing schedule for that motion. Briefing on Defendants' Motion for Summary Judgment Under 35 U.S.C. § 101 was completed by April 3, 2017 (Dkt. 159), ten days before the parties' responsive claim construction briefs were filed on April 13, 2017. (Dkts. 167, 168.) If the § 101 briefing truly raised an "additional dispute" as Plaintiff now suggests, Plaintiff could have (and should have) raised that dispute by no later than its responsive claim construction brief. It did not do so. Nor did Plaintiff identify a claim construction issue with these terms in its Opposition to Defendants' Motion for Summary Judgment Under 35 U.S.C. § 101.

Defendants further object to the extent that, by now proposing "additional" terms that Plaintiff failed to identify as required by Dkt. No. 64, Plaintiff seeks to present more than 10 terms total for construction without leave of Court. (9/26/16 Hr'g Tr. at 16:14-20 ("[I]f it is more than ten [terms for construction], you are going to have to get permission from me that I will agree that I will hear more than ten even if you reached a stipulation.").)

| Claim Term(s)[2] | Patent Claim(s) | Caltech's Construction | Defendants' Construction |
|---|---|---|---|
| "said second encoding operation producing at least a portion of a codeword" / "the | '781 patent, all claims | Plain and ordinary meaning; no construction | "the encoding operation produces at least a portion of the bits transmitted |

---

[2] Only the first two terms in this chart were identified in the First Amended Joint Claim Construction Statement (Dkt. No. 125).

| Claim Term(s)[2] | Patent Claim(s) | Caltech's Construction | Defendants' Construction |
|---|---|---|---|
| encoding operation generating at least a portion of a codeword" (and variants) | | necessary. | on a channel" |
| "at least two of the information bits appear in three subsets" | '781 patent, claims 8, 19 | "at least two, but not all, of the information bits appear in exactly three subsets." | Plain and ordinary meaning, no construction necessary. |
| "outputting" | '781 patent, claims 2-12, 14-16, 21-22 | Plain meaning. The plain meaning refers a process that takes place in electronic circuitry, computer hardware, and/or computer software. | Plain and ordinary meaning, no construction necessary. |
| "information bits" | '781 patent, all claims | Plain meaning. The plain meaning refers to data elements used in electronic circuitry, computer hardware, and/or computer software. | "binary digits (i.e., 1s and/or 0s) that represent information" |
| "signal" | '781 patent, claims 3-12, | Plain meaning. | Plain and ordinary meaning, no |

| Claim Term(s)[2] | Patent Claim(s) | Caltech's Construction | Defendants' Construction |
|---|---|---|---|
| | 13-19 | The plain meaning refers to an electrical quantity used in electronic circuitry, computer hardware, and/or computer software. | construction necessary. |
| "encoding operation" / "encoding" | '781 patent, claims 3-19 | Plain meaning.<br><br>The plain meaning refers to a process that takes place in electronic circuitry, computer hardware, and/or computer software. | *See* "said second encoding operation producing at least a portion of a codeword" / "the encoding operation generating at least a portion of a codeword" above. No separate construction necessary. |
| "codeword" | '781 patent, all claims | Plain meaning.<br><br>The plain meaning refers to data elements generated by electronic circuitry, computer hardware, and/or computer software. | *See* "said second encoding operation producing at least a portion of a codeword" / "the encoding operation generating at least a portion of a codeword" above. No separate construction necessary. |

| Claim Term(s) | Patent Claim(s) | Caltech's Construction | Defendants' Construction |
|---|---|---|---|
| "accumulation operation" / "accumulation"[3] | '710 patent, claims 11-14, 22<br><br>'032 patent, claims 13-17<br><br>'833 patent, all claims<br><br>'781 patent, claims 1-19 | Plain meaning.<br><br>The plain meaning refers to a process that takes place in electronic circuitry, computer hardware, and/or computer software. | "a process in which (a) the first output bit equals the first input bit [or the sum of a first set of input bits]; and (b) for all subsequent bits, the current output bit equals the mod-2 sum of the prior output bit and the current input bit[s]" |

---

[3] **Plaintiff's Position**: Although the parties addressed the term "accumulation" in the briefs previously submitted to the Court, Caltech contends that Defendants' Motion for Summary Judgment Under 35 U.S.C. § 101 identified an additional dispute with respect to the term.  This additional dispute – whether the claims are limited to "electronic circuitry, computer hardware, and/or computer software" as Caltech contends or whether they are abstract mathematical operations as Defendants contend – is not addressed in the parties' existing claim construction briefs.

**Defendants' Position**: Defendants disagree that "accumulation" requires further briefing.  The parties' existing briefs fully address the construction of this term, and Plaintiff's existing briefs specifically assert that its argument on this term applies equally to the '781 patent. (Dkt. 128 at 16; Dkt. 167 at 10.)  Moreover, as noted above, briefing on Defendants' Motion for Summary Judgment Under 35 U.S.C. § 101 was completed by April 3, 2017 (Dkt. 159), ten days before the parties' responsive claim construction briefs were filed on April 13, 2017. (Dkts. 167, 168.)  If the § 101 briefing truly raised an "additional dispute" as Plaintiff now suggests, Plaintiff could have (and should have) raised that dispute by no later than its responsive claim construction brief.  It did not do so.  Nor did Plaintiff ever identify a claim construction issue with the "accumulation" claim term (or any other newly identified term listed above) in its Opposition to Defendants' Motion for Summary Judgment Under 35 U.S.C. § 101.  Plaintiff's attempt to relitigate this term prejudices Defendants' ability to fully address disputed terms specific to the '781 patent.

The parties respectfully reserve the right to amend, correct, or supplement their respective claim construction positions in response to any change of position by another party or for other good cause.

DATED: May 12, 2017              Respectfully submitted,


By /s/ *Todd. M. Briggs*
    Todd M. Briggs
    toddbriggs@quinnemanuel.com
    QUINN EMANUEL URQUHART & SULLIVAN, LLP
    555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, California 94065
    Telephone: (650) 801-5000
    Facsimile: (650) 801-5100
    *Attorneys for Plaintiff California Institute of Technology*


By /s/ *Mark D. Selwyn*

| | |
|---|---|
| 1 | Mark D. Selwyn |
| 2 | WILMER CUTLER PICKERING HALE AND DORR LLP |
| 3 | Mark.Selwyn@wilmerhale.com |
| 4 | 950 Page Mill Road |
|   | Palo Alto, California 94304 |
| 5 | Telephone: (650) 858-6031 |
|   | Facsimile: (617) 526-5000 |
| 6 | |
| 7 | James M. Dowd |
|   | James.Dowd@wilmerhale.com |
| 8 | Aaron Thompson |
| 9 | Aaron.Thompson@wilmerhale.com |
|   | 350 South Grand Avenue, Suite 2100 |
| 10 | Los Angeles, California 90071 |
| 11 | Telephone: (213) 443-6309 |
|    | Facsimile: (213) 443-5400 |
| 12 | |
| 13 | Attorneys for Defendants and Counter-Claim Plaintiffs *Broadcom Limited, Broadcom Corporation, Avago Technologies Limited, Apple Inc., and Cypress Semiconductor Corporation* |

**FILER'S ATTESTATION OF CONCURRENCE**

Pursuant to Civil L.R. 5-4.3.4(a)(2) relating to documents requiring multiple signatures, I, Todd M. Briggs, attest that all other signatories concur in the content of the foregoing document and authorize the filing of the same.

DATED: May 12, 2017                QUINN EMANUEL URQUHART & SULLIVAN, LLP


By */s/ Todd M. Briggs*

*Attorneys for Plaintiff California Institute of Technology*