WILMER CUTLER PICKERING
HALE AND DORR LLP
Mark D. Selwyn
Mark.Selwyn@wilmerhale.com
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6031
Facsimile: (617) 526-5000

WILMER CUTLER PICKERING
HALE AND DORR LLP
James M. Dowd
James.Dowd@wilmerhale.com
350 South Grand Avenue, Suite 200
Los Angeles, CA 90071
Telephone: (213) 443-6309
Facsimile: (617) 526-5000

Attorneys for Broadcom *Broadcom Limited, Broadcom Corporation, Avago Technologies Limited, Apple Inc., Broadcom Inc., and Cypress Semiconductor Corporation*

*Additional Counsel Listed On Signature Page*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CALIFORNIA INSTITUTE OF TECHNOLOGY,<br><br>Plaintiff,<br><br>vs.<br><br>BROADCOM LIMITED, BROADCOM CORPORATION, AVAGO TECHNOLOGIES LIMITED, BROADCOM INC., AND CYPRESS SEMICONDUCTOR CORPORATION,<br><br>Defendants. | CASE NO. 2:16-cv-3714-GW-AGRx<br><br>**JOINT SUBMISSION ON DEFENDANTS' MOTION TO CLARIFY SCHEDULE AND MINUTE ORDER**<br><br>Ctrm: 10, Spring Street Floor<br>Judge: Hon. George H. Wu<br>Hearing Date (if necessary):<br>September 11, 2017<br>Time: 8:30 AM<br>Place: Courtroom 9D |

| | |
|---|---|
| 1 | BROADCOM CORPORATION and APPLE INC., |
| 2 | Counterclaim-Plaintiffs, |
| 3 | v. |
| 4 | THE CALIFORNIA INSTITUTE OF TECHNOLOGY |
| 5 | |
| 6 | Counterclaim-Defendant. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

After the Court issued its July 31, 2017 Minute Order setting certain dates (Dkt. 218), Broadcom Limited, Broadcom Corporation, Avago Technologies Limited, Apple Inc., and Cypress Semiconductor Corporation (collectively, "Defendants") identified differences between the Court's minute order and what it stated during the July 31, 2017 Hearing.  Defendants requested that the California Institute of Technology ("Plaintiff") join a motion to clarify the schedule, but Plaintiff disagreed on the grounds that the Minute Order was clear and did not require clarification.  However, the Parties agreed to jointly submit the issue to the Court.  While the parties do not believe a hearing on this joint submission is necessary, if the Court desires a hearing, the Parties respectfully request a hearing on Monday, September 11, 2017 at 8:30 AM.

**DEFENDANTS' POSITION**

Defendants respectfully move for clarification of the Court's July 31, 2017 Scheduling Conference Minute Order.  (Dkt. 218.)  As explained below, the Minute Order differs in important respects from the directions that the Court issued to the parties from the bench at the July 31, 2017 hearing.[1]

**I.  DIFFERENCES BETWEEN THE COURT'S DIRECTION AT THE JULY 31, 2017 HEARING AND THE SUBSEQUENT MINUTE ORDER**

The Court's Minute Order differs from the Court's directions to the Parties during the July 31, 2017 hearing in the following important respects:

- <u>The Parties' Agreed Dates.</u>  The Court stated during the hearing that it agreed with the various case schedule dates that the parties had jointly proposed; however, the Minute Order does not include any of those dates. (*See* Ex. 2, Transcript from 7/31/17 Scheduling Conference at 3:15-18 ("I

---

[1] Defendants identified these differences to Caltech on August 8, and asked Caltech to agree to a joint motion to clarify.  (Ex. 1, 8/8/2017 Email from Thompson to Briggs.)  Caltech agreed that the "order differs from the transcript," but did not wish to seek clarification.  (Ex. 1, 8/15/2017 Email from Briggs to Defendants re joint motion for clarification.)

