# Exhibit 1

| | |
|---|---|
| **From:** | Todd Briggs <toddbriggs@quinnemanuel.com> |
| **Sent:** | Tuesday, August 15, 2017 9:26 AM |
| **To:** | Thompson, Aaron; Caltech-BroadcomApple |
| **Cc:** | WH_Broadcom_Caltech_Service |
| **Subject:** | RE: Caltech v. Broadcom et al |

Aaron,

We have carefully reviewed the Court's order and the transcript from the July 31, 2017 hearing.  We believe the order is clear and consistent with the Court's desire to narrow the issues going forward.  To the extent the order differs from the transcript, we believe this reflects the Court's further consideration of the scheduling issues and its availability for a further hearing.  Accordingly, we do not believe that the motion you propose is appropriate.

Best Regards, Todd

**From:** Thompson, Aaron [mailto:Aaron.Thompson@wilmerhale.com]
**Sent:** Monday, August 14, 2017 2:18 PM
**To:** Caltech-BroadcomApple
**Cc:** WH_Broadcom_Caltech_Service
**Subject:** RE: Caltech v. Broadcom et al

Counsel:

Please let me know if you will agree to a joint motion.

Best regards,
Aaron Thompson

**From:** Thompson, Aaron
**Sent:** Thursday, August 10, 2017 7:10 PM
**To:** 'Caltech-BroadcomApple' <caltech-broadcomapple@quinnemanuel.com>
**Cc:** WH_Broadcom_Caltech_Service <WH_Broadcom_Caltech_Service@wilmerhale.com>
**Subject:** Caltech v. Broadcom et al

Counsel:

As you may have noticed, the Court's Minute Order (Dkt. 218) following the scheduling conference is different from what the Court instructed from the bench.

For example, the Minute Order omits the agreed dates from the joint schedule.

In addition, the Minute Order states that "[t]he parties are to meet and confer and submit a joint report no longer than 10 pages (5 pages per side)" regarding <u>asserted claims</u>, whereas the Court instructed from the bench that the parties meet and confer on whether defendants identify <u>representative products</u>. (*See* Tr. at 8:19-9:1.)  The Minute Order also requires that the parties "list in order of preference the asserted claims of infringement on or before November 9, 2017," whereas at the hearing the Court indicated that it would resolve Defendants' list of asserted prior art by November 9.  (*See* Tr. at 13:9-14:2.)

Further, the Minute Order does not require that the parties rank and describe the reasoning for their ranking for asserted claims and prior art, and does not include dates for responses to those rankings.  At the hearing, the Court set a date of October 11 for the Plaintiff to rank its claims, and October 31 for the Defendants to rank prior art.  No date was discussed for responses.

Finally, the Minute Order lacks dates for the resolution of those rankings, as set by the Court during the hearing.  Those dates should be October 23 and November 9, respectively.

Please let us know whether you will agree to a joint motion to clarify these issues.

Best regards,
**Aaron Thompson | WilmerHale**
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071 USA
+1 213 443 5382 (t)
+1 213 443 5400 (f)
aaron.thompson@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.