QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
James R. Asperger (Bar No. 083188)
jimasperger@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Todd M. Briggs (Bar No. 209282)
toddbriggs@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Plaintiff the California
Institute of Technology

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| The CALIFORNIA INSTITUTE OF TECHNOLOGY, a California Corporation, <br><br>          Plaintiff, <br><br>     vs. <br><br> BROADCOM LIMITED, BROADCOM CORPORATION, AVAGO TECHNOLOGIES LIMITED, APPLE INC., AND CYPRESS SEMICONDUCTOR CORPORATION <br><br>          Defendants. | CASE NO. 2:16-cv-3714-GW-AGRx <br><br> **CALTECH'S MOTION TO REPLACE ASSERTED CLAIMS** <br><br> Hon. George H. Wu <br> United States District Court Judge <br><br> Fact Discovery Cutoff:  Oct. 13, 2017 <br> Pretrial Conference:  Oct. 2, 2018 <br> Trial:  Oct. 16, 2018 |

Plaintiff California Institute of Technology ("Caltech") respectfully moves for replacement of its asserted claims pursuant to the Court's Order Re Ranking Of Asserted Claims ("Claim Ranking Order"), which states that "[i]f a party so chooses, it may move to replace one or more of the asserted claims as to its list delineated above with a different claim (or claims), for a total of six claims for Plaintiff and five claims for Defendants."  (Dkt. 322 at 3.)

## I.   PLAINTIFF'S SIX ASSERTED CLAIMS

In its November 13, 2017 Order, the Court selected the following six "Plaintiff's Claims" based on Caltech's :

1) '781 Patent, Claim 9

2) '032 Patent, Claim 17

3) '781 Patent, Claim 13

4) '032 Patent, Claim 3

5) '710 Patent, Claim 30

6) '781 Patent, Claim 5

(Dkt. 322 at 2.)

Caltech moves to replace Claim 30 of the '710 Patent (#5) and Claim 5 of the '781 Patent (#6) with Claim 18 of the '032 Patent and Claim 20 of the '710 Patent. The two replacement claims present separate and unique issues over the current list of six Plaintiff's Claims.  Replacement Claim 18 of the '032 Patent is the only claim from Plaintiff's list of 20 ranked asserted claims (Dkt. 306 at 4-14) that is solely directed to the accused decoders, as opposed to being directed to the accused encoders or combinations of accused encoders and decoders.  Replacement Claim 20 of the '710 Patent differs from presently selected Claim 30 of the '710 patent because Replacement Claim 20 is solely directed to the accused encoders and specifically addresses the accused "low-density generator matrix coder" feature of these encoders.  Claim 30 does not.  Thus, the replacement claims present separate and unique issues for at least infringement and supports Caltech's motion.

1    The ranking for the new set of Plaintiff's Claims are set forth below, with the

2    replacement claims emphasized:

3         1) '781 Patent, Claim 9

4         2) '032 Patent, Claim 17

5         3) ***'032 Patent, Claim 18***

6         4) '781 Patent, Claim 13

7         5) '032 Patent Claim 3

8         6) ***'710 Patent Claim 20***

9    For the foregoing reasons, Caltech respectfully requests that the Court grant

10   Caltech's motion for replacement of Plaintiff's Claims.

11   ## II.   DEFENDANTS' FIVE ASSERTED CLAIMS

12   Caltech appreciates the Court's desire to limit the number of claims to eleven

13   at this time for purposes of further proceedings, with the opportunity to add

14   additional claims later in this case.  Caltech, however, respectfully submits that there

15   are compelling reasons for revisiting whether defendants should have a role in

16   selecting any claims that Caltech will  rely on either at trial or in such further

17   proceedings.   Accordingly, intends to move for reconsideration of the Court's

18   November 13, 2017 Order – specifically on whether the Defendants should be

19   allowed to select five of the eleven asserted claims.   Caltech believes that

20   Defendants in their responsive brief materially mischaracterized the *Comcast Cable*

21   *Communications, LLC v. OpenTV, Inc.*, as allegedly providing authority for their

22   assertion that they should be able to select claims.  Caltech will address this issue in

23   detail in its motion for reconsideration.  In addition, to Caltech's knowledge, there is

24   no case that supports a process in which a defendant is permitted to select the patent

25   claims on which a plaintiff proceeds to trial.  Caltech will fully address these and

26   other issues that support modifying the Court's order to permit Caltech to select

27   each of the eleven claims that will be relied on in further proceedings and at trial,

28   and will file its motion for reconsideration early next week.  Caltech will further

request in its motion that the Court replace the five "Defendants' Claims" with the following:

      7) '781 Patent, Claim 22

      8) '781 Patent, Claim 5

      9) '032 Patent, Claim 11

      10) '710 Patent, Claim 23

      11) '781 Patent, Claim 6

DATED: November 17, 2017      Respectfully submitted,

By /s/ James R. Asperger
James R. Asperger
jimasperger@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

*Attorneys for Plaintiff California
Institute of Technology*