QUINN EMANUEL URQUHART
& SULLIVAN, LLP
James R. Asperger (Bar No. 083188)
jimasperger@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Todd M. Briggs (Bar No. 209282)
toddbriggs@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Plaintiff the California Institute of Technology

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

The CALIFORNIA INSTITUTE OF TECHNOLOGY, a California Corporation,

Plaintiff,

vs.

BROADCOM LIMITED, BROADCOM CORPORATION, AVAGO TECHNOLOGIES LIMITED, AND APPLE INC.,

Defendants.

CASE NO. 2:16-cv-3714-GW-AGRx

**CALTECH'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF VALIDITY**

Hon. George H. Wu
United States District Court Judge
Hearing Date: December 6, 2018
Time: 8:30 am
Place: Courtroom 9D

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56-2, Plaintiff California Institute of Technology ("Plaintiff" or "Caltech") submits the following Statement of Uncontroverted Facts and Conclusions of Law in Support of Plaintiff's Motion for Partial Summary Judgment of Validity.

## I. UNCONTROVERTED FACTS REGARDING DEFENDANTS' INVALIDITY ARGUMENTS

| No. | Uncontroverted Facts | Supporting Evidence |
|---|---|---|
| 1. | On December 12, 2016, Apple filed a petition—IPR2017-00423—for *inter partes* review of claims 13 and 22 of U.S. Patent No. 7,916,781, among others. | Ex. C |
| 2. | On January 20, 2017, Apple filed two petitions—IPR2017-00700 and IPR2017-00728—for *inter partes* review of claims 11 and 18 of U.S. Patent No. 7,421,032, among others. | Ex. D; Ex. F |
| 3. | Apple Inc. and Broadcom Corp. are listed as the real parties-in-interest in the IPR petitions for IPR2017-00423, IPR2017-00700, and IPR2017-00728. Broadcom Corp. and Avago Technologies Ltd. are each subsidiaries of Broadcom Ltd., which is now known as Broadcom Inc. | Ex. C; Ex. D; Ex. F; Dkt. 36 ¶¶ 8-9; Dkt. 47 ¶¶ 8-9; Dkt. 583 |
| 4. | On July 5, 2017, the Patent Trial and Appeal Board instituted IPR2017-00423 as to claims 13 and 22 based on the combination of Ping and MacKay. | Ex. H |
| 5. | On August 4, 2017, the Patent Trial and Appeal Board instituted IPR2017-00700 as to claim 11 based on the combination of Ping, MacKay, and Divsalar. | Ex. I |
| 6. | On August 21, 2017, the Patent Trial and Appeal Board instituted IPR2017-00728 as to claim 18 based on the combination of Ping, MacKay, Divsalar, and Luby97. | Ex. K |
| 7. | On June 298, 2018, in IPR2017-00423 (as consolidated with IPR2017-00297), the Patent Trial and Appeal Board issued a final written decision, finding that claims 13 and 22 of U.S. Patent No. 7,916,781 had not been shown to be unpatentable. | Ex. L |

| | | |
|---|---|---|
| 8. | On August 2, 2018, in IPR2017-00700, the Patent Trial and Appeal Board issued a final written decision, finding that claim 11 of U.S. Patent No. 7,421,032 had not been shown to be unpatentable. | Ex. M |
| 9. | On August 20, 2018, in IPR2017-00728, the Patent Trial and Appeal Board issued a final written decision, finding that claim 18 of U.S. Patent No. 7,421,032 had not been shown to be unpatentable. | Ex. N |
| 10. | In the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity, Dr. Frey challenges U.S. Patent 7,916,781 as obvious under 35 U.S.C. § 103, relying on combinations comprised of Divsalar, Frey, Frey Slides, Luby97, Luby98, Pfister, Pfister Slides, Ping, and Richardson99. | Ex. U |
| 11. | In the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity, Dr. Frey challenges U.S. Patent 7,421,032 as obvious under 35 U.S.C. § 103, relying on combinations comprised of Divsalar, Luby97, Luby98, MacKay, Pfister, Pfister Slides, Ping, and Richardson99. | Ex. T |
| 12. | The "Divsalar" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity is a printed publication under pre-AIA 35 U.S.C. § 102(a). | Ex. T; Ex. U; Ex. V |
| 13. | The "Frey" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity is a printed publication under pre-AIA 35 U.S.C. § 102(a). | Ex. T; Ex. U; Ex. V |
| 14. | The "Frey Slides" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity is a printed publication under pre-AIA 35 U.S.C. § 102(a). | Ex. T; Ex. U; Ex. V |
| 15. | The "Luby97" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity is a printed publication under pre-AIA 35 U.S.C. § 102(a). | Ex. T; Ex. U; Ex. V |
| 16. | The "Luby98" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity is a printed publication under pre-AIA 35 U.S.C. § 102(a). | Ex. T; Ex. U; Ex. V |
| 17. | The "MacKay" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity is a | Ex. T; Ex. U; Ex. V |

