**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Tel:   (650) 858-6000
Fax:   (650) 858-6100

JAMES M. DOWD (SBN 259578)
james.dowd@wilmerhale.com
AARON S. THOMPSON (SBN 272391)
aaron.thompson@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Tel:   (213) 443-5300
Fax:   (213) 443-5400

Attorneys for Defendants and Counter-
Claim Plaintiffs *Broadcom Limited,
Broadcom Corporation, Avago
Technologies Limited, and Apple Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CALIFORNIA INSTITUTE OF TECHNOLOGY,<br><br>     Plaintiff,<br><br>vs.<br><br>BROADCOM LIMITED, BROADCOM CORPORATION, AVAGO TECHNOLOGIES LIMITED, AND APPLE INC.,<br><br>     Defendants. | CASE NO. 2:16-cv-3714-GW(AGRx)<br><br>**DEFENDANTS' OPPOSITION TO CALTECH'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF VALIDITY BASED ON IPR ESTOPPEL**<br><br>Hon. George H. Wu<br>United States District Judge<br>Hearing Date:  December 6, 2018<br>Time:  8:30 AM<br>Place:  Courtroom 9D |

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BROADCOM LIMITED, BROADCOM CORPORATION, AVAGO TECHNOLOGIES LIMITED, AND APPLE INC.,

                              Counterclaim-Plaintiffs,

          vs.

THE CALIFORNIA INSTITUTE OF TECHNOLOGY,

                              Counterclaim-Defendant.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ........................................................................................ 1

II.  LEGAL STANDARD ................................................................................. 3

    A.   Summary Judgment ........................................................................... 3

    B.   Permissible IPR Grounds And The Scope Of IPR Estoppel. .............. 3

III. DISPUTED MATERIAL FACTS & PROCEDURAL
     BACKGROUND ........................................................................................ 5

    A.   Caltech Disputed The Publication Of Prior Art In The IPRs. ............. 5

    B.   Caltech Disputes The Prior Art And Publication Status Of
        Defendants' Invalidity References In This Litigation. ....................... 8

    C.   Defendants' Invalidity Grounds In This Case. ................................. 12

IV.  ARGUMENT ........................................................................................... 13

    A.   Controlling Federal Circuit Law Requires Rejection Of
        Caltech's IPR Estoppel Argument. .................................................. 14

        1.   Under *Shaw*, Estoppel Only Extends To Grounds
            Actually Raised By Petitioner. ............................................... 14

        2.   Estoppel Does Not Extend To Any of Defendants'
            Grounds Because None Was Raised During The IPR. ........... 19

    B.   Defendants' Obviousness Combinations Include Prior Art
        Under the "Known Or Used" Prong Of § 102(a) That Could
        Not Have Been Raised In An IPR ..................................................... 21

V.   CONCLUSION ........................................................................................ 25

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*01 Communique Lab., Inc. v. Citrix Sys., Inc.*,
   151 F. Supp. 3d 778, 797 (N.D. Ohio 2015) ........................................................ 5

*Advanced Display Sys. v. Kent State Univ.*,
   212 F.3d 1272 (Fed. Cir. 2000) ......................................................................... 24

*Biscotti Inc. v. Microsoft Corp.*,
   No. 2-13-cv-01015JRGRSP, 2017 WL 2526231 (E.D. Tex. May
   11, 2017) ............................................................................................................. 18

*Cobalt Boats, LLC v. Sea Ray Boats, Inc.*,
   No. 2-15-cv-21, 2017 WL 2605977 (E.D. Va. June 5, 2017) ............................ 18

*In re Cronyn*,
   890 F.2d 1158 (Fed. Cir. 1989) ......................................................................... 24

*Cuozzo Speed Techs., LLC v. Lee*,
   136 S. Ct. 2131 (2016) ....................................................................................... 17

*Douglas Dynamics, LLC v. Meyer Prods. LLC*,
   No. 14-cv-886-JDP, 2017 WL 1382556 (W.D. Wis. Apr. 18, 2017) ................ 16

*Ecolochem, Inc. v. S. Cal. Edison Co.*,
   227 F.3d 1361 (Fed. Cir. 2000) ......................................................................... 24

*Finjan, Inc. v. Blue Coat Sys., LLC*,
   283 F. Supp. 3d 839, 856 (N.D. Cal. Jul. 28, 2017)........................................... 14

*HP Inc. v. MPHJ Tech. Inv., LLC*,
   817 F.3d 1339 (Fed Cir. 2016) .......................................................................... 14

ii

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

*iLife Techs, Inc. v. Nintendo of Am., Inc.*,
  No. 13-cv-4987-M, 2017 U.S. Dist. LEXIS 87769 (N.D. Tex. May
  30, 2017) ............................................................................................... 18

*Intellectual Ventures I LLC v. Toshiba Corp.*,
  221 F. Supp. 3d 534, 554 (D. Del. 2016) ................................... 16, 18, 20

*Intellectual Ventures I LLC v. Toshiba Corp.*,
  Civ. No. 13-453-SLR, 2017 WL 107980 (D. Del. Jan. 11, 2017) ..................... 17

*Koninklijke Philips Elec. N.V. v. Cardia Sci. Operating Co.*,
  590 F.3d 1326 (Fed. Cir. 2010) ........................................................... 3

*Koninklijke Philips N.V. v. Wangs All. Corp.*,
  No. CV 14-12298-DJC, 2018 WL 283893 (D. Mass. Jan. 2, 2018) ....... 14, 18, 19

*Merrick v. Hilton Worldwide, Inc.*,
  867 F.3d 1139 (9th Cir. 2017) ............................................................ 3

*Pyramid Techs., Inc. v. Hartford Cas. Ins. Co.*,
  752 F.3d 807 (9th Cir. 2014) .............................................................. 3

*SAS Inst. Inc. v. Iancu*,
  138 S. Ct. 1348 (2018) ...................................................................... 19

*Shaw Industries Group, Inc. v. Automated Creel Systems, Inc.*,
  817 F.3d 1293 (Fed. Cir. 2016) .................................................... passim

*SiOnyx, LLC v. Hamamatsu Photonics K.K.*,
  No. 15-13488-FDS, 2018 WL 4177941 (D. Mass. Aug. 30, 2018) ..................... 4

*Synopsis, Inc. v. Mentor Graphics Corp.*,
  814 F.3d 1309 (Fed. Cir. 2016) .......................................................... 4

*Temporal Power Ltd.*,
  IPR2015-00146, Paper 10 .................................................................. 4

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*,
    No. 12-cv-05501-SI, 2017 WL 235048 (N.D. Cal. Jan. 19, 2017) ..............passim

*Zitovault, LLC v. Int'l Bus. Machines Corp.*,
    No. 3:16-cv-0962-M, 2018 WL 2971178 (N.D. Tex. Apr. 4, 2018) ...................4

*XR Commc'ns., LLC v. D-Link Systems, Inc.*,
    No. SACV 17-00596 .................................................................................. 14, 20

iv

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

## I.   INTRODUCTION

Caltech's motion for partial summary judgment should be denied because Defendants' invalidity grounds are combinations of art that were not and could not have been raised during an *inter partes* review ("IPR").