1    have seen the joint scheduling report, and I will agree with the parts that the
2    parties are agreeing upon.").)

- Joint Submission Addressing Whether Defendants, Rather Than Caltech, Should Identify "Representative Products."  During the hearing, the Court instructed the parties to meet and confer and file a joint submission on whether it should be the burden of Defendants, rather than Plaintiff, to identify "representative products."  (Ex. 2, Transcript from 7/31/17 Scheduling Conference at 7:15-9:1 ("I want the Parties to meet and confer . . . . If you can't reach an agreement, then give me a . . . single document.  I will limit it to, let's say 10 pages, 5 pages for each side, state what [your] position is.").)  However, the Minute Order instead requires a joint report on "the asserted claims of infringement," and is silent on a joint submission regarding identification of representative products.  (*See* Dkt. No. 218 ("The parties are to meet and confer and submit a joint report no longer than 10 pages (5 pages per side) and list in order of preference the asserted claims of infringement on or before November 9, 2017.").)

- Resolution of Plaintiff's Asserted Claims and Defendants' Prior Art.  The Minute Order requires that the Parties "list in order of preference the asserted claims of infringement on or before November 9, 2017."  (Dkt. No. 218.)  However, the Court instructed from the bench that it would resolve Plaintiff's Asserted Claims by October 23, 2017 and resolve Defendants' list of asserted prior art by November 9, 2017.  (*See* Ex. 2, Transcript from 7/31/17 Scheduling Conference at 13:14-14:2 ("So why don't we say since you are giving me that stuff on October the 11th, why don't I put that one for the 23rd of October to resolve. . . [W]hy don't we put that one for November 9th to be resolved".)

## II. CLARIFYING THE SCHEDULE IS APPROPRIATE TO AVOID CONFUSION

It would promote efficiency and avoid potential future confusion if the Court could clarify its Minute Order.  In particular, the Court's instructions at the July 31, 2017 hearing would be a sound procedure to resolve the dispute regarding identification of "representative products" and the number of asserted claims and prior art.

For example, during the hearing, the Court appeared to adopt the Parties' jointly proposed dates stating that it "agree[d] with the parts that the parties are agreeing upon." (Ex. 2, Transcript from 7/31/17 Scheduling Conference at 3:15-19.)  Those agreed upon dates included deadlines such as a post-mediation status conference, the close of fact discovery, and the exchange of expert reports.  (Dkt. 217 at 2.)  However, while the Scheduling Conference Minute Order sets certain dates, it omits the dates that the Parties had jointly proposed.  (*See* Dkt. 218.)  Accordingly, it is unclear whether the Court has adopted the Parties' agreed dates, or if the only dates that the Court set are those that are identified in the Minute Order.

Plaintiff offers no way to reconcile these differences, and indeed, if Plaintiff is correct that the Order requires no clarification, then by its plain meaning the only dates on calendar are the eight dates in the Order.  Accordingly, there are no scheduled dates for the post-mediation status conference, the close of fact discovery, and the exchange of expert reports.  Based on the Court's comments during the hearing, this does not appear to be the Court's intent.  Clarification is necessary to confirm what dates the Court set.

In addition, the Minute Order does not address the Court's direction to resolve the parties' dispute on whether it is appropriate for Defendants to serve an identification of "representative products." (*See* Ex. 2, Transcript from 7/31/17