| | | |
|---|---|---|
| | printed publication under pre-AIA 35 U.S.C. § 102(a). | |
| 18. | The "Ping" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity is a printed publication under pre-AIA 35 U.S.C. § 102(a). | Ex. T; Ex. U; Ex. V |
| 19. | The "Pfister" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity is a printed publication under pre-AIA 35 U.S.C. § 102(a). | Ex. T; Ex. U; Ex. V |
| 20. | The "Pfister Slides" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity is a printed publication under pre-AIA 35 U.S.C. § 102(a). | Ex. T; Ex. U; Ex. V |
| 21. | The "Richardson99" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity is a printed publication under pre-AIA 35 U.S.C. § 102(a). | Ex. T; Ex. U; Ex. V |
| 22. | The "Divsalar" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity was known to Defendants prior to December 12, 2016. | Ex. A |
| 23. | The "Frey" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity was known to Defendants prior to December 12, 2016. | Ex. A |
| 24. | The "Frey Slides" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity was known to Defendants prior to December 12, 2016. | Ex. A |
| 25. | The "Luby97" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity was known to Defendants prior to December 12, 2016. | Ex. A |
| 26. | The "Luby98" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity was known to Defendants prior to December 12, 2016. | Ex. A |
| 27. | The "MacKay" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity was known to Defendants prior to December 12, 2016. | Ex. A |
| 28. | The "Ping" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity was known to Defendants prior to December 12, 2016. | Ex. A |
| 29. | The "Pfister" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity was known to Defendants prior to December 12, 2016. | Ex. A |

| | | |
|---|---|---|
| 30. | The "Pfister Slides" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity was known to Defendants prior to December 12, 2016. | Ex. A |
| 31. | The "Richardson99" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity was known to Defendants prior to December 12, 2016. | Ex. A |
| 32. | As the petitioner, Apple could have included "Divsalar" in a combination raised in IPR2017-00423, IPR2017-00700, and IPR2017-00728. | Ex. A; Ex. C; Ex. D; Ex. F |
| 33. | As the petitioner, Apple could have included "Frey" in a combination raised in IPR2017-00423, IPR2017-00700, and IPR2017-00728. | Ex. A; Ex. C; Ex. D; Ex. F |
| 34. | As the petitioner, Apple could have included "Frey Slides" in a combination raised in IPR2017-00423, IPR2017-00700, and IPR2017-00728. | Ex. A; Ex. C; Ex. D; Ex. F |
| 35. | As the petitioner, Apple could have included "Luby97" in a combination raised in IPR2017-00423, IPR2017-00700, and IPR2017-00728. | Ex. A; Ex. C; Ex. D; Ex. F |
| 36. | As the petitioner, Apple could have included "Luby98" in a combination raised in IPR2017-00423, IPR2017-00700, and IPR2017-00728. | Ex. A; Ex. C; Ex. D; Ex. F |
| 37. | As the petitioner, Apple could have included "MacKay" in a combination raised in IPR2017-00423, IPR2017-00700, and IPR2017-00728. | Ex. A; Ex. C; Ex. D; Ex. F |
| 38. | As the petitioner, Apple could have included "Ping" in a combination raised in IPR2017-00423, IPR2017-00700, and IPR2017-00728. | Ex. A; Ex. C; Ex. D; Ex. F |
| 39. | As the petitioner, Apple could have included "Pfister" in a combination raised in IPR2017-00423, IPR2017-00700, and IPR2017-00728. | Ex. A; Ex. C; Ex. D; Ex. F |
| 40. | As the petitioner, Apple could have included "Pfister Slides" in a combination raised in IPR2017-00423, IPR2017-00700, and IPR2017-00728. | Ex. A; Ex. C; Ex. D; Ex. F |
| 41. | As the petitioner, Apple could have included "Richardson99" in a combination raised in IPR2017-00423, IPR2017-00700, and IPR2017-00728. | Ex. A; Ex. C; Ex. D; Ex. F |

## II. CONCLUSIONS OF LAW REGARDING DEFENDANTS' INVALIDITY ARGUMENTS

| No. | CONCLUSIONS OF LAW |
|---|---|
| 1. | "The petitioner in an inter partes review of a claim in a patent under this chapter that results in a final written decision under section 318(a), or the real party in interest or privy of the petitioner, may not assert either in a civil action arising in whole or in part under section 1338 of title 28 or in a proceeding before the International Trade Commission under section 337 of the Tariff Act of 1930 that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review." 35 U.S.C. § 315(e)(2). |
| 2. | "[E]stoppel applies to grounds that a party failed to raise in an IPR petition that the party reasonably could have raised." *Oil-Dri Corp. of Am. v. Nestle Purina Petcare Co.,* No. 15-CV-1067, 2017 WL 3278915, at *10 (N.D. Ill. Aug. 2, 2017) |
| 3. | Defendants "reasonably could have raised" their 35 U.S.C. § 103 invalidity grounds against claims 13 and 22 of U.S. Patent No. 7,916,781 based on combinations comprising: Divsalar, Frey, Frey Slides, Luby97, Luby98, Pfister, Pfister Slides, Ping, and Richardson99. *See* 35 U.S.C. § 315(e)(2). |
| 4. | Defendants "reasonably could have raised" their 35 U.S.C. § 103 invalidity grounds against claims 11 and 18 of U.S. Patent No. 7,421,032 based on combinations comprising: Divsalar, Luby97, Luby98, MacKay, Pfister, Pfister Slides, Ping, and Richardson99. *See* 35 U.S.C. § 315(e)(2). |
| 5. | Defendants are barred by estoppel from asserting all of their invalidity challenges under § 103 against claims 13 and 22 of U.S. Patent No. 7,916,781. |
| 6. | Defendants are barred by estoppel from asserting all of their invalidity challenges under § 103 against claims 11 and 18 of U.S. Patent No. 7,421,032. |
| 7. | Defendants are entitled to summary judgment of validity with respect to counterclaims or affirmative defenses made pursuant to 35 U.S.C. § 103 with respect to claims 13 and 22 of U.S. Patent No. 7,916,781 and claims 11 and 18 of U.S. Patent No. 7,421,032. |

DATED: October 16, 2018

Respectfully submitted,

By */s/ Todd M. Briggs*

Todd M. Briggs
toddbriggs@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

*Attorneys for Plaintiff California Institute of Technology*