*First*, in *Shaw Industries Group, Inc. v. Automated Creel Systems, Inc.*, 817 F.3d 1293, 1305 (Fed. Cir. 2016), the Federal Circuit held that estoppel under 35 U.S.C. § 315(e)(2) applies more narrowly than Caltech asserts.   By its plain language, § 315(e)(2) applies only to grounds "that the petitioner raised or reasonably could have raised *during* [an] inter partes review."[1]  *Id.*  Interpreting this language, *Shaw* held that an IPR only begins after the Patent Trial and Appeal Board ("PTAB") decides to institute that IPR.  *See Shaw*, 817 F.3d at 1300.  Once that occurs, the only arguments that the PTAB allows (and therefore the only grounds that can reasonably be raised in that IPR) are arguments based on the prior art that the PTAB permitted into the instituted IPR.  Estoppel does not apply to art that did not become part of an IPR, whether because (1) the PTAB declined to allow a ground into the IPR, or (2) the petitioner did not include it in an IPR petition.  *Id.*  Accordingly, as numerous courts have ruled, *Shaw* precludes estoppel against combinations that were not included in an instituted IPR petition—like those asserted by Defendants against the four claims at issue here.[2]

*Second*, Caltech's motion incorrectly asserts that Defendants' obviousness combinations are based solely on printed publications.  (Mot. at 14, 16, 17.)  In fact, with one exception, all of Defendants' combinations include prior art under the

---

[1] Emphasis appearing in quotations has been added unless otherwise indicated.
[2] Explained in further detail below, in this case the PTAB has only issued three Final Written Decisions, and only three grounds were instituted in those IPRs. Therefore, under *Shaw*, only three obviousness combinations were permitted in these IPRs.  Those three grounds are the only relevant grounds for purposes of IPR estoppel.  *See* Dkt. 740-2 [Pl.'s St. Of Uncontroverted Facts] at Nos. 7-9 (identifying Final Written Decisions), Nos. 4-6 (identifying grounds for each Final Written Decision).

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

"known or used" prong of 35 U.S.C. § 102(a).[3]  Defendants' trial presentation of this "known or used" prior art will introduce additional testimonial evidence demonstrating the state of the art, what a person of ordinary skill would have understood about what was "known or used" in the United States at that time, and that the claimed invention was therefore obvious over this prior art.  Such arguments could not have been presented in an IPR, because the only art that can be raised in an IPR is prior art under the "patented or described in a printed publication" prong of 35 U.S.C. § 102(a) and 35 U.S.C. § 102(b).  Based on that requirement, the PTAB can only find invalidity based on the disclosures within the four corners of the reference.  Proceeding on a "known or used" prong in the district court, on the other hand, will result in a meaningfully different presentation that includes testimony and documentary evidence about the state of the art and what persons of ordinary skill "knew" and "used."  Accordingly, grounds based in whole or in part on the "known or used" prong of § 102(a) are not subject to an estoppel.

   *Third*, Defendants' reliance on the "known or used" ground under 35 U.S.C. § 102 is based in part on Caltech's attempts to cast doubt on the publication status of Defendants' references.  Both before the PTAB and in this litigation, Caltech has repeatedly argued that Divsalar, Richardson99, Pfister Slides, Pfister Paper, Frey Slides, and the Frey Paper do not qualify as printed publication prior art because, it alleges, they were not published before the invention of the patents-in-suit.  Caltech's present argument that these references *are* "printed publications" subject to estoppel is thus contrary to its own arguments to the PTAB and in discovery before this Court that these same references are ***not*** eligible as "printed publication" prior art under § 102.

---

[3]  Pre-AIA 35 U.S.C. § 102(a) reads "[A person shall be entitled to a patent unless-] [1] the invention was known or used by others in this country, or [2] patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for a patent . . ."

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

1    ***Fourth***, Caltech asserts that 35 U.S.C. § 315(e)(2) provides that "litigants

2    seeking to challenge the validity of a patent can make their challenges either in

3    federal court or through the IPR process before the PTAB—***but not both***." (Mot. at

4    1.) Not so. Only the limited validity grounds within the permissible scope of an

5    IPR are potentially estopped. Because IPRs are limited to "ground[s] that could be

6    raised under section 102 or 103" and "only [those grounds based on] ***prior art***

7    ***consisting of patents or printed publications***[,]" all other validity grounds are

8    permitted to proceed in federal court regardless of whether an IPR is concluded by

9    a Final Written Decision. 35 U.S.C. § 311(b) (defining the scope of IPRs).

## II.    LEGAL STANDARD

### A.    Summary Judgment.

12    Summary judgment may be granted only if, "construing the facts in the light

13    most favorable to the nonmoving party and drawing all reasonable inferences in

14    that party's favor," "there is no genuine dispute of material fact, such that judgment

15    is appropriate as a matter of law." *Merrick v. Hilton Worldwide, Inc.*, 867 F.3d

16    1139, 1145 (9th Cir. 2017) (citing Fed. R. Civ. P. 56); *see also Koninklijke Philips*

17    *Elec. N.V. v. Cardia Sci. Operating Co.*, 590 F.3d 1326, 1332 (Fed. Cir. 2010)

18    (applying the law of Ninth Circuit in summary judgment as a "procedural question

19    not unique to patent law. . . ."). "A genuine dispute of material fact exists if 'a

20    reasonable jury could return a verdict for the nonmoving party.'" *Merrick*, 867

21    F.3d at 1145 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

22    "The moving party has the burden of establishing the absence of a genuine dispute

23    of material fact." *Pyramid Techs., Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d 807, 818

24    (9th Cir. 2014) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

### B.    Permissible IPR Grounds And The Scope Of IPR Estoppel.

26    Invalidity grounds that a petitioner did not raise and reasonably could not

27    have raised during IPR are not subject to estoppel. 35 U.S.C. § 315(e)(2); *see also*

28

-3-

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

*Shaw*, 817 F.3d at 1300 (holding estoppel under 35 U.S.C. § 315(e) applies only to those grounds actually raised during the IPR, and does not extend to grounds not presented by the petitioner).  An "[IPR] cannot replace the district court in all instances" due to the narrow contours of what the PTAB is permitted to review during an IPR.  *Synopsis, Inc. v. Mentor Graphics Corp.*, 814 F.3d 1309, 1316 (Fed. Cir. 2016), *overruled on other grounds*, *Aqua Prods., Inc. v. Matal*, 872 F.3d 1290, 1324 (Fed. Cir. 2017).