3
JOINT SUBMISSION ON DEFENDANTS' MOTION TO CLARIFY
CASE NO. 2:16-cv-3714-GW-AGRx

1  Scheduling Conference at 6:1-9:1.)  At the hearing, Defendants argued that it is
2  ordinarily the plaintiff's burden to identify representative products, not the
3  defendants'.  (Ex. 2, Transcript from 7/31/17 Scheduling Conference at 6:13-6:15.)
4  Moreover, based on the discovery provided by Plaintiff to date, it would not be
5  possible for Defendants to identify representative products because Plaintiff has
6  never explained how it is "reading the patents onto the particular implementation at
7  issue." (Ex. 2, Transcript from 7/31/17 Scheduling Conference at 6:23-7:15.)
8  Accordingly, the Court ruled at the hearing that the Parties were to meet and
9  confer, and if no agreement could be made, then the Parties were to submit a single
10 10-page document setting forth the Parties' respective positions so that the Court
11 could decide the dispute.  (Ex. 2, Transcript from 7/31/17 Scheduling Conference
12 at 8:19-9:3.)  However, the Minute Order only states that the Defendants are "to
13 serve Identification of Representative Products" by September 29, 2017.  (Dkt.
14 218.)

15 Plaintiff's request below that the Defendants "identify the representative
16 LDPC encoder and decoder code by September 29, 2017" illustrates the problem.
17 Plaintiff has not identified a single one of Defendants' technical documents in its
18 infringement contentions.  To require Defendants to identify "representative LDPC
19 encoder and decoder code" before Plaintiff identifies the source code it contends
20 show infringement turns the burden of proving infringement on its head.

21 **III. CONCLUSION**
22 Defendants respectfully request that the Court clarify its rulings from the
23 Minute Order of the July 31, 2017 Scheduling Conference.  As support for this
24 Motion to Clarify, Defendants have attached a proposed schedule (Attachment A)
25 for the Court's consideration.

**PLAINTIFF'S POSITION**

Caltech does not believe that this motion to clarify is necessary or appropriate, but agreed to this joint submission to attempt to resolve this dispute. Caltech has carefully reviewed the Court's July 31, 2017 Order (Dkt. No. 218) ("Order") and the transcript from the July 31, 2017 hearing and believes that the Order is clear and consistent with the Court's desire to narrow the issues going forward. To the extent the Order differs from the transcript, Caltech understands that this reflects the Court's further consideration of the issues and its availability for a further hearing. Accordingly, Caltech does not believe that there is any need to reconsider or otherwise modify the dates set forth in the Court's Order, which are set forth below.

| Event | Date |
| --- | --- |
| Plaintiff to serve Final Identification of Accused Products | September 15, 2017 |
| Defendant to serve Identification of Representative Products | September 29, 2017 |
| Plaintiff to serve Final Identification of Asserted Claims | October 11, 2017 |
| Defendant to serve Identification of Prior Art | October 31, 2017 |
| Joint Status Report Identifying Preference of Asserted Claims For Infringement | November 9, 2017 |
| Status Conference | November 16, 2017 |

**Jointly Proposed Dates**

Regarding the dates agreed upon by the parties set forth in the Joint Scheduling Report (Dkt. 217), the Court clearly stated that it "will agree with the parts that the parties are agreeing upon." (Ex. 2, Transcript from 7/31/17 Scheduling Conference at 3: 17-18). The schedule is in the record. Caltech does

not believe there is any confusion on the dates set forth in the Joint Scheduling Report as the parties and the Court have all agreed to those dates.

**Defendants' Identification Of Representative Products**

Caltech disagrees with Defendants' assertion that "the Minute Order does not address the Court's direction to resolve the parties' dispute on whether it is appropriate for Defendants to serve an identification of 'representative products.'" The Order is clear that under the current schedule, Defendants will provide a list of representative products by September 29, 2017.

Under the guise of this "Motion to Clarify," Defendants restate the arguments they provided at the Scheduling Conference and seek to relitigate this issue, despite the Court's consideration of the arguments at the hearing and issuance of the Order. Defendants claim that they cannot provide this information until Caltech provides final infringement contentions with citations to Broadcom's source code, but Defendants already have all of the detail needed to provide this list.