In particular, 35 U.S.C. § 311 provides that the PTAB may only hear IPR challenges on the basis of anticipation or obviousness theories of invalidity, and then based on two categories of prior art:  patents or printed publications.  35 U.S.C. § 311 ("A petitioner in an *inter partes* review may request to cancel as unpatentable 1 or more claims of a patent only on a ground that could be raised under section 102 or 103 and ***only on the basis of prior art consisting of patents or printed publications***.").  By statute, a petitioner may not raise prior art that is not a patent or printed publication — including art based on the "known or used" prong of 35 U.S.C. § 102(a).  *Temporal Power Ltd.*, IPR2015-00146, Paper 10 at 8–11 (denying IPR petition because PTAB was not "persuaded that [petitioner] has demonstrated sufficiently that the Lazarewicz PowerPoint qualifies as a prior art reference, much less one that constitutes a printed publication within the meaning of § 102(b)").

Because "known or used" prior art grounds are not available to IPR petitioners, estoppel does not apply to "known or used" prior art and does not apply to obviousness combinations that include such art.  *SiOnyx, LLC v. Hamamatsu Photonics K.K.*, No. 15-13488-FDS, 2018 WL 4177941, at *20 (D. Mass. Aug. 30, 2018) (citing 35 U.S.C. § 311(b) and stating "only patents and printed publications may be the basis for canceling a claim in an IPR"); *Zitovault, LLC v. Int'l Bus. Machines Corp.*, No. 3:16-cv-0962-M, 2018 WL 2971178, at *4 (N.D. Tex. Apr. 4,

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

2018) ("Defendants therefore could not have raised prior art systems, such as products and software, during IPR proceedings."); *see also 01 Communique Lab., Inc. v. Citrix Sys., Inc.*, 151 F. Supp. 3d 778, 797 (N.D. Ohio 2015) (estoppel does not preclude non-patent and non-printed publication art).

## III.    DISPUTED MATERIAL FACTS & PROCEDURAL BACKGROUND

### A.    Caltech Disputed The Publication Of Prior Art In The IPRs.

Between November 12, 2016 and January 20, 2017, Apple filed ten IPR petitions challenging the validity of certain claims of the patents-in-suit.  The grounds for those petitions included anticipation and obviousness based on various publications also currently asserted as a part of different combinations raised in this litigation.  Defendants' IPRs included grounds based on Ping, MacKay, Coombs, Luby97, and Luby98.  (Dkt. 740-29 [Petition in IPR2017-00210], Ex. 1 [Petition in IPR2017-00219], Dkt. 740-5 [Petition in IPR2017-00297], Dkt. 740-6 [Petition in IPR2017-00423], Dkt. 740-7 [Petition in IPR2017-00700], Dkt. 740-8 [Petition in IPR2017-00701], Dkt. 740-9 [Petition in IPR2017-00728].)  Defendants also asserted obviousness combinations based in part on the Pfister Slides, Divsalar, and the Frey paper.  (Dkt. 740-29 [Petition in IPR2017-00210], Ex. 1 [Petition in IPR2017-00219], Dkt. 740-5 [Petition in IPR2017-00297], Dkt. 740-6 [Petition in IPR2017-00423], Dkt. 740-7 [Petition in IPR2017-00700], Dkt. 740-8 [Petition in IPR2017-00701], Dkt. 740-9 [Petition in IPR2017-00728].)

For the four claims in the two patents at issue in Caltech's motion, Defendants only asserted the following three combinations:

- Claims 13 and 22 of the '781 patent:  Ping in view of MacKay.  (Dkt. 740-6 [Petition in IPR2017-00423] at 37-40, 47-48.)
- Claim 11 of the '032 patent:  Ping in view of MacKay and Divsalar.  (Dkt. 740-7 [Petition in IPR2017-00700] at 46-57.)
- Claim 18 of the '032 patent:  Ping in view of MacKay, Divsalar, and

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

1   Luby97.  (Dkt. 740-9 [Petition in IPR2017-00728] at 50-64.)

2       Caltech opposed institution of the ten IPRs on procedural and evidentiary

3   grounds, as well as on their merits.  For example, Caltech argued that the Pfister

4   Slides, Divsalar, and Frey references are not patents, do not qualify as "printed

5   publications" under § 102, and therefore cannot be considered in an IPR.  (*See, e.g.*,

6   Ex. 2 [IPR2017-210, Paper 17] at 6-7 (arguing that Frey and Divsalar are not prior

7   art publications), Ex. 3 [IPR2017-00700, Paper 13] at 24-27 (arguing that Pfister

8   Slides is not a prior art publication).)  Caltech argued these references do not

9   qualify as "printed publications" because (it said) they were not publicly available

10  before the invention of the patents-in-suit.  (*Id.*)

11      The PTAB instituted IPRs on certain grounds stated in Defendants' petitions,

12  but declined to institute on many grounds.  For example, the PTAB found that the

13  Pfister Slides did not qualify as "printed publication" prior art, and therefore denied

14  institution on all grounds that included the Pfister Slides.  (Dkt. 740-12 [IPR2017-

15  00700, Paper 14] at 23-24 ("With respect to the Pfister Slides, Petitioner fails to

16  meet the burden imposed under § 314(a) to establish in its Petition a reasonable

17  likelihood of success, which includes, among other things, making a threshold

18  showing that the Pfister Slides qualify as a prior art printed publication.").)

19  Similarly, although the PTAB allowed institution of some grounds that included

20  Divsalar and Frey in combinations, the PTAB reserved the right to address the

21  public availability of Frey or Divsalar and reached no decision on Caltech's

22  objection.  With regard to the patent claims at issue in this motion, the PTAB

23  ultimately mooted Caltech's objection that Divsalar does not qualify as a "printed

24  publication" by finding in a Final Written Decision that the obviousness

25  combinations including Divsalar failed to invalidate the instituted claims.[4]  (Ex. 4

26

27  ───────────────────

28  [4]  Frey was only included in combinations for IPRs related to the '710 patent.  No decisions have yet been issued on those IPRs, and therefore, the PTAB may find that Frey is not a publication appropriate for an IPR.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

1   [IPR2017-00701, Paper 67] at 29.)  Throughout the pendency of the IPRs, however,

2   Caltech never withdrew its assertion that the Pfister Slides, Divsalar, and Frey do

3   not qualify as "printed publication" prior art.