The asserted claims are directed to two distinct portions of source code in Defendants' products – LDPC encoder source code and LDPC decoder source code. Defendants do not create new LDPC encoder or decoder source code for each of their products. Rather, they use a limited number of different versions of LDPC encoder and decoder source code across many of their products. Indeed, Defendants have made this representation to the Court:

> MR. DOWD: Your Honor, if I could briefly. This is Jim Dowd for the defendants. . . .
> Mr. Briggs referenced some 3,500 model numbers, and I want to address that because I've already related to Your Honor how the specific portion of the code that is at issue is just the LDPC code. There are different model numbers because there are differences outside of the LDPC code. ***There aren't 3,500 different***

> ***LDPC codes. In fact, there's just one standard that has the LDPC code, and there's a very discrete amount of code that has been written to create a proprietary instantiation of how to implement that standard, but it is a very small amount of code in total.*** So there's nowhere near the kind of size that Mr. Briggs was trying to suggest.

(Dec. 28, 2016 Hearing Tr., Dkt. 95, at 15:24-16:21) (emphasis added).

Caltech is simply requesting that Defendants provide a list of representative LDPC encoder and decoder source code for the hundreds of products accused of infringement in this case. This should not be a difficult task given Defendants' representations about the source code. It will promote judicial efficiency and economy in further proceedings and at trial.

Further, Defendants have already done much of this work to prepare their response to Caltech Interrogatory No. 11, which requested that Defendants "identify by name the LDPC encoder and LDPC decoder that is implemented in each LDPC Product." In response to that interrogatory, Defendants identified *common* LDPC encoder and decoder source code files used in the accused products in this case. (Defendants' August 7, 2017 Supplemental Responses to Caltech's Interrogatory No. 11.) Given this, there is no reason why Defendants cannot identify the representative LDPC encoder and decoder code by September 29, 2017 as required by the Order.

**Joint Report and Hearing**

Under the Order, the parties are required to file a joint status report on November 9, 2017 identifying the order of preference the asserted claims. Caltech believes that it is appropriate to identify preference of asserted claims at this time (and not an earlier date), since it falls after Caltech has prepared and served its final infringement contentions on October 20, 2017, and after Defendants have made their final identification of prior art on October 31, 2017. Thus, by

1  November 9, the parties will have the information needed to meaningfully discuss
2  with the Court the most appropriate way to narrow the issues moving forward.
3      It will also be more efficient and effective to have a single status conference
4  to address the number of asserted claims and asserted prior art references as set
5  forth in the Order because the issues relating to the narrowing and identification of
6  asserted claims and prior art references are closely interrelated related.
7  Consequently, only a single status conference on November 16, 2017 is necessary
8  as set forth in the Court's Order.

Dated: August 31, 2017

WILMER CUTLER PICKERING
HALE AND DORR LLP

By: /s/Mark Selwyn
Mark D. Selwyn
Mark.Selwyn@wilmerhale.com
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6031
Facsimile: (617) 526-5000

James M. Dowd
James.Dowd@wilmerhale.com
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: (213) 443-6309
Facsimile: (213) 443-5400

Attorneys for Broadcom Limited, Broadcom Corporation, Avago Technologies Limited, Apple Inc., Broadcom Inc., and Cypress Semiconductor Corporation

By: /s/Todd Briggs
Todd Briggs
toddbirggs@quinnemanuel.com
QUINN EMANUEL URQUHART &

| | |
|---|---|
| 1 | SULLIVAN, LLP |
| 2 | 555 Twin Dolphin Drive, 5th Floor |
|   | Redwood Shores, CA 94065 |
| 3 | Telephone:  (650) 801-5020 |
|   | Facsimile:  (650) 801-5100 |
| 4 | |

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filing party hereby attests that all signatories listed concur in this filing's content and have authorized this filing.

Dated:  August 31, 2017         WILMER CUTLER PICKERING
                                  HALE AND DORR LLP

                                By:  /s/Mark Selwyn
                                Mark D. Selwyn
                                Mark.Selwyn@wilmerhale.com
                                950 Page Mill Road
                                Palo Alto, CA 94304
                                Telephone:  (650) 858-6031
                                Facsimile:  (617) 526-5000