4        The total set of grounds raised by Apple against the patents-in-suit, and the

5   PTAB's institution decisions on those grounds, are set forth in the table below.

6   Claims at issue in Caltech's summary judgment motion are highlighted in yellow,

7   and references that Caltech argued do not qualify as "printed publication" prior art

8   and are thus ineligible for consideration in an IPR petition are highlighted in red:

### '781 Patent

| IPR Number (claims) | References | Claims | Institution |
|---|---|---|---|
| IPR2017-00297 (3–12 and 19–21) | Ping and Divsalar | 3, 5–8, 10, and 12 | Not instituted |
| | Ping | 19–21 | Instituted |
| | Ping, Divsalar, and MacKay | 9 | Not instituted |
| | Ping, Divsalar, and Coombes | 4 and 11 | Not instituted |
| IPR2017-00423 (13-22) | Ping and MacKay | 13–15 and 17–22 | Instituted for all except claim 17 |
| | Ping, MacKay, and Coombes | 16 | Instituted |

### '032 Patent

| IPR Number (claims) | References | Claims | Institution |
|---|---|---|---|
| IPR2017-00700 (11-17) | Ping, MacKay, and Divsalar | 11, 12, and 14–16 | Instituted |
| | Ping, MacKay, Divsalar, and Luby97 | 13 | Instituted |
| | Ping, MacKay, Divsalar, and Pfister Slides | 17 | Not instituted |

-7-

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

| IPR2017-00701 (1-10) | Ping, MacKay, Divsalar, and Luby97 | 1–10 | Instituted (claims 1 and 4–10) Not instituted (claims 2 and 3) |
| IPR2017-00728 (11-17) | Ping, MacKay, Divsalar, and Luby97 | 18-23 | Instituted |

**'710 Patent**

| IPR Number (claims) | References | Claims | Institution |
|---|---|---|---|
| IPR2017-00210) (1-8, 10-17, and 19-33) | Frey | 1 and 3 | Instituted |
| | Frey and Divsalar | 1-8 and 11-14 | Instituted |
| | Frey, Divsalar, and Luby97 | 15-17, 19-22, and 24-33 | Instituted |
| | Frey, Divsalar, and Pfister Slides | 10 | Not instituted |
| | Frey, Divsalar, Luby97, and Pfister Slides | 23 | Not instituted |
| IPR2017-00219 (1-8, 10-17, and 19-33) | Divsalar and Luby | 1-8 and 11-14 | Instituted |
| | Divsalar, Luby, and Luby97 | 15-17, 19-22, and 24-33 | Instituted |
| | Divsalar, Luby, and Pfister Slides | 10 | Not instituted |
| | Divsalar, Luby, Luby97, and Pfister Slides | 23 | Not instituted |

**B.      Caltech Disputes The Prior Art And Publication Status Of Defendants' Invalidity References In This Litigation.**

In this litigation, Caltech has likewise argued that Divsalar, Richardson99, Frey, Frey Slides, Pfister, and Pfister Slides do not qualify as "printed publication" prior art under § 102.

In October 2017, for example, Caltech responded to Defendants' requests for

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

admission by contending that Divsalar, Richardson99, Frey, Frey Slides, Pfister, and Pfister Slides do not qualify as "printed publication" prior art.  Defendants asked Caltech to admit that Divsalar, for example, "was published in the United States on or before March 2000."  (Ex. 5 [Caltech's 10/13/17 Response to Fourth Set of RFAs] at 27.)  Caltech denied this request.  (*Id.*)

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

1 ██████████████████████████████████████████

2 ████████

3      Moreover, in October 2017, the parties filed a stipulation resolving the

4 publication and public availability of several prior art references relied on by

5 Defendants in the litigation.  This stipulation confirmed MacKay, Ping, Luby97,

6 and Luby98 were all published and publicly available prior to the invention of the

7 patents-in-suit.  (Dkt. 301.)  However, Caltech refused to stipulate that Divsalar,

8 Richardson99, Frey, Frey Slides, Pfister, or the Pfister Slides qualify as prior art

9 "printed publications."  (*See id.*)

10      As recently as August 14, 2018, Caltech's experts disputed that Divsalar,

11 Richardson99, Frey, Frey Slides, Pfister, and the Pfister Slides qualify as "printed

12 publications" under § 102 in their expert reports.  For example, Caltech's expert Dr.

13 Shoemake states:



REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL



Caltech's other experts make similar arguments about these same references.  (Ex. 9 [Mitzenmacher] at ¶ 123 (Frey Slides), ¶ 150 (Pfister Slides), ¶¶ 152-157 (Richardson99); Ex. 10 [Hassibi] at ¶¶ 136-138 (Pfister), ¶ 139 (Frey), 160 (Richardson99); Ex. 11 [Divsalar] at ¶ 98 (Frey), ¶ 101 (Frey Slides), ¶ 102 (Pfister), ¶ 103 (Pfister Slides), ¶¶ 104-108 (Richardson99).)

Indeed, as recently as October 24, 2018, Caltech reiterated its position that Richardson99 does not qualify as a "printed publication" under § 102 in a letter to counsel.  (Ex. 12 [10/24/18 Letter from Briggs to Thompson] at 1-2 (asserting that "Richardson99 is a pre-publication manuscript version of a paper that was not

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

1    published until 2001.  Defendants have cited to no document or testimony that

2    indicates that Richardson99 was ever published, or that Richardson99 was publicly

3    available within the meaning of 35 USC § 102.  Thus, Richardson99 does not

4    qualify as prior art.").)

5           Accordingly, similar to its arguments in the IPRs, Caltech has repeatedly

6    argued before this Court that Divsalar, Richardson99, Frey, Frey Slides, Pfister, and

7    the Pfister Slides do not qualify as "printed publication" prior art — the necessary

8    predicate to presenting these non-patent references in IPR proceedings.

9           **C.    Defendants' Invalidity Grounds In This Case.**

10          Caltech's argument that Divsalar, Richardson99, Frey, Frey Slides, Pfister,

11   and the Pfister Slides do not qualify as "printed publications" is inconsistent with

12   its argument that these references are subject to "printed publication" based

13   estoppel.  In any event, Defendants do not rely upon the "printed publications"

14   clause of § 102 to advance these references against the four claims at issue in

15   Caltech's motion.  Rather, as demonstrated in the following chart, these references

16   demonstrate that the claimed inventions were "known or used" in the United States

17   before Caltech's alleged conception (grounds based on inventions "known or used"

18   in the United States are highlighted in yellow):

| Claims | Obviousness combinations in the district court litigation |
|---|---|
| 11 and 18 of '032 patent | Ping in view of Luby98, Divsalar, and Luby97 |
| | Ping in view of Richardson99, Divsalar, and Luby97 |
| | Ping in view of MacKay, and Pfister/Pfister Slides |
| | Ping in view of Luby98 and Pfister/Pfister Slides |
| | Divsalar in view of MacKay and Luby97 |
| | Ping in view of MacKay, Divsalar, and Luby97 |
| | Ping in view of Luby98, and Divsalar |
| Claims 13 and 22 of '781 patent | Divsalar in view of Ping and Richardson99 |
| | Divsalar in view of Luby97 and Luby98 |
| | Divsalar in view of Ping and Frey/Frey Slides |
| | Ping in view of Luby98 |
| | Pfister/Pfister Slides in view of Luby97 and Luby98 |
| | Divsalar in view of Ping and Luby98 |

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

| Divsalar in view of Luby97 and Richardson99 |
|---|

Indeed, the Court has already authorized Defendants' presentation of the Pfister and Pfister Slides and Frey and Frey Slides as evidence of inventions "known or used in the United States" under 35 U.S.C. § 102(a), which is a ground that cannot be raised in an IPR.  (Dkt. 673 at 9; Dkt. 682.)  (*See also* Ex. 13 [Defendants' 5/31/18 Invalidity Contentions Cover Pleading] at 4-11 (identifying "known or used ground" for Pfister/Pfister Slides and Frey/Frey Slides).)  Defendants' invalidity contentions likewise disclosed Divsalar and Richardson99 as evidence of inventions "known or used" in the United States under 35 U.S.C. § 102(a), and Caltech has never objected to this disclosure.  (Ex. 13 [Defendants' 5/31/18 Invalidity Contentions Cover Pleading] at 4 (identifying Divsalar as art under § 102(a)), 5 (same for Richardson99), 5-6 (explaining that the prior art asserted against the '710 patent was evidence of an invention "known or used in the United States prior to the invention of the patents-in-suit"), 6 (identifying evidence in support of known or used ground for Divsalar), 8 (same for Richardson99), 8-11 (same for Divsalar and Richardson99 for '032 and '781 patents).)

## IV.   ARGUMENT

Estoppel under 35 U.S.C. § 315(e) does not apply for two reasons.  ***First***, under *Shaw*, estoppel only applies to grounds actually raised during an IPR, and none of the combinations on which Defendants rely as invalidity grounds in this litigation was raised during an IPR.  ***Second***, Defendants' invalidity combinations in this litigation include inventions "known or used" in the United States under § 102(a).  Defendants could not have raised those inventions as a ground in an IPR, and therefore estoppel does not apply.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

### A. Controlling Federal Circuit Law Requires Rejection Of Caltech's IPR Estoppel Argument.

#### 1. Under *Shaw*, Estoppel Only Extends To Grounds Actually Raised By Petitioner.

In *Shaw*, the Federal Circuit ruled that estoppel under 35 U.S.C. § 315(e) only applies to those grounds actually raised during the IPR, and does not extend to grounds not presented by the petitioner.  817 F.3d at 1300.  The Federal Circuit explained that estoppel only applies to "any ground that the petitioner raised or reasonably could have raised ***during*** that *inter partes* review."  *Id.* (internal quotations omitted).  An "IPR does not begin until it is instituted."  *Id.*  Therefore, only grounds ***actually included*** in a petition and instituted in an IPR were raised or reasonably could have been raised ***during*** the IPR.  *Id.*; *see also HP Inc. v. MPHJ Tech. Inv., LLC*, 817 F.3d 1339, 1347-48 (Fed Cir. 2016) (same); *Finjan, Inc. v. Blue Coat Sys., LLC*, 283 F. Supp. 3d 839, 856 (N.D. Cal. Jul. 28, 2017) (grounds not raised in an IPR petition not estopped); *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-cv-05501-SI, 2017 WL 235048, at *4 n. 4 (N.D. Cal. Jan. 19, 2017) (same); *XR Commc'ns., LLC v. D-Link Systems, Inc.*, No. SACV 17-00596 AG (JCCx), 2018 WL 2734849, at *1 (C.D. Cal. Apr. 10, 2018) (estoppel applies only to "specific IPR petitions that are granted and result in a final written decision").

Applying *Shaw*, numerous courts have rejected the argument that Caltech makes here, and instead held—consistent with *Shaw*—that estoppel applies only to those grounds that were raised or could have been raised during an IPR, and does not apply to grounds omitted from an IPR petition.  For example, in *Koninklijke Philips N.V. v. Wangs All. Corp.*, No. CV 14-12298-DJC, 2018 WL 283893 (D. Mass. Jan. 2, 2018), the court explained that under *Shaw*:

> the phrase "inter partes review" in Section 315(e)(2) refers only to the period of time after review is instituted, and, therefore, the estoppel provision does not apply to arguments that the petitioner only "raised

-14-

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

or reasonably could have raised" in its petition rather than after institution of review.

*Id* at *4 (internal citations omitted).  The court considered and rejected, as inconsistent with *Shaw*, the interpretation of 35 U.S.C. § 315(e) that Caltech advances:

> [T]he broader reading of the estoppel provision is foreclosed by *Shaw*. The Federal Circuit in *Shaw* held that the phrase "during inter partes review" applies only to the period of time after the PTAB has instituted review, and notwithstanding [Plaintiff's] claims to the contrary, . . . that holding was not limited to Section 315(e)(1) nor was it mere *dicta*. . . . [T]he Federal Circuit's decision in *Shaw* is binding on this Court.

*Id.*  Numerous other courts, including in the Northern District of California and the District of Delaware, have held likewise.

In *Verinata*, 2017 WL 235048, at *3, the court considered the scope of IPR estoppel post-*Shaw*.  The *Verinata* court held that, because the PTAB instituted an IPR and reached a Final Written Decision with respect to the combination of three prior art references, the combination of two of those same three prior art references could have been raised and was thus estopped:

> In its petitions, Ariosa asserted three grounds of invalidity:  (1) obviousness over the combined teachings of ***Dhallan*** and ***Binladen*** (2) obviousness over the combined teachings of Quake and Craig; and (3) obviousness over the combined teachings of ***Shoemaker***, ***Dhallan***, and ***Binladen***. . . .  Ariosa may not raise an invalidity defense based on obviousness over the combination of these three pieces of prior art [Shoemaker, Dhallan, and Binladen].  The Court finds that defendants raised, or could have raised, these grounds in the IPR proceedings, as the combination of Dhallan and Binladen is simply a subset of the instituted grounds.

*Id.* at *4.  Importantly, in excluding the Dhallan and Binladen combination as a subset of the instituted three reference ground, the *Verinata* court expressly found that the defendant ***could*** present combinations of these references with art ***not*** presented to the PTAB.  *Id.* at *4 n. 4 ("For the avoidance of doubt, Ariosa may still

-15-

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

assert grounds based on these pieces of prior art as combined with art not presented during IPR.").  *Verinata* thus upheld precisely what Defendants present here—combinations not before the PTAB—as not subject to estoppel.

In *Finjan*, 283 F. Supp. 3d at 856, the court similarly considered whether IPRs instituted on twelve grounds precluded the defendant from later raising in district court litigation obviousness combinations based on the combination of: (1) art actually raised in the IPRs, with (2) art that defendant knew about but did not raise in the IPRs.  Interpreting *Shaw*, the *Finjan* court adopted the same approach as *Verinata*, holding that estoppel applies "only to grounds that were both [1] raised in the IPR petition and [2] instituted in the IPR proceeding."  *Id.*  Because the specific combinations at issue in *Finjan* were not raised in an IPR, they were not estopped. *Id.*  The same holds true of the grounds Caltech challenges here.

In *Intellectual Ventures I LLC v. Toshiba Corp.*, 221 F. Supp. 3d 534, 554 (D. Del. 2016), the court addressed similar facts.  There, the defendant filed an IPR petition against two asserted patent claims, and the PTAB thereafter instituted an IPR based on a combination of three prior art patents.  *Id.* at 553 ("Toshiba's three elected grounds for invalidity—obviousness based on Ogawa '577 and Ogawa '045 and JP '832—was raised in the inter partes review of the '819 patent. . . .").  In district court litigation, the plaintiff subsequently sought to apply IPR estoppel to both (1) the obviousness combination of those same three references, and (2) two different references that were publicly available but were not raised in the IPR.  *Id.* Applying *Shaw*, the court held § 315(e) treats these two different categories differently.  The three-reference combination that the PTAB actually considered during the IPR was estopped.  But the two prior art references not included in an IPR petition were not.  *Id.* at 553-554.  The court explained: "Although . . . [defendant] could have raised these additional obviousness grounds based on public documents at the outset of their IPR petition, the Federal Circuit has construed the

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

1   [35 U.S.C. § 315(e)(2)] quite literally. . . .  [T]he court cannot divine a reasoned

2   way around the Federal Circuit's interpretation in *Shaw*."

3         Courts have identified several reasons why *Shaw* is consistent with the policy

4   underlying IPR review and due process.

5         ***First***, "limiting IPR estoppel to grounds actually instituted ensures that

6   estoppel applies only to those arguments, or potential arguments, that received (or

7   reasonably could have received) proper judicial attention."  *Verinata,* 2017 WL

8   235048, at *3.  Since the decision to institute an IPR is unreviewable under 35

9   U.S.C. § 314(d),[5] applying estoppel to only those arguments presented during an

10  instituted IPR ensures that a party seeking to invalidate a patent has its day in court.

11  Limiting the scope of estoppel to only those grounds actually in a petition, and

12  actually instituted by the PTAB, ensures that all of a defendants' invalidity grounds

13  are actually addressed on their merits.

14        ***Second***, IPRs and district courts are not mutually-exclusive fora as Caltech

15  contends.  Instead, an IPR is an administrative procedure designed to provide

16  expedited adjudication for limited invalidity challenges.  In *Cuozzo Speed Techs.,*

17  *LLC v. Lee*, the Supreme Court explained that one of the primary objectives of an

18  IPR is to provide for the quick and efficient administration of certain types of

19  validity challenges, particularly because the PTAB is required to issue decisions

20  within a limited timeframe (generally one-year).  *See id.* at 2140.  Thus, because

21  there is no right of judicial review on institution decisions, and because the PTAB

22  has set strict procedural limitations on an IPR, the scope of estoppel originating

23  from an IPR should be narrow to preserve a defendant's due process rights.  *See*

24  *Intellectual Ventures I LLC v. Toshiba Corp.*, Civ. No. 13-453-SLR, 2017 WL

25

26  ──────────────

27  [5] 35 U.S.C. § 314(d) ("The determination by the Director whether to institute an inter partes review under this section shall be final and nonappealable."); *Cuozzo*

28  *Speed Techs., LLC v. Lee*, 136 S. Ct. 2131, 2142 (2016) ("We therefore conclude that § 314(d) bars Cuozzo's efforts to attack the Patent Office's determination to institute *inter partes* review in this case.").

DEFENDANTS' OPP. TO MOTION FOR PARTIAL SUMMARY JUDGMENT OF VALIDITY
CASE NO. 2:16-CV-3714-GW-AGRX

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

1   107980, at *1 (D. Del. Jan. 11, 2017) ("[The patent owner's] reasoning [in favor of

2   applying IPR estoppel] leads to the conclusion that the PTAB is meant to be the

3   invalidity arbiter of first resort and, therefore, a company that seeks an IPR must

4   bring to the PTAB's attention every ground the company has reason to think might

5   be relevant; otherwise, it will be estopped from pursuing that ground in litigation.

6   That outcome appears to be inconsistent with all of the limitations imposed by the

7   PTAB on IPR proceedings (*e.g.*, page limits for petitions, 14 point type, and

8   portrait-view claim charts) and leaves for trial only those references initially

9   rejected by the PTAB.").

10          Caltech relies on cases that are in direct conflict with the holding of *Shaw*.

11   For example, Caltech cites *iLife Techs, Inc. v. Nintendo of Am., Inc.*, No. 13-cv-

12   4987-M, 2017 U.S. Dist. LEXIS 87769, at *9 (N.D. Tex. May 30, 2017), for the

13   proposition that IPR estoppel applies to grounds that were not, but could have been,

14   included in a petition.  As *Verinata*, *Finjan*, and *Intellectual Ventures I LLC*

15   demonstrate, *Shaw* rejects this interpretation of the scope of IPR estoppel.  Because

16   the Federal Circuit has held that an IPR is limited to the time period between

17   institution and final written decision, only those grounds that were actually in an

18   instituted petition are permitted in an IPR.  Arguments based on grounds not

19   presented in the original petition are not permitted by the PTAB; thus such grounds

20   could not have been raised during an IPR.  *Shaw*, 817 F.3d at 1300.

21          In *Koninklijke Philips N.V.* 2018 WL 283893, the court considered several of

22   the cases cited by Caltech, including *Douglas Dynamics, LLC v. Meyer Prods.*

23   *LLC*, No. 14-cv-886-JDP, 2017 WL 1382556, at *4-5 (W.D. Wis. Apr. 18, 2017),

24   *reconsideration granted in part on other grounds*, No. 14-cv-886-JDP, 2017 WL

25   2116714 (W.D. Wis. May 15, 2017); *Biscotti Inc. v. Microsoft Corp.*, No. 2-13-cv-

26   01015JRGRSP, 2017 WL 2526231, at *6 (E.D. Tex. May 11, 2017); and *Cobalt*

27   *Boats, LLC v. Sea Ray Boats, Inc.*, No. 2-15-cv-21, 2017 WL 2605977, at *3 (E.D.

28

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

Va. June 5, 2017).  The *Koninklijke Philips* court rejected the argument Caltech advances here and correctly found that *Shaw* permits just one conclusion:  "*Shaw* compels the conclusion that Section 315(e)(2) estoppel does **not** apply to the grounds the petitioner failed to raise its petition for inter partes review." *Koninklijke Philips N.V.*, 2018 WL 283893 at *4.  This Court should do the same.[6]

### 2.   Estoppel Does Not Extend To Any of Defendants' Grounds Because None Was Raised During The IPR.

Here, none of Defendants' presently asserted invalidity grounds for the four claims at issue was ever included in a petition to the PTAB, and therefore none could have been raised during an IPR.[7]  In IPR2017-00423 (consolidated with IPR2017-00297), the PTAB instituted only a single ground as to claims 13 and 22 of the '781 patent—Ping in view of MacKay.  None of Defendants' obviousness combinations in the district court includes that ground:

| Claims | Obviousness combinations in the district court litigation |
|---|---|
| Claims 13 and 22 of '781 patent | Divsalar in view of Ping and Richardson99 |
| | Divsalar in view of Luby97 and Luby98 |
| | Divsalar in view of Ping and Frey/Frey Slides |
| | Ping in view of Luby98 |
| | Pfister/Pfister Slides in view of Luby97 and Luby98 |
| | Divsalar in view of Ping and Luby98 |
| | Divsalar in view of Luby97 and Richardson99 |

In IPR2017-00700, the PTAB instituted only a single ground as to claim 11

---

[6]  Caltech asserts in a footnote that *SAS Institute Inc. v. Iancu*, 138 S. Ct. 1348 (2018), "implicitly overruled" *Shaw* because, after *SAS*, the PTAB should no longer partially institute IPRs.  Caltech is wrong.  Caltech identifies no authority to support its contention *Shaw* has been "overruled."  Nor does Caltech explain why, even if the circumstances that gave rise to *Shaw* may not reoccur, that would moot the application of *Shaw*'s holding to **this** case — where the PTAB in fact proceeded on fewer than all petitioned grounds.  Moreover, *Shaw's* holding applies not only to partially instituted IPRs, but also to grounds that were never included in a petition in the first place.  Caltech simply ignores this part of *Shaw*.

[7]  Although Defendants did raise grounds based on Ping in view of MacKay, Divsalar, and Luby97 in an instituted IPR, each of those references was a publication.  Defendants did not and could not raise grounds based on Ping in view of MacKay, Divsalar, and Luby97, where Divsalar was merely evidence of an invention known or used in the United States under Section 102(a).

-19-

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

of the '032 patent—Ping in view of MacKay and Divsalar.  However, none of Defendants' obviousness combinations in the district court includes that ground:

| Claims | Obviousness combinations in the district court litigation |
|---|---|
| 11 of '032 patent | Ping in view of Luby98, Divsalar, and Luby97 |
| | Ping in view of Richardson99, Divsalar, and Luby97 |
| | Ping in view of MacKay, and Pfister/Pfister Slides |
| | Ping in view of Luby98 and Pfister/Pfister Slides |
| | Divsalar in view of MacKay and Luby97 |
| | Ping in view of MacKay, Divsalar, and Luby97 |
| | Ping in view of Luby98, and Divsalar |

In IPR2017-00728, the PTAB instituted only a single ground as to claim 18 of the '032 patent—Ping in view of MacKay, Divsalar, and Luby97.  However, none of Defendants' obviousness combinations there includes that ground:

| Claim | Obviousness combinations in the district court litigation |
|---|---|
| 18 of '032 patent | Ping in view of Luby98, Divsalar, and Luby97 |
| | Ping in view of Richardson99, Divsalar, and Luby97 |
| | Ping in view of MacKay, and Pfister/Pfister Slides |
| | Ping in view of Luby98 and Pfister/Pfister Slides |
| | Divsalar in view of MacKay and Luby97 |
| | Ping in view of MacKay, Divsalar, and Luby97[8] |
| | Ping in view of Luby98, and Divsalar |

Accordingly, because the PTAB instituted these IPRs without any of the grounds asserted by Defendants in the litigation, the grounds raised in the litigation could not have been raised during an IPR, and are thus not estopped.  *Shaw Indus. Grp., Inc.*, 817 F.3d at 1300; *HP Inc.*, 817 F.3d at 1347-48 (same); *Finjan, Inc.*, 283 F. Supp. 3d at 856; *Verinata Health, Inc.*, 2017 WL 235048, at *2-3, *4 n.4; *Intellectual Ventures I LLC*, 221 F. Supp. 3d at 554; *see also XR Commc'ns, LLC*, 2018 WL 2734849, at *1 (estoppel applies to "specific IPR petitions that are

---

[8]  Although Defendants presented Ping in view of MacKay, Divsalar, and Luby97 in an IPR regarding claim 18 of the '032 patent, Defendants did not present Ping in view of MacKay, Divsalar, and Luby97, where Divsalar was presented as art based on the "known or used" ground.  Invalidity based an invention known or used in the United States prior to the invention of the patents-in-suit is a ground that can only be litigated in a district court.  *See supra* Section IV.B.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

1  granted and result in a final written decision").

2        **B.**    **Defendants' Obviousness Combinations Include Prior Art Under
3  the "Known Or Used" Prong Of § 102(a) That Could Not Have
    Been Raised In An IPR.**

4         Nearly all of Defendants' obviousness combinations include prior art based

5  on the "known or used" prong under § 102(a) that could not have been raised in an

6  IPR.  In particular, with the exception of a single combination, every obviousness

7  combination includes one or more of Divsalar, Richardson99, Frey, Frey Slides,

8  Pfister, or Pfister Slides.  Thus, the following combinations could not have been

9  raised in an IPR (art based on the "known or used" prong in yellow highlighting):

| Claims | Combinations |
|---|---|
| 11 and 18 of '032 patent | Ping in view of Luby98, Divsalar, and Luby97 |
| | Ping in view of Richardson99, Divsalar, and Luby97 |
| | Ping in view of MacKay, and Pfister/Pfister Slides |
| | Ping in view of Luby98 and Pfister/Pfister |
| | Divsalar in view of MacKay and Luby97 |
| | Ping in view of MacKay, Divsalar, and Luby97 |
| | Ping in view of Luby98, and Divsalar |
| Claims 13 and 22 of '781 patent | Divsalar in view of Ping and Richardson99 |
| | Divsalar in view of Luby97 and Luby98 |
| | Divsalar in view of Ping and Frey/Frey Slides |
| | Pfister/Pfister Slides in view of Luby97 and Luby98 |
| | Divsalar in view of Ping and Luby98 |
| | Divsalar in view of Luby97 and Richardson99 |

20         For example, the Pfister Paper and Pfister Slides are evidence that Repeat-

21  Accumulate-Accumulate ("RAA") codes were known and used in the United States

22  prior to the conception of the inventions claims in the patents-in-suit.  Defendants

23  expect to present testimony and documentary evidence at trial, including from the

24  presenter of the Pfister Paper and Slides Dr. Paul Siegel, demonstrating that this

25  "known or used" prior art rendered Caltech's asserted claims obvious.  Among

26  other testimony, Defendants expect Dr. Siegel to testify that he and his co-author,

27  Dr. Henry Pfister, invented and developed RAA codes at the University of San

28

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

1    Diego in the early part of 1999.  Dr. Pfister (who Caltech is deposing) is expected

2    to testify that he wrote software to simulate RAA codes while working on the

3    Pfister Paper.  Dr. Siegel and Dr. Pfister then widely disseminated the results of

4    those simulations and their work on RAA codes by presenting the Pfister Slides and

5    Paper to the interested public at the Allerton Conference on Communication,

6    Control, and Computing in September 1999.  (Ex. 26 [Siegel Report] at ¶¶ 57-98;

7    Ex. 27 [Pfister Slides] at 20.)  That presentation informed the audience how to

8    replicate the RAA codes that Dr. Siegel and Dr. Pfister simulated at the University

9    of San Diego and explained the results of those simulations.  (Ex. 26 [Siegel

10   Report] at ¶¶ 93-94.)  Dr. Pfister and Dr. Siegel subsequently posted the Pfister

11   Paper that described RAA codes to the Internet in October 1999 and circulated it to

12   other academics interested in the topic (Ex. 26 [Siegel Report] at ¶¶ 97-98), and the

13   Proceedings of the Allerton Conference containing the Pfister paper was published

14   in early 2000.  The Pfister Paper and Pfister Slides, as well as Dr. Siegel and Dr.

15   Pfister's testimony, will illustrate that RAA codes disclosed many elements of the

16   asserted claims that, in combination with other references, render the patents-in-suit

17   invalid.  By presenting the slides at the Allerton Conference, Dr. Pfister and Dr.

18   Siegel made RAA codes known to persons of ordinary skill in the art in the United

19   States, and Dr. Pfister and Dr. Siegel used RAA codes in the United States, while

20   working on the Pfister paper.  Thus, regardless of whether the Pfister Paper and

21   Pfister Slides were published prior to the invention of the patents-in-suit (which

22   Caltech disputes), Defendants have ample evidence to show that the invention

23   described in the Pfister Paper and Pfister Slides (*i.e.* RAA codes) was known and

24   used in the United States prior to the invention of the patents-in-suit.

25         Defendants intend similar presentations for Divsalar, Richardson99, Frey,

26   and the Frey Slides.  For example, Defendants will present evidence from witnesses

27   such as Dr. Divsalar (one of Caltech's experts and one of the authors of Divsalar),

28

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

Dr. Jin (an inventor of the patents-in-suits and one of the authors of Divsalar), Dr. Blanksby (a Broadcom employee who learned about Richardson99 contemporaneously with Richardson99's circulation in 1999 and applied its teachings, *see* Ex. 28 [Blanksby Disclosure] at ¶ 5), and Dr. Frey (one of Defendants' experts) to illustrate the state of the art and that the inventions described in for Divsalar, Richardson99, Frey, and the Frey Slides were "known or used" in the United States prior to the purported invention of the patents-in-suit.

Moreover, Caltech's own argument that Divsalar, Richardson99, Frey, Frey Slides, Pfister, and Pfister Slides do not qualify as "printed publications" under § 102 is inconsistent with its present estoppel theory.  For example, in IPR2017-00210, IPR2017-00219, IPR2017-00700, Caltech successfully argued that the PTAB could not institute IPRs that included the Pfister Slides as part of an obviousness combination.  Accepting Caltech's argument, the PTAB concluded that the Pfister Slides were not a printed publication and thus not eligible to be raised in an IPR.  (Dkt. 740-12 [IPR2017-00700, Paper 14] at 23-24 (denying institution on grounds that included Pfister Slides); Ex. 14 [IPR2017-00219, Paper 17] at 14-15; Ex. 15 [IPR2017-00210, Paper 18].)  Accordingly, this Court is the only forum in which Defendants are permitted to present invalidity based upon the RAA code invention "known or used" in the Pfister Slides.  Defendants' invalidity arguments based upon the inventions "known or used" in Divsalar, Richardson99, Frey, Frey Slides, and Pfister were likewise ineligible for resolution through IPR. This Court is the only forum available to address those invalidity grounds.

To the extent Caltech intends to argue that presenting "known or used" prior art grounds is no different than presenting "printed publication" grounds, Caltech is arguing against the § 102 statutory scheme established by Congress.  Indeed, Caltech's own objection to Divsalar, Richardson99, Frey, Frey Slides, Pfister, and the Pfister Slides as supposedly not meeting the test for "printed publication" status

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

demonstrates this argument to be incorrect.  In any event, the test for "printed publication" status is simply different from the test for whether an invention was "known or used" in the prior art.  *Compare In re Cronyn*, 890 F.2d 1158, 1160 (Fed. Cir. 1989) ("The statutory phrase 'printed publication' has been interpreted to mean that before the critical date the reference must have been sufficiently accessible to the public interested in the art; dissemination and public accessibility are the keys to the legal determination whether a prior art reference was 'published.'") *with Ecolochem, Inc. v. S. Cal. Edison Co.*, 227 F.3d 1361, 1369 (Fed. Cir. 2000) (finding a non-disseminated/non-published presentation at a conference can be "indicative of the state of knowledge and use in this country" and can qualify as prior art for anticipation purposes).

These two different § 102 prior art grounds are also applied differently.  For example, both Frey and Frey Slides provide evidence of what was "known or used" under § 102, even though as the Court has recognized these two documents cannot be treated as a single "publication" for § 102 purposes.  (Dkt. 673 at 9; Dkt. 682.) (*See also Advanced Display Sys. v. Kent State Univ.*, 212 F.3d 1272, 1282 (Fed. Cir. 2000) ("[Under Section 102(b)] invalidity by anticipation requires that the four corners of a single, prior art document describe every element of the claimed invention, either expressly or inherently, such that a person of ordinary skill in the art could practice the invention without undue experimentation.").)  The same is true of Pfister and Pfister slides.  (Dkt. 673 at 9; Dkt. 682.)  Moreover, because Dr. Divsalar, Dr. Frey, Dr. Pfister, and Dr. Siegel have not yet been deposed in this case, we do not yet have a complete record of what was "known or used" in their respective references.[9]  As a result, Caltech's motion is both contrary to the statutory scheme Congress established in the Patent Act and, at best, premature

---

[9]  Relatedly, the PTAB has yet to rule on any of Defendants' IPR petitions asserting Frey against the '710 Patent.  Because the PTAB has not yet reached a decision on that patent, the PTAB may find that Frey is not a publication appropriate for an IPR, which requires that it be litigated in the district court.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

1  under Federal Rule of Civil Procedure 56(d).

2  **V.    CONCLUSION**

3    For the foregoing reasons, Defendants respectfully request the Court deny

4  Caltech's motion for partial summary judgment in its entirety.

5

6    Respectfully submitted,

7

8  DATED:  November 6, 2018    By: __/s/ *James M. Dowd*___
   JAMES M. DOWD (SBN 259578)

9    james.dowd@wilmerhale.com
   AARON S. THOMPSON (SBN 272391)

10    aaron.thompson@wilmerhale.com
   WILMER CUTLER PICKERING

11      HALE AND DORR LLP
   350 South Grand Avenue, Suite 2100

12    Los Angeles, California 90071
   Tel:  (213) 443-5300

13    Fax:  (213) 443-5400

14

15    MARK D. SELWYN (SBN 244180)
   mark.selwyn@wilmerhale.com

16    WILMER CUTLER PICKERING
     HALE AND DORR LLP

17    950 Page Mill Road
   Palo Alto, California 94304

18    Tel:  (650) 858-6000
   Fax:  (650) 858-6100

19

20    Attorneys for Defendants *Broadcom Limited,*
   *Broadcom Corporation, Avago Technologies*

21    *Limited, and Apple Inc.*

22

23

24

25

26

27

28