MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Tel:    (650) 858-6000
Fax:    (650) 858-6100

JAMES M. DOWD (SBN 259578)
james.dowd@wilmerhale.com
AARON THOMPSON (SBN 272391)
aaron.thompson@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA  90071
Tel:    (213) 443-5300
Fax:    (213) 443-5400

Attorneys for Defendants and Counter-
Claim Plaintiffs *Broadcom Limited,*
*Broadcom Corporation, Avago*
*Technologies Limited, and Apple Inc.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CALIFORNIA INSTITUTE OF TECHNOLOGY, a California corporation,<br><br>               Plaintiff,<br><br>      v.<br><br>BROADCOM LIMITED, BROADCOM CORPORATION, AVAGO TECHNOLOGIES LIMITED, APPLE INC., AND CYPRESS SEMICONDUCTOR CORPORATION,<br><br>               Defendants. | CASE NO. 2:16-cv-3714-GW-AGRx<br><br>**DEFENDANTS' RESPONSE TO CALTECH'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF VALIDITY AND DEFENDANTS' ADDITIONAL MATERIAL FACTS**<br><br>Hon. George H. Wu<br>United States District Judge |

1
2
3

BROADCOM LIMITED, BROADCOM CORPORATION, AVAGO TECHNOLOGIES LIMITED, AND APPLE INC.,

4                    Counterclaim-Plaintiffs,

5          v.

6  THE CALIFORNIA INSTITUTE OF TECHNOLOGY

7                    Counterclaim-Defendant.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' RESPONSE TO CALTECH'S STATEMENT OF UNCONTROVERTED FACTS AND DEFENDANTS' ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW

CASE NO. 2:16-CV-3714-GW (AGRx)

**DEFENDANTS' RESPONSE TO UNCONTROVERTED FACTS**

| Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response to Cited Fact and Supporting Evidence |
|---|---|
| 1. On December 12, 2016, Apple filed a petition—IPR2017-00423—for inter partes review of claims 13 and 22 of U.S. Patent No. 7,916,781, among others.<br><br>Ex. C | Undisputed. |
| 2. On January 20, 2017, Apple filed two petitions— IPR2017-00700 and IPR2017-00728—for inter partes review of claims 11 and 18 of U.S. Patent No. 7,421,032, among others.<br><br>Ex. D; Ex. F | Undisputed. |

| Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response to Cited Fact and Supporting Evidence |
|---|---|
| 3. Apple Inc. and Broadcom Corp. are listed as the real parties-in-interest in the IPR petitions for IPR2017-00423, IPR2017-00700, and IPR2017-00728. Broadcom Corp. and Avago Technologies Ltd. are each subsidiaries of Broadcom Ltd., which is now known as Broadcom Inc.<br><br>Ex. C; Ex. D; Ex. F; Dkt. 36 ¶¶ 8-9; Dkt. 47 ¶¶ 8-9; Dkt. 583 | Undisputed. |
| 4. On July 5, 2017, the Patent Trial and Appeal Board instituted IPR2017-00423 as to claims 13 and 22 based on the combination of Ping and MacKay.<br><br>Ex. H | Undisputed. |

DEFENDANTS' RESPONSE TO CALTECH'S STATEMENT OF UNCONTROVERTED FACTS
AND DEFENDANTS' ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW
CASE NO. 2:16-CV-3714-GW (AGRx)

| Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response to Cited Fact and Supporting Evidence |
|---|---|
| 5. On August 4, 2017, the Patent Trial and Appeal Board instituted IPR2017-00700 as to claim 11 based on the combination of Ping, MacKay, and Divsalar.<br><br>Ex. I | Undisputed. |
| 6. On August 21, 2017, the Patent Trial and Appeal Board instituted IPR2017-00728 as to claim 18 based on the combination of Ping, MacKay, Divsalar, and Luby97.<br><br>Ex. K | Undisputed. |
| 7. On June 29, 2018, in IPR2017-00423 (as consolidated with IPR2017-00297), the Patent Trial and Appeal Board issued a final written decision, finding that claims 13 and 22 of U.S. Patent No. 7,916,781 had not been shown to be unpatentable.<br><br>Ex. L | With respect to the grounds instituted in IPR2017-00423, undisputed.  Disputed as to non-instituted grounds. |

- 3 -

DEFENDANTS' RESPONSE TO CALTECH'S STATEMENT OF UNCONTROVERTED FACTS AND DEFENDANTS' ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW
CASE NO. 2:16-CV-3714-GW (AGRx)

| Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response to Cited Fact and Supporting Evidence |
|---|---|
| 8. On August 2, 2018, in IPR2017-00700, the Patent Trial and Appeal Board issued a final written decision, finding that claim 11 of U.S. Patent No. 7,421,032 had not been shown to be unpatentable.<br><br>Ex. M | With respect to the grounds instituted in IPR2017-00700, undisputed.  Disputed as to non-instituted grounds. |
| 9. On August 20, 2018, in IPR2017-00728, the Patent Trial and Appeal Board issued a final written decision, finding that claim 18 of U.S. Patent No. 7,421,032 had not been shown to be unpatentable.<br><br>Ex. N | With respect to the grounds instituted in IPR2017-00728, undisputed.  Disputed as to non-instituted grounds. |

- 4 -

DEFENDANTS' RESPONSE TO CALTECH'S STATEMENT OF UNCONTROVERTED FACTS AND DEFENDANTS' ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW
CASE NO. 2:16-CV-3714-GW (AGRx)

| Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response to Cited Fact and Supporting Evidence |
|---|---|
| 10. In the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity, Dr. Frey challenges U.S. Patent 7,916,781 as obvious under 35 U.S.C. § 103, relying on combinations comprised of Divsalar, Frey, Frey Slides, Luby97, Luby98, Pfister, Pfister Slides, Ping, and Richardson99.<br><br>Ex. U | Incomplete.  Dr. Frey opines that claims 13 and 22 of the '781 patent are obvious in light of the following combinations based on both printed publications and art under the "known or used" prong of 35 U.S.C. § 102(a):<br><br>• Divsalar in view of Ping and Richardson99<br>• Divsalar in view of Luby97 and Luby98<br>• Divsalar in view of Ping and Frey/Frey Slides<br>• Ping in view of Luby98<br>• Pfister/Pfister Slides in view of Luby97 and Luby98<br>• Divsalar in view of Ping and Luby98<br>• Divsalar in view of Luby97 and Richardson99 |
| 11. In the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity, Dr. Frey challenges U.S. Patent 7,421,032 as obvious under 35 U.S.C. § 103, relying on combinations comprised of Divsalar, Luby97, Luby98, MacKay, Pfister, Pfister Slides, Ping, and Richardson99.<br><br>Ex. T | Incomplete.  Dr. Frey opines that claims 11 and 18 of the '032 patent are obvious in light of the following combinations based on both printed publications and art under the "known or used" prong of 35 U.S.C. § 102(a):<br><br>• Ping in view of Luby98, Divsalar, and Luby97<br>• Ping in view of Richardson99, Divsalar, and Luby97<br>• Ping in view of MacKay, and Pfister/Pfister Slides<br>• Ping in view of Luby98 and Pfister/Pfister Slides<br>• Divsalar in view of MacKay and Luby97<br>• Ping in view of MacKay, Divsalar, and Luby97<br>• Ping in view of Luby98, and Divsalar |

| Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response to Cited Fact and Supporting Evidence |
|---|---|
| 12. The "Divsalar" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity is a printed publication under pre-AIA 35 U.S.C. § 102(a).<br><br>Ex. T; Ex. U; Ex. V | Incomplete.  Defendants contend that Divsalar qualifies as both a "printed publication" and as evidence of an invention "known or used" in the United States under § 102.  Caltech elsewhere asserts that the "Divsalar" reference is not a prior art printed publication under pre-AIA 35 U.S.C. § 102(a).  (Ex. 5 [Caltech's 10/13/17 Response to Fourth Set of RFAs] at 27; Ex. 2 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00210, Paper 17 (PTAB Apr. 3, 2017)] at 6-7, 12-13; Ex. 16 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00219, Paper 16 (PTAB Apr. 3, 2017)] at 8-9; Ex. 17 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00297, Paper 14 (PTAB Apr. 7, 2017)] at 10-12; ) |

- 6 -

DEFENDANTS' RESPONSE TO CALTECH'S STATEMENT OF UNCONTROVERTED FACTS
AND DEFENDANTS' ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW
CASE NO. 2:16-CV-3714-GW (AGRx)

| Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response to Cited Fact and Supporting Evidence |
|---|---|
| 13. The "Frey" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity is a printed publication under pre-AIA 35 U.S.C. § 102(a).<br><br>Ex. T; Ex. U; Ex. V | Incomplete.  Defendants contend that Frey qualifies as both a "printed publication" and as evidence of an invention "known or used" in the United States under § 102.  Caltech elsewhere asserts that the "Frey" reference is not a prior art printed publication under pre-AIA 35 U.S.C. § 102(a).  (Ex. 7 [Caltech's 6/7/2018 Third Supplemental Responses to First Set of Common Interrogatories] at 174, 187, 243, 247, 253; Ex. 6 [Caltech's 10/12/2017 Response to First Set of RFAs] at 43-44; Ex. 2 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00210, Paper 17 (PTAB Apr. 3, 2017)] at 6, 8-12; Ex. 16 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00219, Paper 16 (PTAB Apr. 3, 2017)] at 32; *see also* Ex. 8 [Shoemake Validity Report] at ¶ 242; *see also* Ex. 10 [Hassibi] at ¶ 139; *see also* Ex. 11 [Divsalar Report] at ¶ 98.) |
| 14. The "Frey Slides" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity is a printed publication under pre-AIA 35 U.S.C. § 102(a).<br><br>Ex. T; Ex. U; Ex. V | Incomplete.  Defendants contend that the Frey Slides qualifies as both a "printed publication" and as evidence of an invention "known or used" in the United States under § 102.  Caltech elsewhere asserts that the "Frey Slides" are not a prior art printed publication under pre-AIA 35 U.S.C. § 102(a).  (Ex. 7 [Caltech's 6/7/2018 Third Supplemental Responses to First Set of Common Interrogatories] at 174, 187, 243, 247, 253; Ex. 5 [Caltech's 10/13/17 Response to Fourth Set of RFAs] at 18; *see also* Ex. 8 [Shoemake Validity Report] at ¶ 243; *see also* Ex. 9 [Mitzenmacher] at ¶ 123; *see also* Ex. 11 [Divsalar Report] at ¶ 101.) |

- 7 -

DEFENDANTS' RESPONSE TO CALTECH'S STATEMENT OF UNCONTROVERTED FACTS AND DEFENDANTS' ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW
CASE NO. 2:16-CV-3714-GW (AGRx)

| Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response to Cited Fact and Supporting Evidence |
|---|---|
| 15. The "Luby97" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity is a printed publication under pre-AIA 35 U.S.C. § 102(a).<br><br>Ex. T; Ex. U; Ex. V | Undisputed. |
| 16. The "Luby98" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity is a printed publication under pre-AIA 35 U.S.C. § 102(a).<br><br>Ex. T; Ex. U; Ex. V | Undisputed. |
| 17. The "MacKay" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity is a printed publication under pre-AIA 35 U.S.C. § 102(a).<br><br>Ex. T; Ex. U; Ex. V | Undisputed. |

| Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response to Cited Fact and Supporting Evidence |
|---|---|
| 18. The "Ping" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity is a printed publication under pre-AIA 35 U.S.C. § 102(a).<br><br>Ex. T; Ex. U; Ex. V | Undisputed. |
| 19. The "Pfister" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity is a printed publication under pre-AIA 35 U.S.C. § 102(a).<br><br>Ex. T; Ex. U; Ex. V | Incomplete.  Defendants contend that Pfister qualifies as both a "printed publication" and as evidence of an invention "known or used" in the United States under § 102.  Caltech elsewhere asserts that the "Pfister" reference is not a prior art printed publication under pre-AIA 35 U.S.C. § 102(a).  (Ex. 7 [Caltech's 6/7/2018 Third Supplemental Responses to First Set of Common Interrogatories] at 176, 184-85, 190, 210, 214, 220, 221, 226, 227, 234, 240, 243, 248, 255; Ex. 5 [Caltech's 10/13/17 Response to Fourth Set of RFAs] at 70-71; *see also* Ex. 8 [Shoemake Validity Report] at ¶ 252; *see also* Ex. 9 [Mitzenmacher] at ¶ 150; *see also* Ex. 10 [Hassibi] at ¶¶ 136-138; *see also* Ex. 11 [Divsalar Report] at ¶ 102.) |

| Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response to Cited Fact and Supporting Evidence |
|---|---|
| 20. The "Pfister Slides" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity is a printed publication under pre-AIA 35 U.S.C. § 102(a). <br><br> Ex. T; Ex. U; Ex. V | Incomplete.  Defendants contend that the Pfister Slides qualifies as both a "printed publication" and as evidence of an invention "known or used" in the United States under § 102.  Caltech elsewhere asserts that the "Pfister Slides" are not a prior art printed publication under pre-AIA 35 U.S.C. § 102(a).  (Ex. 7 [Caltech's 6/7/2018 Third Supplemental Responses to First Set of Common Interrogatories] at 176, 184-85, 190, 210, 214, 220, 221, 226, 227, 234, 240, 243, 248, 255; Ex. 5 [Caltech's 10/13/17 Response to Fourth Set of RFAs] at 64-65; Ex. 2 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00210, Paper 17 (PTAB Apr. 3, 2017)] at 6-7, 13-17; Ex. 16 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00219, Paper 16 (PTAB Apr. 3, 2017)] at 9-12; Ex. 3 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00700, Paper 13 (PTAB May 8, 2017)] at 24-26; *see also* Ex. 8 [Shoemake Validity Report] at ¶ 253; *see also* Ex. 11 [Divsalar Report] at ¶ 103.) |

| Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response to Cited Fact and Supporting Evidence |
|---|---|
| 21. The "Richardson99" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity is a printed publication under pre-AIA 35 U.S.C. § 102(a). <br><br> Ex. T; Ex. U; Ex. V | Incomplete.  Defendants contend that Richardson99 qualifies as both a "printed publication" and as evidence of an invention "known or used" in the United States under § 102.  Caltech elsewhere asserts that Richardson99 is not a prior art printed publication under pre-AIA 35 U.S.C. § 102(a).  (Ex. 7 [Caltech's 6/7/2018 Third Supplemental Responses to First Set of Common Interrogatories] at 197, 207, 242, 245, 251; Ex. 6 [Caltech's 10/12/17 Response to First Set of RFAs] at 41-42; Ex. 12 [10/24/18 Letter from Briggs to Thompson] at 1-2; *see also* Ex. 9 [Mitzenmacher] at ¶¶ 152-157; *see also* Ex. 10 [Hassibi] at ¶¶ 160; *see also* Ex. 11 [Divsalar Report] at ¶¶ 104-108.) |
| 22. The "Divsalar" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity was known to Defendants prior to December 12, 2016. <br><br> Ex. A | Immaterial.  The invalidity grounds that Defendants assert in this litigation against the claims subject to this motion incorporate Divsalar as evidence of an invention "known or used" in the United States under pre-AIA 35 U.S.C. § 102(a).  (Ex. 13 [Defendants' 5/31/18 Invalidity Contentions Cover Pleading] at 4-11 (identifying "known or used ground" for Divsalar, and identifying Divsalar as art under § 102(a)).)  35 U.S.C. § 311(b) prohibited Defendants from presenting such combinations in an IPR. |
| 23. The "Frey" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity was known to Defendants prior to December 12, 2016. <br><br> Ex. A | Immaterial.  The invalidity grounds that Defendants assert in this litigation against the claims subject to this motion incorporate Frey as evidence of an invention "known or used" in the United States under pre-AIA 35 U.S.C. § 102(a).  (Ex. 13 [Defendants' 5/31/18 Invalidity Contentions Cover Pleading] at 4-11 (identifying "known or used ground" for Frey/Frey Slides).)  35 U.S.C. § 311(b) prohibited Defendants from presenting such combinations in an IPR. |

| Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response to Cited Fact and Supporting Evidence |
|---|---|
| 24. The "Frey Slides" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity was known to Defendants prior to December 12, 2016.<br><br>Ex. A | Immaterial.  The invalidity grounds that Defendants assert in this litigation against the claims subject to this motion incorporate Frey Slides as evidence of an invention "known or used" in the United States under pre-AIA 35 U.S.C. § 102(a).  (Ex. 13 [Defendants' 5/31/18 Invalidity Contentions Cover Pleading] at 4-11 (identifying "known or used ground" for Frey/Frey Slides).)  35 U.S.C. § 311(b) prohibited Defendants from presenting such combinations in an IPR. |
| 25. The "Luby97" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity was known to Defendants prior to December 12, 2016.<br><br>Ex. A | Immaterial.  In this litigation, Defendants' invalidity grounds that incorporate the Luby97 prior art against the claims subject to this motion could not have been raised in an IPR because Defendants rely on the "known or used" prong of pre-AIA 35 U.S.C. § 102(a) for the art that is combined with Luby97.  (Ex. 13 [Defendants' 5/31/18 Invalidity Contentions Cover Pleading] at 4-11 (identifying "known or used ground" for Divsalar, Richardson99, Pfister/Pfister Slides and Frey/Frey Slides, and identifying Divsalar and Richardson99 as art under § 102(a).) |
| 26. The "Luby98" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity was known to Defendants prior to December 12, 2016.<br><br>Ex. A | Immaterial.  In this litigation, Defendants' invalidity grounds that incorporate the Luby98 prior art against the claims subject to this motion could not have been raised in an IPR because Defendants rely on the "known or used" prong of pre-AIA 35 U.S.C. § 102(a) for the art that is combined with Luby98.  (Ex. 13 [Defendants' 5/31/18 Invalidity Contentions Cover Pleading] at 4-11 (identifying "known or used ground" for Divsalar, Richardson99, Pfister/Pfister Slides and Frey/Frey Slides, and identifying Divsalar and Richardson99 as art under § 102(a).) |

DEFENDANTS' RESPONSE TO CALTECH'S STATEMENT OF UNCONTROVERTED FACTS
AND DEFENDANTS' ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW
CASE NO. 2:16-CV-3714-GW (AGRx)

| Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response to Cited Fact and Supporting Evidence |
|---|---|
| 27. The "MacKay" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity was known to Defendants prior to December 12, 2016.<br><br>Ex. A | Immaterial.  In this litigation, Defendants' invalidity grounds that incorporate the MacKay prior art against the claims subject to this motion could not have been raised in an IPR because Defendants rely on the "known or used" prong of pre-AIA 35 U.S.C. § 102(a) for the art that is combined with MacKay.  (Ex. 13 [Defendants' 5/31/18 Invalidity Contentions Cover Pleading] at 4-11 (identifying "known or used ground" for Divsalar, Richardson99, Pfister/Pfister Slides and Frey/Frey Slides, and identifying Divsalar and Richardson99 as art under § 102(a).) |
| 28. The "Ping" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity was known to Defendants prior to December 12, 2016.<br><br>Ex. A | Immaterial.  In this litigation, Defendants' invalidity grounds that incorporate the Ping prior art against the claims subject to this motion could not have been raised in an IPR because Defendants rely on the "known or used" prong of pre-AIA 35 U.S.C. § 102(a) for the art that is combined with Ping.  (Ex. 13 [Defendants' 5/31/18 Invalidity Contentions Cover Pleading] at 4-11 (identifying "known or used ground" for Divsalar, Richardson99, Pfister/Pfister Slides and Frey/Frey Slides, and identifying Divsalar and Richardson99 as art under § 102(a).) |
| 29. The "Pfister" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity was known to Defendants prior to December 12, 2016. Ex. A | Immaterial.  The invalidity grounds that Defendants assert in this litigation against the claims subject to this motion incorporate Pfister as evidence of an invention "known or used" in the United States under pre-AIA 35 U.S.C. § 102(a).  (Ex. 13 [Defendants' 5/31/18 Invalidity Contentions Cover Pleading] at 4-11 (identifying "known or used ground" for Pfister/Pfister Slides).)  35 U.S.C. § 311(b) prohibited Defendants from presenting such combinations in an IPR. |

| Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response to Cited Fact and Supporting Evidence |
| --- | --- |
| 30. The "Pfister Slides" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity was known to Defendants prior to December 12, 2016.<br><br>Ex. A | Immaterial. The invalidity grounds that Defendants assert in this litigation against the claims subject to this motion incorporate the Pfister Slides as evidence of an invention "known or used" in the United States under pre-AIA 35 U.S.C. § 102(a). (Ex. 13 [Defendants' 5/31/18 Invalidity Contentions Cover Pleading] at 4-11 (identifying "known or used ground" for Pfister/Pfister Slides).) 35 U.S.C. § 311(b) prohibited Defendants from presenting such combinations in an IPR. |
| 31. The "Richardson99" reference in the Amended Expert Report of Dr. Brendan Frey Regarding Invalidity was known to Defendants prior to December 12, 2016.<br><br>Ex. A | Immaterial. The invalidity grounds that Defendants assert in this litigation against the claims subject to this motion incorporate Richardson99 as evidence of an invention "known or used" in the United States under pre-AIA 35 U.S.C. § 102(a). (Ex. 13 [Defendants' 5/31/18 Invalidity Contentions Cover Pleading] at 5-11 (identifying "known or used ground" for Richardson99, and identifying Richardson99 as art under § 102(a).) 35 U.S.C. § 311(b) prohibited Defendants from presenting such combinations in an IPR. |

| Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response to Cited Fact and Supporting Evidence |
|---|---|
| 32. As the petitioner, Apple could have included "Divsalar" in a combination raised in IPR2017- 00423, IPR2017-00700, and IPR2017-00728.<br><br>Ex. A; Ex. C; Ex. D; Ex. F | Disputed.  The invalidity grounds that Defendants assert in this litigation against the claims subject to this motion incorporate Divsalar as evidence of an invention "known or used" in the United States under pre-AIA 35 U.S.C. § 102(a).  (Ex. 13 [Defendants' 5/31/18 Invalidity Contentions Cover Pleading] at 4, 6 (identifying "known or used ground" for Divsalar, and identifying Divsalar as art under § 102(a)).)  35 U.S.C. § 311(b) prohibited Defendants from presenting such combinations in IPR2017- 00423, IPR2017-00700, and IPR2017-00728.  Indeed, Caltech asserted in those same IPRs that "Divsalar" does not qualify as "printed publication" prior art under § 102(a) and thus was not an appropriate ground for an IPR.  (Ex. 2 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00210, Paper 17 (PTAB Apr. 3, 2017)] at 6-7, 12-13; Ex. 16 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00219, Paper 16 (PTAB Apr. 3, 2017)] at 8-9; Ex. 17 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00297, Paper 14 (PTAB Apr. 7, 2017)] at 10-12.) |

- 15 -

DEFENDANTS' RESPONSE TO CALTECH'S STATEMENT OF UNCONTROVERTED FACTS AND DEFENDANTS' ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW
CASE NO. 2:16-CV-3714-GW (AGRx)

| Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response to Cited Fact and Supporting Evidence |
|---|---|
| 33. As the petitioner, Apple could have included "Frey" in a combination raised in IPR2017-00423, IPR2017- 00700, and IPR2017-00728.<br><br>Ex. A; Ex. C; Ex. D; Ex. F | Disputed.  The invalidity grounds that Defendants assert in this litigation against the claims subject to this motion incorporate Frey as evidence of an invention "known or used" in the United States under pre-AIA 35 U.S.C. § 102(a).  (Ex. 13 [Defendants' 5/31/18 Invalidity Contentions Cover Pleading] at 4-11 (identifying "known or used ground" for Frey/Frey Slides).)  35 U.S.C. § 311(b) prohibited Defendants from presenting such combinations in IPR2017-00423, IPR2017-00700, and IPR2017-00728.  Indeed, Caltech asserted in those same IPRs that "Frey" does not qualify as "printed publication" prior art under § 102(a) and thus was not an appropriate ground for an IPR.  (Ex. 2 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00210, Paper 17 (PTAB Apr. 3, 2017)] at 6, 8-12; Ex. 16 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00219, Paper 16 (PTAB Apr. 3, 2017)] at 32.; *see also* Ex. 8 [Shoemake Validity Report] at ¶ 242; *see also* Ex. 10 [Hassibi] at ¶ 139; *see also* Ex. 11 [Divsalar Report] at ¶ 98.) |

- 16 -

DEFENDANTS' RESPONSE TO CALTECH'S STATEMENT OF UNCONTROVERTED FACTS AND DEFENDANTS' ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW CASE NO. 2:16-CV-3714-GW (AGRx)

| Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response to Cited Fact and Supporting Evidence |
|---|---|
| 34. As the petitioner, Apple could have included "Frey Slides" in a combination raised in IPR2017-00423, IPR2017-00700, and IPR2017-00728.<br><br>Ex. A; Ex. C; Ex. D; Ex. F | Disputed.  The invalidity grounds that Defendants assert in this litigation against the claims subject to this motion incorporate the Frey Slides as evidence of an invention "known or used" in the United States under pre-AIA 35 U.S.C. § 102(a).  (Ex. 13 [Defendants' 5/31/18 Invalidity Contentions Cover Pleading] at 4-11 (identifying "known or used ground" for Frey/Frey Slides).)  35 U.S.C. § 311(b) prohibited Defendants from presenting such combinations in IPR2017- 00423, IPR2017-00700, and IPR2017-00728.  Indeed, Caltech has elsewhere asserted that the "Frey Slides" do not qualify as "printed publication" prior art under § 102(a) and thus could not been an appropriate ground for an IPR.  (Ex. 7 [Caltech's 6/7/2018 Third Supplemental Responses to First Set of Common Interrogatories] at 174, 187, 243, 247, 253; Ex. 5 [Caltech's 10/13/17 Response to Fourth Set of RFAs] at 18; *see also* Ex. 8[Shoemake Validity Report] at ¶ 243; *see also* Ex. 9 [Mitzenmacher] at ¶ 123; *see also* Ex. 11 [Divsalar Report] at ¶ 101.) |
| 35. As the petitioner, Apple could have included "Luby97" in a combination raised in IPR2017-00423, IPR2017-00700, and IPR2017-00728.<br><br>Ex. A; Ex. C; Ex. D; Ex. F | Immaterial.  In this litigation, Defendants' invalidity grounds that incorporate the Luby97 prior art against the claims subject to this motion could not have been raised in an IPR because Defendants rely on the "known or used" prong of pre-AIA 35 U.S.C. § 102(a) for the art that is combined with Luby97.  (Ex. 13 [Defendants' 5/31/18 Invalidity Contentions Cover Pleading] at 4-11 (identifying "known or used ground" for Divsalar, Richardson99, Pfister/Pfister Slides and Frey/Frey Slides, and identifying Divsalar and Richardson99 as art under § 102(a).) |

| Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response to Cited Fact and Supporting Evidence |
|---|---|
| 36. As the petitioner, Apple could have included "Luby98" in a combination raised in IPR2017-00423, IPR2017-00700, and IPR2017-00728.<br><br>Ex. A; Ex. C; Ex. D; Ex. F | Immaterial.  In this litigation, Defendants' invalidity grounds that incorporate the Luby98 prior art against the claims subject to this motion could not have been raised in an IPR because Defendants rely on the "known or used" prong of pre-AIA 35 U.S.C. § 102(a) for the art that is combined with Luby98.  (Ex. 13 [Defendants' 5/31/18 Invalidity Contentions Cover Pleading] at 4-11 (identifying "known or used ground" for Divsalar, Richardson99, Pfister/Pfister Slides and Frey/Frey Slides, and identifying Divsalar and Richardson99 as art under § 102(a).) |
| 37. As the petitioner, Apple could have included "MacKay" in a combination raised in IPR2017- 00423, IPR2017-00700, and IPR2017-00728.<br><br>Ex. A; Ex. C; Ex. D; Ex. F | Immaterial.  In this litigation, Defendants' invalidity grounds that incorporate the MacKay prior art against the claims subject to this motion could not have been raised in an IPR because Defendants rely on the "known or used" prong of pre-AIA 35 U.S.C. § 102(a) for the art that is combined with MacKay.  (Ex. 13 [Defendants' 5/31/18 Invalidity Contentions Cover Pleading] at 4-11 (identifying "known or used ground" for Divsalar, Richardson99, Pfister/Pfister Slides and Frey/Frey Slides, and identifying Divsalar and Richardson99 as art under § 102(a).) |
| 38. As the petitioner, Apple could have included "Ping" in a combination raised in IPR2017-00423, IPR2017- 00700, and IPR2017-00728.<br><br>Ex. A; Ex. C; Ex. D; Ex. F | Immaterial.  In this litigation, Defendants' invalidity grounds that incorporate the Ping prior art against the claims subject to this motion could not have been raised in an IPR because Defendants rely on the "known or used" prong of pre-AIA 35 U.S.C. § 102(a) for the art that is combined with Ping.  (Ex. 13 [Defendants' 5/31/18 Invalidity Contentions Cover Pleading] at 4-11 (identifying "known or used ground" for Divsalar, Richardson99, Pfister/Pfister Slides and Frey/Frey Slides, and identifying Divsalar and Richardson99 as art under § 102(a).) |

| Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response to Cited Fact and Supporting Evidence |
|---|---|
| 39. As the petitioner, Apple could have included "Pfister" in a combination raised in IPR2017-00423, IPR2017- 00700, and IPR2017-00728.<br><br>Ex. A; Ex. C; Ex. D; Ex. F | Disputed.  The invalidity grounds that Defendants assert in this litigation against the claims subject to this motion incorporate Pfister as evidence of an invention "known or used" in the United States under pre-AIA 35 U.S.C. § 102(a).  (Ex. 13 [Defendants' 5/31/18 Invalidity Contentions Cover Pleading] at 4-11 (identifying "known or used ground" for Pfister/Pfister Slides).)  35 U.S.C. § 311(b) prohibited Defendants from presenting such combinations in IPR2017- 00423, IPR2017-00700, and IPR2017-00728.  Indeed, Caltech has elsewhere asserted that "Pfister" does not qualify as "printed publication" prior art, thus could not have been an appropriate ground for an IPR.  (Ex. 7 [Caltech's 6/7/2018 Third Supplemental Responses to First Set of Common Interrogatories] at 176, 184-85, 190, 210, 214, 220, 221, 226, 227, 234, 240, 243, 248, 255; Ex. 5 [Caltech's 10/13/17 Response to Fourth Set of RFAs] at 70-71; *see also* Ex. 8 [Shoemake Validity Report] at ¶ 252; *see also* Ex. 9 [Mitzenmacher] at ¶ 150; *see also* Ex. 10 [Hassibi] at ¶¶ 136-138; *see also* Ex. 11 [Divsalar Report] at ¶ 102.) |

- 19 -

DEFENDANTS' RESPONSE TO CALTECH'S STATEMENT OF UNCONTROVERTED FACTS
AND DEFENDANTS' ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW
CASE NO. 2:16-CV-3714-GW (AGRx)

| Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response to Cited Fact and Supporting Evidence |
|---|---|
| 40. As the petitioner, Apple could have included "Pfister Slides" in a combination raised in IPR2017-00423, IPR2017-00700, and IPR2017-00728.<br><br>Ex. A; Ex. C; Ex. D; Ex. F | Disputed.  The invalidity grounds that Defendants assert in this litigation against the claims subject to this motion incorporate the Pfister Slides as evidence of an invention "known or used" in the United States under pre-AIA 35 U.S.C. § 102(a).  (Ex. 13 [Defendants' 5/31/18 Invalidity Contentions Cover Pleading] at 4-11 (identifying "known or used ground" for Pfister/Pfister Slides).)  35 U.S.C. § 311(b) prohibited Defendants from presenting such combinations in IPR2017- 00423, IPR2017-00700, and IPR2017-00728.  Indeed, Caltech asserted in those IPRs that "Pfister Slides" do not qualify as "printed publication" prior art under § 102(a) and thus could not have been an appropriate ground for an IPR.  (Ex. 2 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00210, Paper 17 (PTAB Apr. 3, 2017)] at 6-7, 13-17; Ex. 16 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00219, Paper 16 (PTAB Apr. 3, 2017)] at 9-12; Ex. 3 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00700, Paper 13 (PTAB May 8, 2017)] at 24-26; *see also* Ex. 8 [Shoemake Validity Report] at ¶ 253; *see also* Ex. 11 [Divsalar Report] at ¶ 103.) |

| Plaintiff's Uncontroverted Facts and Supporting Evidence | Defendants' Response to Cited Fact and Supporting Evidence |
|---|---|
| 41. As the petitioner, Apple could have included "Richardson99" in a combination raised in IPR2017- 00423, IPR2017-00700, and IPR2017-00728.<br><br>Ex. A; Ex. C; Ex. D; Ex. F | Disputed.  The invalidity grounds that Defendants assert in this litigation against the claims subject to this motion incorporate Richardson99 as evidence of an invention "known or used" in the United States under pre-AIA 35 U.S.C. § 102(a).  (Ex. 13 [Defendants' 5/31/18 Invalidity Contentions Cover Pleading] at 5, 8 (identifying "known or used ground" for Richardson99, and identifying Richardson99 as art under § 102(a).)  35 U.S.C. § 311(b) prohibited Defendants from presenting such combinations in IPR2017- 00423, IPR2017-00700, and IPR2017-00728.  Indeed, Caltech has elsewhere asserted that Richardson99 does not qualify as "printed publication" prior art under § 102(a), and thus could not have been an appropriate ground for an IPR.  (Ex. 7 [Caltech's 6/7/2018 Third Supplemental Responses to First Set of Common Interrogatories] at 197, 207, 242, 245, 251; Ex. 6 [Caltech's 10/12/17 Response to First Set of RFAs] at 41-42; Ex. 12 [10/24/18 Letter from Briggs to Thompson] at 1-2; *see also* Ex. 8 [Shoemake Validity Report] at ¶ 265; *see also* Ex. 9 [Mitzenmacher] at ¶¶ 152-157; *see also* Ex. 10 [Hassibi] at ¶¶ 160; *see also* Ex. 11 [Divsalar Report] at ¶¶ 104-108.) |

## DEFENDANTS' ADDITIONAL MATERIAL FACTS

| Defendants' Additional Material Facts | Supporting Evidence |
|---|---|
| 1.    On November 15, 2016, Apple filed a petition—IPR2017-00210—for *inter partes* review of claims 1-8, 10-17, 19-33 of U.S. Patent No. 7,116,710. | Dkt. 740-29 [Petition for *Inter Partes* Review of U.S. Patent No. 7,116,710, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00210, Paper 5 (PTAB Nov. 15, 2016)]. |
| 2.    On November 15, 2016, Apple filed a petition—IPR2017-00219—for *inter partes* review of claims 1-8, 10-17, 19-33 of U.S. Patent No. 7,116,710. | Ex. 1 [Petition for *Inter Partes* Review of U.S. Patent No. 7,116,710, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00219, Paper 5 (PTAB Nov. 15, 2016)]. |
| 3.    On December 12, 2016, Apple filed a petition—IPR2017-00297—for *inter partes* review of claims 3-12 and 19-21 of U.S. Patent No. 7,916,781. | Dkt. 740-5 [Petition for *Inter Partes* Review of U.S. Patent No. 7,916,781, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00297, Paper 5 (PTAB Dec. 12, 2016)]. |
| 4.    On December 12, 2016, Apple filed a petition—IPR2017-00423—for inter partes review of claims 13-22 of U.S. Patent No. 7,916,781. | Dkt. 740-6 [Petition for *Inter Partes* Review of U.S. Patent No. 7,916,781, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00423, Paper 5 (PTAB Dec. 12, 2016)]. |
| 5.    On January 20, 2017, Apple filed a petition—IPR2017-00700—for inter partes review of claims 11-17 of Patent No. 7,421,032. | Dkt. 740-7 [Petition for *Inter Partes* Review of U.S. Patent No. 7,421,032, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00700, Paper 5 (PTAB Jan. 20, 2017)]. |

| Defendants' Additional Material Facts | Supporting Evidence |
|---|---|
| 6.      On January 20, 2017, Apple filed a petition—IPR2017-00701—for inter partes review of claims 1-10 of Patent No. 7,421,032. | Dkt. 740-8 [Petition for *Inter Partes* Review of U.S. Patent No. 7,421,032, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00701, Paper 3 (PTAB Jan. 20, 2017)]. |
| 7.      On January 20, 2017, Apple filed a petition—IPR2017-00728—for inter partes review of claims 11-17 of Patent No. 7,421,032. | Dkt. 740-9 [Petition for *Inter Partes* Review of U.S. Patent No. 7,421,032, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00728, Paper 5 (PTAB Jan. 20, 2017)]. |

DEFENDANTS' RESPONSE TO CALTECH'S STATEMENT OF UNCONTROVERTED FACTS
AND DEFENDANTS' ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW
CASE NO. 2:16-CV-3714-GW (AGRx)

| Defendants' Additional Material Facts | Supporting Evidence |
|---|---|
| 8.     California Institute of Technology is listed as the real party-in-interest and patent owner of all rights to the patents at issue in the IPR petitions for IPR2017-00210, IPR2017-00219, IPR2017-00297, IPR2017-00423, IPR2017-00700, IPR2017-00701, and IPR2017-00728. | Ex. 18 [Caltech's Mandatory Notices Pursuant to 37 C.F.R. § 42.8, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00210, Paper 8 (PTAB Dec. 6, 2016)] at 1; Ex. 19 [Caltech's Mandatory Notices Pursuant to 37 C.F.R. § 42.8, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00219, Paper 8 (PTAB Dec. 6, 2016)] at 1; Ex. 20 [Caltech's Mandatory Notices Pursuant to 37 C.F.R. § 42.8, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00297, Paper 7 (PTAB Jan. 3, 2017)] at 1; Ex. 21 [Caltech's Mandatory Notices Pursuant to 37 C.F.R. § 42.8, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00423, Paper 7 (PTAB Jan. 3, 2017)] at 1; Ex. 22 [Caltech's Mandatory Notices Pursuant to 37 C.F.R. § 42.8, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00700, Paper 7 (PTAB Feb. 10, 2017)] at 1; Ex. 23 [Caltech's Mandatory Notices Pursuant to 37 C.F.R. § 42.8, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00701, Paper 7 (PTAB Feb. 10, 2017)] at 1; Ex. 24 [Caltech's Mandatory Notices Pursuant to 37 C.F.R. § 42.8, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00728, Paper 7 (PTAB Feb. 10, 2017)] at 1. |

| Defendants' Additional Material Facts | Supporting Evidence |
|---|---|
| 9.  In Caltech's Preliminary Response to Petitioner's Petition for Inter Partes Review in IPR2017-00210, Caltech argued that the IPR should not be instituted because the "Frey" reference, the "Divsalar" reference, and the "Pfister Slides" do not qualify as "printed publication" prior art under 35 U.S.C. § 102(a). | Ex. 2 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00210, Paper 17 (PTAB Apr. 3, 2017)] at 6-17. |
| 10.  In Caltech's Preliminary Response to Petitioner's Petition for Inter Partes Review in IPR2017-00219, Caltech argued that the IPR should not be instituted because the "Divsalar" reference and the "Pfister Slides" do not qualify as "printed publication" prior art under 35 U.S.C. § 102(a). | Ex. 16 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00219, Paper 16 (PTAB Apr. 3, 2017)] at 8-12. |
| 11.  In Caltech's Preliminary Response to Petitioner's Petition for Inter Partes Review in IPR2017-00297, Caltech argued that the IPR should not be instituted because the "Divsalar" reference does not qualify as "printed publication" prior art under 35 U.S.C. § 102(a). | Ex. 17 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00297, Paper 14 (PTAB Apr. 7, 2017)] at 10-12. |

DEFENDANTS' RESPONSE TO CALTECH'S STATEMENT OF UNCONTROVERTED FACTS AND DEFENDANTS' ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW
CASE NO. 2:16-CV-3714-GW (AGRx)

| Defendants' Additional Material Facts | Supporting Evidence |
|---|---|
| 12.    In Caltech's Preliminary Response to Petitioner's Petition for Inter Partes Review in IPR2017-00700, Caltech argued that the IPR should not be instituted because the "Divsalar" reference and the "Pfister Slides" do not qualify as "printed publication" prior art under 35 U.S.C. § 102(a). | Ex. 3 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00700, Paper 13 (PTAB May 8, 2017)] at 24-26, n. 6. |
| 13.    In Caltech's Preliminary Response to Petitioner's Petition for Inter Partes Review in IPR2017-00728, Caltech argued that the IPR should not be instituted because the "Divsalar" reference does not qualify as "printed publication" prior art under 35 U.S.C. § 102(a). | Ex. 25 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00728, Paper 13 (PTAB May 23, 2017)] at 6 n. 4. |
| 14.    Caltech previously contended that there is insufficient evidence to show that the "Divsalar" reference was published before the alleged priority date of the patents-in-suit. | Ex. 5 [Caltech's 10/13/17 Response to Fourth Set of RFAs] at 27; Ex. 2 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00210, Paper 17 (PTAB Apr. 3, 2017)] at 6-7, 12-13; Ex. 16 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00219, Paper 16 (PTAB Apr. 3, 2017)] at 8-9; Ex. 17 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00297, Paper 14 (PTAB Apr. 7, 2017)] at 10-12. |

| Defendants' Additional Material Facts | Supporting Evidence |
|---|---|
| 15.     Caltech previously contended that there is insufficient evidence to show that the "Richardson99" reference was published before the alleged priority date of the patents-in-suit. | Ex. 7 [Caltech's 6/7/2018 Third Supplemental Responses to First Set of Common Interrogatories] at 197, 207, 242, 245, 251; Ex. 6 [Caltech's 10/12/17 Response to First Set of RFAs] at 41-42; Ex. 12 [10/24/18 Letter from Briggs to Thompson] at 1-2; *see also* Ex. 8 [Shoemake Validity Report] at ¶ 265; *see also* Ex. 9 [Mitzenmacher] at ¶¶ 152-157; *see also* Ex. 10 [Hassibi] at ¶¶ 160; *see also* Ex. 11 [Divsalar Report] at ¶¶ 104-108. |
| 16.     Caltech previously contended that there is insufficient evidence to show that the "Frey" reference was published before the alleged priority date of the patents-in-suit. | Ex. 7 [Caltech's 6/7/2018 Third Supplemental Responses to First Set of Common Interrogatories] at 174, 187, 243, 247, 253; Ex. 6 [Caltech's 10/12/2017 Response to First Set of RFAs] at 43-44; *see also* Ex. 8 [Shoemake Validity Report] at ¶ 242; *see also* Ex. 10 [Hassibi] at ¶ 139; *see also* Ex. 11 [Divsalar Report] at ¶ 98; Ex. 2 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00210, Paper 17 (PTAB Apr. 3, 2017)] at 6, 8-12; Ex. 16 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00219, Paper 16 (PTAB Apr. 3, 2017)] at 32. |
| 17.     Caltech previously contended that there is insufficient evidence to show that the "Frey Slides" reference was published before the alleged priority date of the patents-in-suit. | Ex. 7 [Caltech's 6/7/2018 Third Supplemental Responses to First Set of Common Interrogatories] at 174, 187, 243, 247, 253; Ex. 5 [Caltech's 10/13/17 Response to Fourth Set of RFAs] at 18; *see also* Ex. 8 [Shoemake Validity Report] at ¶ 243; *see also* Ex. 9 [Mitzenmacher] at ¶ 123; *see also* Ex. 11 [Divsalar Report] at ¶ 101. |

| Defendants' Additional Material Facts | Supporting Evidence |
|---|---|
| 18.     Caltech previously contended that there is insufficient evidence to show that the "Pfister" reference was published before the alleged priority date of the patents-in-suit. | Ex. 7 [Caltech's 6/7/2018 Third Supplemental Responses to First Set of Common Interrogatories] at 176, 184-85, 190, 210, 214, 220, 221, 226, 227, 234, 240, 243, 248, 255; Ex. 5 [Caltech's 10/13/17 Response to Fourth Set of RFAs] at 70-71; *see also* Ex. 8 [Shoemake Validity Report] at ¶ 252; *see also* Ex. 9 [Mitzenmacher] at ¶ 150; *see also* Ex. 10 [Hassibi] at ¶¶ 136-138; *see also* Ex. 11 [Divsalar Report] at ¶ 102. |
| 19.     Caltech previously contended that there is insufficient evidence to show that the "Pfister Slides" reference was published before the alleged priority date of the patents-in-suit. | Ex. 7 [Caltech's 6/7/2018 Third Supplemental Responses to First Set of Common Interrogatories] at 176, 184-85, 190, 210, 214, 220, 221, 226, 227, 234, 240, 243, 248, 255; Ex. 5 [Caltech's 10/13/17 Response to Fourth Set of RFAs] at 64-65; *see also* Ex. 8 [Shoemake Validity Report] at ¶ 253; *see also* Ex. 11 [Divsalar Report] at ¶ 103; Ex. 2 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00210, Paper 17 (PTAB Apr. 3, 2017)] at 6-7, 13-17; Ex. 16 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00219, Paper 16 (PTAB Apr. 3, 2017)] at 9-12; Ex. 3 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00700, Paper 13 (PTAB May 8, 2017)] at 24-26. |

- 28 -

DEFENDANTS' RESPONSE TO CALTECH'S STATEMENT OF UNCONTROVERTED FACTS AND DEFENDANTS' ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW CASE NO. 2:16-CV-3714-GW (AGRx)

| Defendants' Additional Material Facts | Supporting Evidence |
|---|---|
| 20.     "Divsalar" describes an invention "known or used" in the United States prior to the alleged priority date of the patents-in-suit. | Ex. 13 [Defendants' 5/31/18 Invalidity Contentions Cover Pleading] at 4-6, 8-11 (identifying evidence in support of known or used ground for Divsalar, and identifying Divsalar as art under § 102(a)); Ex. 29 [3/3/2015 Deposition Tr. of Dariush Divsalar ("3/3/15 Divsalar Tr.")] at 80:23-81:14; Ex. 30 [1/30/2018 Deposition Tr. of Dariush Divsalar ("1/30/2018 Divsalar Tr.")] at 28:10-25, 46:11-19, 47:17-24; Ex. 31 [10/24/2017 Deposition Tr. of Hui Jin ("10/24/17 Jin Tr.")] at 69:16-70:13; Ex. 32 [1/7/2015 Deposition Tr. of Hui Jin ("1/7/15 Jin Tr.")] at 129:16-130:13; Ex. 33 [10/12/2017 Deposition Tr. of Tamer Basar ("10/12/2017 Basar Tr.")] at 17:7-22, 21:5-17, 24:19-25:4, 46:20-47:16; Ex. 34 [02/25/2015 Deposition Tr. of Rüdiger Urbanke] at 168:4-21; Ex. 35 [DEF-CAL_00093635]; Ex. 36 [DEF-CAL_00093653] at 79; Ex. 37 [DEF-CAL_00093852] at 53, 54; Ex. 39 [KHANDEKAR_BCMAPL_00000165-185]; Ex. 60 [KHANDEKAR_BCMAPL_00001199] |

| Defendants' Additional Material Facts | Supporting Evidence |
|---|---|
| 21.     "Richardson99" describes an invention "known or used" in the United States prior to the alleged priority date of the patents-in-suit. | Ex. 13 [Defendants' 5/31/18 Invalidity Contentions Cover Pleading] at 5-6, 8, 10-11 (identifying evidence in support of known or used ground for Richardson99, and identifying Richardson99 as art under § 102(a)); Ex. 39 [KHANDEKAR_BCMAPL_00000165-185]; Ex. 32 [1/7/2015 Jin Tr.] at 210:16-24, 211:7-14; Ex. 31 [10/24/2017 Jin Tr.] at 132:17-135:9; Ex. 54 [2/27/2015 Deposition Transcript of Amin Shokrollahi ("2/27/15 Shokrollahi Tr.")] at 282:20-286:25; Ex. 34 [2/25/2015 Deposition Transcript of Rudiger Urbanke ("2/25/15 Urbanke Tr.")] at 244:1-251:3; Ex. 55 [10/20/2017 Deposition Tr. of Chris Butler] at 19:9-20:25, 22:18-23:11, 24:1-13; Ex. 56 [CALTECH_BCMAPL_00189058]; Ex. 57 [Internet_Archive_00000001]; Ex. 58 [DEF-CAL_00142714] at 219-224; Ex. 59 [DEF-CAL_00093611]; Ex. 61 [KHANDEKAR_BCMAPL_00000838]; Ex. 62 [10/26/2018 Tanner Tr.] at 72:2-79:19, 81:14-84:25; 86:4-88:14, 100:1-102:15 |

| Defendants' Additional Material Facts | Supporting Evidence |
|---|---|
| 22. "Frey" describes an invention "known or used" in the United States prior to the alleged priority date of the patents-in-suit. | Ex. 13 [Defendants' 5/31/18 Invalidity Contentions Cover Pleading] at 4-11 (identifying evidence in support of known or used ground for Frey); Ex. 33 [10/12/2017 Tamar Basar Tr.] at 17:7-22, 21:5-17, 25:5-10, 32:8-15, 34:2-16, 46:20-47:16; Ex. 40 [10/12/2017 Deposition Tr. of Ramavarapu Sreenivas ("10/12/2017 Sreenivas Tr.")] at 10:11-15, 12:7-25, 13:14-14:8, 30:9-19, 31:17- 32:12, 35:4-9, 42:12-43:3,43:22-44:1, 47:14-48:24, 55:20-17, 86:21- 87:6; Ex. 41 [11/01/2017 Deposition Tr. of Pamela Stansbury ("11/01/2017 Stansbury Tr.")] at 12:7-13:22, 15:12-14, 18:13-20:4; Ex. 42 [03/11/2015 Deposition Tr. of Stephen Wicker] at 157:2-5; Ex. 43 [DEF-CAL_00093512]; Ex. 44 [DEF-CAL_00093636]; Ex. 45 [DEF-CAL_00093638]; Ex. 46 [DEF-CAL_00093639]; Ex. 47 [DEF-CAL_00093641]; Ex. 48 [DEF-CAL_00093645]; Ex. 49 [DEF-CAL_00093646] at 47-49, 50; Ex. 51 [DEF-CAL_00093653] at 73; Ex. 37 [DEF-CAL_00093852] at 53- 54, 55-56; Ex. 50 [DEF-CAL_00093859] at 60-62, 63; Ex. 51 [DEF-CAL_00093753] at 797, 800; Ex. 52 [DEF-CAL_00128303] at 592-593; Ex. 53 [DEF-CAL 00142644] |

| Defendants' Additional Material Facts | Supporting Evidence |
|---|---|
| 23.    "Frey Slides" describes an invention "known or used" in the United States prior to the alleged priority date of the patents-in-suit. | Ex. 13 [Defendants' 5/31/18 Invalidity Contentions Cover Pleading] at 4-11 (identifying evidence in support of known or used ground for Frey Slides); Ex. 33 [10/12/2017 Tamar Basar Tr.] at 17:7-22, 21:5-17, 25:5-10, 32:8-15, 34:2-16, 46:20-47:16; Ex. 40 [10/12/2017 Sreenivas Tr.] at 10:11-15, 12:7-25, 13:14-14:8, 30:9-19, 31:17- 32:12, 35:4-9, 42:12-43:3,43:22-44:1, 47:14-48:24, 55:20-17, 86:21- 87:6; Ex. 41 [11/01/2017 Stansbury Tr.] at 12:7-13:22, 15:12-14, 18:13-20:4; Ex. 42 [03/11/2015 Deposition Tr. of Stephen Wicker] at 157:2-5; Ex. 43 [DEF-CAL_00093512]; Ex. 44 [DEF-CAL_00093636]; Ex. 45 [DEF-CAL_00093638]; Ex. 46 [DEF-CAL_00093639]; Ex. 47 [DEF-CAL_00093641]; Ex. 48 [DEF-CAL_00093645]; Ex. 49 [DEF-CAL_00093646] at 47-49, 50; Ex. 51 [DEF-CAL_00093653] at 73; Ex. 37 [DEF-CAL_00093852] at 53- 54, 55-56; Ex. 50 [DEF-CAL_00093859] at 60-62, 63; Ex. 51 [DEF-CAL_00093753] at 797, 800; Ex. 52 [DEF-CAL_00128303] at 592-593; Ex. 53 [DEF-CAL 00142644] |

| Defendants' Additional Material Facts | Supporting Evidence |
|---|---|
| 24.    "Pfister" describes an invention "known or used" in the United States prior to the alleged priority date of the patents-in-suit. | Ex. 13 [Defendants' 5/31/18 Invalidity Contentions Cover Pleading] at 4-11 (identifying evidence in support of known or used ground for Pfister); Ex. 43 [DEF-CAL_00093512]; Ex. 44 [DEF-CAL_00093636]; Ex. 45 [DEF-CAL_00093638]; Ex. 46 [DEF-CAL_00093639]; Ex. 47 [DEF-CAL_00093641]; Ex. 48 [DEF-CAL_00093645]; Ex. 49 [DEF-CAL_00093646] at 47-49, 50; Ex. 51 [DEF-CAL_0009365]3 at 73; Ex. 37 [DEF-CAL_00093852] at 53- 54, 55-56; Ex. 50 [DEF-CAL_00093859] at 60-62, 63; Ex. 53 [DEF-CAL 00142644]; Ex. 33 [10/12/2017 Basar Tr.] at 17:7-22, 21:5-17, 25:5-10, 32:16-33:1, 34:2-16, 46:20-47:16; Ex. 40 [10/12/2017 Sreenivas Tr.] at 10:11-15, 12:7-25, 13:14-14:8, 30:9-19, 31:17-32:12, 35:4-9, 42:12-43:3, 43:22-44:1, 47:14-48:24, 55:20-17, 86:21-87:6; Ex. 41 [11/01/2017 Stansbury Tr.] at 12:7-13:22, 15:12-14, 18:13- 20:4 |

- 33 -

| Defendants' Additional Material Facts | Supporting Evidence |
|---|---|
| 25.    "Pfister/Slides" describes an invention "known or used" in the United States prior to the alleged priority date of the patents-in-suit. | Ex. 13 [Defendants' 5/31/18 Invalidity Contentions Cover Pleading] at 4-11 (identifying evidence in support of known or used ground for Pfister Slides); Ex. 43 [DEF-CAL_00093512]; Ex. 44 [DEF-CAL_00093636]; Ex. 45 [DEF-CAL_00093638]; Ex. 46 [DEF-CAL_00093639]; Ex. 47 [DEF-CAL_00093641]; Ex. 48 [DEF-CAL_00093645]; Ex. 49 [DEF-CAL_00093646] at 47-49, 50; Ex. 51 [DEF-CAL_0009365]3 at 73; Ex. 37 [DEF-CAL_00093852] at 53- 54, 55-56; Ex. 50 [DEF-CAL_00093859] at 60-62, 63; Ex. 53 [DEF-CAL 00142644]; Ex. 33 [10/12/2017 Basar Tr.] at 17:7-22, 21:5-17, 25:5-10, 32:16-33:1, 34:2-16, 46:20-47:16; Ex. 40 [10/12/2017 Sreenivas Tr.] at 10:11-15, 12:7-25, 13:14-14:8, 30:9-19, 31:17-32:12, 35:4-9, 42:12-43:3, 43:22-44:1, 47:14-48:24, 55:20-17, 86:21-87:6; Ex. 41 [11/01/2017 Stansbury Tr.] at 12:7-13:22, 15:12-14, 18:13- 20:4 |

| Defendants' Additional Material Facts | Supporting Evidence |
|---|---|
| 26.    "Divsalar" is a printed publication publicly available prior to alleged priority date of the patents-in-suit. | Ex. 13 [Defendants' 5/31/18 Invalidity Contentions Cover Pleading] at 4-6, 8, 10; Ex. 29 [3/3/15 Divsalar Tr.)] at 80:23-81:14; Ex. 30 [1/30/2018 Divsalar Tr.] at 28:10-25, 46:11-19, 47:17-24; Ex. 31 [10/24/17 Jin Tr.] at 69:16-70:13; Ex. 32 [1/7/15 Jin Tr.] at 129:16-130:13; Ex. 33 [10/12/2017 Basar Tr.] at 17:7-22, 21:5-17, 24:19-25:4, 46:20-47:16; Ex. 34 [02/25/2015 Deposition Tr. of Rüdiger Urbanke] at 168:4-21; Ex. 35 [DEF-CAL_00093635]; Ex. 36 [DEF-CAL_00093653] at 79; Ex. 37 [DEF-CAL_00093852] at 53, 54; Ex. 39 [KHANDEKAR_BCMAPL_00000165-185]; Ex. 60 [KHANDEKAR_BCMAPL_00001199] |
| 27.    "Richardson99" is a printed publication publicly available prior to alleged priority date of the patents-in-suit. | Ex. 13 [Defendants' 5/31/18 Invalidity Contentions Cover Pleading] at 5, 8, 10, 11; Ex. 39 [KHANDEKAR_BCMAPL_00000165-185]; Ex. 32 [1/7/2015 Jin Tr.] at 210:16-24, 211:7-14; Ex. 31 [10/24/2017 Jin Tr.] at 132:17-135:9; Ex. 54 [2/27/15 Shokrollahi Tr.] at 282:20-286:25; Ex. 34 [2/25/15 Urbanke Tr.] at 244:1- 251:3; Ex. 55 [10/20/2017 Deposition Tr. of Chris Butler] at 19:9-20:25, 22:18-23:11, 24:1-13; Ex. 56 [CALTECH_BCMAPL_00189058]; Ex. 57 [Internet_Archive_00000001]; Ex. 58 [DEF-CAL_00142714] at 219-224; Ex. 59 [DEF-CAL_00093611]; Ex. 61 [KHANDEKAR_BCMAPL_00000838]; Ex. 62 [10/26/2018 Tanner Tr.] at 72:2-79:19, 81:14-84:25; 86:4-88:14, 100:1-102:15 |

DEFENDANTS' RESPONSE TO CALTECH'S STATEMENT OF UNCONTROVERTED FACTS AND DEFENDANTS' ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW
CASE NO. 2:16-CV-3714-GW (AGRx)

| Defendants' Additional Material Facts | Supporting Evidence |
|---|---|
| 28.    "Frey" is a printed publication publicly available prior to alleged priority date of the patents-in-suit. | Ex. 13 [Defendants' 5/31/18 Invalidity Contentions Cover Pleading] at 5, 7, 9, 11; Ex. 33 [10/12/2017 Tamar Basar Tr.] at 17:7-22, 21:5-17, 25:5-10, 32:8-15, 34:2-16, 46:20-47:16; Ex. 40 [10/12/2017 Sreenivas Tr.] at 10:11-15, 12:7-25, 13:14-14:8, 30:9-19, 31:17- 32:12, 35:4-9, 42:12-43:3, 43:22-44:1, 47:14-48:24, 55:20-17, 86:21- 87:6; Ex. 41 [11/01/2017 Stansbury Tr.] at 12:7-13:22, 15:12-14, 18:13-20:4; Ex. 42 [03/11/2015 Deposition Tr. of Stephen Wicker] at 157:2-5; Ex. 43 [DEF-CAL_00093512]; Ex. 44 [DEF-CAL_00093636]; Ex. 45 [DEF-CAL_00093638]; Ex. 46 [DEF-CAL_00093639]; Ex. 47 [DEF-CAL_00093641]; Ex. 48 [DEF-CAL_00093645]; Ex. 49 [DEF-CAL_00093646] at 47-49, 50; Ex. 51 [DEF-CAL_00093653] at 73; Ex. 37 [DEF-CAL_00093852] at 53- 54, 55-56; Ex. 50 [DEF-CAL_00093859] at 60-62, 63; Ex. 51 [DEF-CAL_00093753] at 797, 800; Ex. 52 [DEF-CAL_00128303] at 592-593; Ex. 53 [DEF-CAL 00142644] |

DEFENDANTS' RESPONSE TO CALTECH'S STATEMENT OF UNCONTROVERTED FACTS
AND DEFENDANTS' ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW
CASE NO. 2:16-CV-3714-GW (AGRx)

| Defendants' Additional Material Facts | Supporting Evidence |
|---|---|
| 29.     "Frey Slides" is a printed publication publicly available prior to alleged priority date of the patents-in-suit. | Ex. 13 [Defendants' 5/31/18 Invalidity Contentions Cover Pleading] at 5, 7, 9, 11; Ex. 33 [10/12/2017 Tamar Basar Tr.] at 17:7-22, 21:5-17, 25:5-10, 32:8-15, 34:2-16, 46:20-47:16; Ex. 40 [10/12/2017 Sreenivas Tr.] at 10:11-15, 12:7-25, 13:14-14:8, 30:9-19, 31:17- 32:12, 35:4-9, 42:12-43:3, 43:22-44:1, 47:14-48:24, 55:20-17, 86:21- 87:6; Ex. 41 [11/01/2017 Stansbury Tr.] at 12:7-13:22, 15:12-14, 18:13-20:4; Ex. 42 [03/11/2015 Deposition Tr. of Stephen Wicker] at 157:2-5; Ex. 43 [DEF-CAL_00093512]; Ex. 44 [DEF-CAL_00093636]; Ex. 45 [DEF-CAL_00093638]; Ex. 46 [DEF-CAL_00093639]; Ex. 47 [DEF-CAL_00093641]; Ex. 48 [DEF-CAL_00093645]; Ex. 49 [DEF-CAL_00093646] at 47-49, 50; Ex. 51 [DEF-CAL_00093653] at 73; Ex. 37 [DEF-CAL_00093852] at 53- 54, 55-56; Ex. 50 [DEF-CAL_00093859] at 60-62, 63; Ex. 51 [DEF-CAL_00093753] at 797, 800; Ex. 52 [DEF-CAL_00128303] at 592-593; Ex. 53 [DEF-CAL 00142644] |

DEFENDANTS' RESPONSE TO CALTECH'S STATEMENT OF UNCONTROVERTED FACTS AND DEFENDANTS' ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW
CASE NO. 2:16-CV-3714-GW (AGRx)

| Defendants' Additional Material Facts | Supporting Evidence |
|---|---|
| 30.    "Pfister" is a printed publication publicly available prior to alleged priority date of the patents-in-suit. | Ex. 13 [Defendants' 5/31/18 Invalidity Contentions Cover Pleading] at 5, 7-8, 9, 11; Ex. 43 [DEF-CAL_00093512]; Ex. 44 [DEF-CAL_00093636]; Ex. 45 [DEF-CAL_00093638]; Ex. 46 [DEF-CAL_00093639]; Ex. 47 [DEF-CAL_00093641]; Ex. 48 [DEF-CAL_00093645]; Ex. 49 [DEF-CAL_00093646] at 47-49, 50; Ex. 51 [DEF-CAL_0009365]3 at 73; Ex. 37 [DEF-CAL_00093852] at 53- 54, 55-56; Ex. 50 [DEF-CAL_00093859] at 60-62, 63; Ex. 53 [DEF-CAL 00142644]; Ex. 33 [10/12/2017 Basar Tr.] at 17:7-22, 21:5-17, 25:5-10, 32:16-33:1, 34:2-16, 46:20-47:16; Ex. 40 [10/12/2017 Sreenivas Tr.] at 10:11-15, 12:7-25, 13:14-14:8, 30:9-19, 31:17-32:12, 35:4-9, 42:12-43:3, 43:22-44:1, 47:14-48:24, 55:20-17, 86:21-87:6; Ex. 41 [11/01/2017 Stansbury Tr.] at 12:7-13:22, 15:12-14, 18:13- 20:4 |

- 38 -

| Defendants' Additional Material Facts | Supporting Evidence |
|---|---|
| 31.     "Pfister Slides" is a printed publication publicly available prior to alleged priority date of the patents-in-suit. | Ex. 13 [Defendants' 5/31/18 Invalidity Contentions Cover Pleading] at 5, 7-8, 9, 11; Ex. 43 [DEF-CAL_00093512]; Ex. 44 [DEF-CAL_00093636]; Ex. 45 [DEF-CAL_00093638]; Ex. 46 [DEF-CAL_00093639]; Ex. 47 [DEF-CAL_00093641]; Ex. 48 [DEF-CAL_00093645]; Ex. 49 [DEF-CAL_00093646] at 47-49, 50; Ex. 51 [DEF-CAL_0009365]3 at 73; Ex. 37 [DEF-CAL_00093852] at 53- 54, 55-56; Ex. 50 [DEF-CAL_00093859] at 60-62, 63; Ex. 53 [DEF-CAL 00142644]; Ex. 33 [10/12/2017 Basar Tr.] at 17:7-22, 21:5-17, 25:5-10, 32:16-33:1, 34:2-16, 46:20-47:16; Ex. 40 [10/12/2017 Sreenivas Tr.] at 10:11-15, 12:7-25, 13:14-14:8, 30:9-19, 31:17-32:12, 35:4-9, 42:12-43:3, 43:22-44:1, 47:14-48:24, 55:20-17, 86:21-87:6; Ex. 41 [11/01/2017 Stansbury Tr.] at 12:7-13:22, 15:12-14, 18:13- 20:4 |
| 32.     Caltech previously contended that the disclosures in Pfister and the Pfister Slides differed from each other in a material fashion. | Dkt. 599-1 [Mem. In Supp. Of Caltech's Mot. to Strike Portions Of The Expert Rep. of Dr. Frey] at 2-3, 23-25. |
| 33.     Caltech previously contended that the disclosures in Frey and the Frey Slides differed from each other in a material fashion. | Dkt. 599-1 at 2-3, 23-25. |

| Defendants' Additional Material Facts | Supporting Evidence |
|---|---|
| 34.     With respect to the combination of Ping in view of Luby98, Divsalar, and Luby97, Caltech contends that at least Divsalar is not a prior art publication to the '032 patent. | Ex. 5 [Caltech's 10/13/17 Response to Fourth Set of RFAs] at 27; *see also* Ex. 2 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00210, Paper 17 (PTAB Apr. 3, 2017)] at 6-7, 12-13; *see also* Ex. 16 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00219, Paper 16 (PTAB Apr. 3, 2017)] at 8-9; *see also* Ex. 17 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00297, Paper 14 (PTAB Apr. 7, 2017)] at 10-12. |
| 35.     With respect to the combination of Ping in view of Richardson99, Divsalar, and Luby97, Caltech contends that at least Divsalar or Richardson99 is not a prior art publication to the '032 patent. | Ex. 5 [Caltech's 10/13/17 Response to Fourth Set of RFAs] at 27 (Divsalar); *see also* Ex. 2 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00210, Paper 17 (PTAB Apr. 3, 2017)] at 6-7, 12-13 (Divsalar); Ex. 7 [Caltech's 6/7/2018 Third Supplemental Responses to First Set of Common Interrogatories] at 197, 207, 242, 245, 251 (Richardson99); Ex. 6 [Caltech's 10/12/17 Response to First Set of RFAs] at 41-42; Ex. 12 [10/24/18 Letter from Briggs to Thompson] at 1-2 (Richardson99). |

DEFENDANTS' RESPONSE TO CALTECH'S STATEMENT OF UNCONTROVERTED FACTS
AND DEFENDANTS' ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW
CASE NO. 2:16-CV-3714-GW (AGRx)

| Defendants' Additional Material Facts | Supporting Evidence |
|---|---|
| 36.   With respect to the combination of Ping in view of MacKay, and Pfister/Pfister Slides, Caltech contends that at least Pfister or the Pfister Slides is not a prior art publication to the '032 patent. | Ex. 2 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00210, Paper 17 (PTAB Apr. 3, 2017)] at 6-7, 13-17 (Pfister Slides); Ex. 16 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00219, Paper 16 (PTAB Apr. 3, 2017)] at 9-12 (Pfister Slides); Ex. 3 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00700, Paper 13 (PTAB May 8, 2017)] at 24-26; Ex. 7 [Caltech's 6/7/2018 Third Supplemental Responses to First Set of Common Interrogatories] at 176, 184-85, 190, 210, 214, 220, 221, 226, 227, 234, 240, 243, 248, 255 (Pfister/Pfister Slides); Ex. 5 [Caltech's 10/13/17 Response to Fourth Set of RFAs] at 64-65, 70-71 (Pfister/Pfister Slides). |

- 41 -

DEFENDANTS' RESPONSE TO CALTECH'S STATEMENT OF UNCONTROVERTED FACTS AND DEFENDANTS' ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW
CASE NO. 2:16-CV-3714-GW (AGRx)

| Defendants' Additional Material Facts | Supporting Evidence |
|---|---|
| 37.    With respect to the combination of Ping in view of Luby98 and Pfister/Pfister Slides, Caltech contends that at least Pfister or the Pfister Slides is not a prior art publication to the '032 patent. | Ex. 2 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00210, Paper 17 (PTAB Apr. 3, 2017)] at 6-7, 13-17 (Pfister Slides); Ex. 16 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00219, Paper 16 (PTAB Apr. 3, 2017)] at 9-12 (Pfister Slides); Ex. 3 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00700, Paper 13 (PTAB May 8, 2017)] at 24-26; Ex. 7 [Caltech's 6/7/2018 Third Supplemental Responses to First Set of Common Interrogatories] at 176, 184-85, 190, 210, 214, 220, 221, 226, 227, 234, 240, 243, 248, 255 (Pfister/Pfister Slides); Ex. 5 [Caltech's 10/13/17 Response to Fourth Set of RFAs] at 64-65, 70-71 (Pfister/Pfister Slides). |
| 38.    With respect to the combination of Divsalar in view of MacKay and Luby97, Caltech contends that at least Divsalar is not a prior art publication to the '032 patent. | Ex. 5 [Caltech's 10/13/17 Response to Fourth Set of RFAs] at 27; *see also* Ex. 2 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00210, Paper 17 (PTAB Apr. 3, 2017)] at 6-7, 12-13; *see also* Ex. 16 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00219, Paper 16 (PTAB Apr. 3, 2017)] at 8-9; *see also* Ex. 17 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00297, Paper 14 (PTAB Apr. 7, 2017)] at 10-12. |

| Defendants' Additional Material Facts | Supporting Evidence |
| --- | --- |
| 39.     With respect to the combination of Ping in view of MacKay, Divsalar, and Luby97, Caltech contends that at least Divsalar is not a prior art publication to the '032 patent. | Ex. 5 [Caltech's 10/13/17 Response to Fourth Set of RFAs] at 27; *see also* Ex. 2 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00210, Paper 17 (PTAB Apr. 3, 2017)] at 6-7, 12-13; *see also* Ex. 16 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00219, Paper 16 (PTAB Apr. 3, 2017)] at 8-9; *see also* Ex. 17 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00297, Paper 14 (PTAB Apr. 7, 2017)] at 10-12. |
| 40.     With respect to the combination of Ping in view of Luby98, and Divsalar, Caltech contends that at least Divsalar is not a prior art publication to the '032 patent. | Ex. 5 [Caltech's 10/13/17 Response to Fourth Set of RFAs] at 27; *see also* Ex. 2 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00210, Paper 17 (PTAB Apr. 3, 2017)] at 6-7, 12-13; *see also* Ex. 16 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00219, Paper 16 (PTAB Apr. 3, 2017)] at 8-9; *see also* Ex. 17 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00297, Paper 14 (PTAB Apr. 7, 2017)] at 10-12. |

- 43 -

DEFENDANTS' RESPONSE TO CALTECH'S STATEMENT OF UNCONTROVERTED FACTS AND DEFENDANTS' ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW
CASE NO. 2:16-CV-3714-GW (AGRx)

| Defendants' Additional Material Facts | Supporting Evidence |
|---|---|
| 41.    With respect to the combination of Divsalar in view of Ping and Richardson99, Caltech contends that at least Divsalar or Richardson99 is not a prior art publication to the '781 patent. | Ex. 5 [Caltech's 10/13/17 Response to Fourth Set of RFAs] at 27 (Divsalar); *see also* Ex. 2 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00210, Paper 17 (PTAB Apr. 3, 2017)] at 6-7, 12-13 (Divsalar); Ex. 7 [Caltech's 6/7/2018 Third Supplemental Responses to First Set of Common Interrogatories] at 197, 207, 242, 245, 251 (Richardson99); Ex. 6 [Caltech's 10/12/17 Response to First Set of RFAs] at 41-42; Ex. 12 [10/24/18 Letter from Briggs to Thompson] at 1-2 (Richardson99). |
| 42.    With respect to the combination of Divsalar in view of Luby97 and Luby98, Caltech contends that at least Divsalar is not a prior art publication to the '781 patent. | Ex. 5 [Caltech's 10/13/17 Response to Fourth Set of RFAs] at 27; *see also* Ex. 2 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00210, Paper 17 (PTAB Apr. 3, 2017)] at 6-7, 12-13; *see also* Ex. 16 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00219, Paper 16 (PTAB Apr. 3, 2017)] at 8-9; *see also* Ex. 17 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00297, Paper 14 (PTAB Apr. 7, 2017)] at 10-12. |

| Defendants' Additional Material Facts | Supporting Evidence |
|---|---|
| 43.    With respect to the combination of Divsalar in view of Ping and Frey/Frey Slides, Caltech contends that at least Divsalar, Frey, or Frey Slides is not a prior art publication to the '781 patent. | Ex. 5 [Caltech's 10/13/17 Response to Fourth Set of RFAs] at 27 (Divsalar); *see also* Ex. 2 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00210, Paper 17 (PTAB Apr. 3, 2017)] at 6-7, 12-13 (Divsalar); Ex. 2 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00210, Paper 17 (PTAB Apr. 3, 2017)] at 6, 8-12 (Frey); Ex. 7 [Caltech's 6/7/2018 Third Supplemental Responses to First Set of Common Interrogatories] at 174, 187, 243, 247, 253 (Frey/Frey Slides); Ex. 6 [Caltech's 10/12/2017 Response to First Set of RFAs] at 18, 43-44 (Frey/Frey Slides). |
| 44.    With respect to the combination of Pfister/Pfister Slides in view of Luby97 and Luby98, Caltech contends that at least Pfister or Pfister Slides is not a prior art publication to the '781 patent. | Ex. 2 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00210, Paper 17 (PTAB Apr. 3, 2017)] at 6-7, 13-17 (Pfister Slides); Ex. 16 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00219, Paper 16 (PTAB Apr. 3, 2017)] at 9-12 (Pfister Slides); Ex. 3 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00700, Paper 13 (PTAB May 8, 2017)] at 24-26 (Pfister Slides); Ex. 7 [Caltech's 6/7/2018 Third Supplemental Responses to First Set of Common Interrogatories] at 176, 184-85, 190, 210, 214, 220, 221, 226, 227, 234, 240, 243, 248, 255 (Pfister/Pfister Slides); Ex. 5 [Caltech's 10/13/17 Response to Fourth Set of RFAs] at 64-65, 70-71 (Pfister/Pfister Slides). |

| Defendants' Additional Material Facts | Supporting Evidence |
|---|---|
| 45.    With respect to the combination of Divsalar in view of Ping and Luby98, Caltech contends that at least Divsalar is not a prior art publication to the '781 patent. | Ex. 5 [Caltech's 10/13/17 Response to Fourth Set of RFAs] at 27; *see also* Ex. 2 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00210, Paper 17 (PTAB Apr. 3, 2017)] at 6-7, 12-13; *see also* Ex. 16 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00219, Paper 16 (PTAB Apr. 3, 2017)] at 8-9; *see also* Ex. 17 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00297, Paper 14 (PTAB Apr. 7, 2017)] at 10-12. |
| 46.    With respect to the combination of Divsalar in view of Luby97 and Richardson99, Caltech contends that at least Divsalar or Richardson99 is not a prior art publication to the '781 patent. | Ex. 5 [Caltech's 10/13/17 Response to Fourth Set of RFAs] at 27 (Divsalar); *see also* Ex. 2 [Patent Owner's Preliminary Response, *Apple Inc. et al. v. Cal. Inst. of Tech.*, IPR2017-00210, Paper 17 (PTAB Apr. 3, 2017)] at 6-7, 12-13 (Divsalar); Ex. 7 [Caltech's 6/7/2018 Third Supplemental Responses to First Set of Common Interrogatories] at 197, 207, 242, 245, 251 (Richardson99); Ex. 6 [Caltech's 10/12/17 Response to First Set of RFAs] at 41-42; Ex. 12 [10/24/18 Letter from Briggs to Thompson] at 1-2 (Richardson99). |

## DEFENDANTS' RESPONSE TO CONCLUSIONS OF LAW

| Plaintiff's Conclusions of Law | Defendants' Response to Plaintiff's Conclusions of Law |
|---|---|
| 1. "The petitioner in an inter partes review of a claim in a patent under this chapter that results in a final written decision under section 318(a), or the real party in interest or privy of the petitioner, may not assert either in a civil action arising in whole or in part under section 1338 of title 28 or in a proceeding before the International Trade Commission under section 337 of the Tariff Act of 1930 that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review." 35 U.S.C. § 315(e)(2). | Undisputed. |

| | |
|---|---|
| 2. "[E]stoppel applies to grounds that a party failed to raise in an IPR petition that the party reasonably could have raised." *Oil-Dri Corp. of Am. v. Nestle Purina Petcare Co.,* No. 15-CV-1067, 2017 WL 3278915, at *10 (N.D. Ill. Aug. 2, 2017) | Disputed.  Because an IPR does not begin until institution, only grounds actually included in a petition and instituted in an IPR were raised or reasonably could have been raised during the IPR.  *Shaw Indus. Grp., Inc. v. Automated Creel Systems, Inc.*, 817 F.3d 1293, 1300 (Fed. Cir. 2016) (holding that estoppel under 35 U.S.C. § 315(e) only applies to grounds a petitioner "raised or reasonably could have raised *during* that inter partes review," but it does not apply to grounds that were included in a petition but rejected by the USPTO because an IPR does not begin until it is instituted (emphasis in original)); *HP Inc. v. MPHJ Tech. Inv., LLC*, 817 F.3d 1339, 1347-48 (Fed Cir. 2016) (holding that estoppel under 35 U.S.C. § 315(e) does not apply to grounds only raised in an IPR petition but not instituted as part of the merits phase, because "noninstituted grounds do not become a part of the IPR"); *Koninklijke Philips N.V. v. Wangs All. Corp.*, Civ. No. 14-12298-DJC, 2018 WL 283893 at *4 (D. Mass. Jan. 2, 2018) (holding that "the broader reading of the estoppel provision is foreclosed by <u>Shaw</u>," and that "the estoppel provision does not apply to arguments that the petitioner only 'raised or reasonably could have raised' in its petition rather than after institution of review"); *Finjan, Inc. v. Blue Coat Sys., LLC*, 283 F. Supp. 3d 839, 856 (N.D. Cal. 2017) (holding that grounds not raised in an IPR petition are not estopped); *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-cv- |

DEFENDANTS' RESPONSE TO CALTECH'S STATEMENT OF UNCONTROVERTED FACTS AND DEFENDANTS' ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW
CASE NO. 2:16-CV-3714-GW (AGRx)

| | |
|---|---|
| | 05501-SI, 2017 WL 235048, at *2-3 (N.D. Cal. Jan. 19, 2017) (holding that even prior art references considered during IPR could be presented to the district court when combined with other art that was not presented during IPR); *XR Commc'ns, LLC v. D-Link Systems, Inc.*, No. SACV 17-00596 AG (JCCx), 2018 WL 2734849, at *1 (C.D. Cal. Apr. 10, 2018) (citing *Shaw* and stating that estoppel applies to "specific IPR petitions that are granted and result in a final written decision"); *Intellectual Ventures I LLC v. Toshiba Corp.*, 221 F. Supp. 3d 534, 554 (D. Del. 2016) (applying a strict interpretation of *Shaw* holding that even where a defendant "could have raised [] additional obviousness grounds based on public documents at the outset of their IPR petition," that prior art referenced not included in an IPR petition were not subject to estoppel); *Intellectual Ventures I LLC v. Toshiba Corp.*, Civ. No. 13-453-SLR, 2017 WL 107980, at *1 (D. Del. Jan. 11, 2017) (reaffirming decision to not apply IPR estoppel, and reasoning that an approach that would require "a company that seeks an IPR [to] bring to the PTAB's attention every ground the company has reason to think might be relevant … [would be] inconsistent with all of the limitations imposed by the PTAB on IPR proceedings (e.g., page limits for petition, 14 point type, and portrait-view claim chart")). |
| 3. Defendants "reasonably could have raised" their 35 U.S.C. § 103 invalidity | Disputed.  Defendants' grounds in the district court litigation include grounds |

| Plaintiff's Conclusions of Law | Defendants' Response to Plaintiff's Conclusions of Law |
|---|---|
| grounds against claims 13 and 22 of U.S. Patent No. 7,916,781 based on combinations comprising: Divsalar, Frey, Frey Slides, Luby97, Luby98, Pfister, Pfister Slides, Ping, and Richardson99.  See 35 U.S.C. § 315(e)(2). | that could not have been raised in an IPR because those grounds (1) were not included in an IPR petition, and (2) include combinations where at least one reference is asserted as "known or used" art based on pre-AIA 35 U.S.C. § 102(a).  This is true for grounds stated in this litigation asserting each of Divsalar, Frey, Frey Slides, Luby97, Luby98, Pfister, Pfister Slides, Ping, and Richardson99 against the Caltech patent claims subject to this motion. |
| 4. Defendants "reasonably could have raised" their 35 U.S.C. § 103 invalidity grounds against claims 11 and 18 of U.S. Patent No. 7,421,032 based on combinations comprising: Divsalar, Luby97, Luby98, MacKay, Pfister, Pfister Slides, Ping, and Richardson99. See 35 U.S.C. § 315(e)(2). | Disputed.  Defendants' grounds in the district court litigation include grounds that could not have been raised in an IPR because those grounds (1) were not included in an IPR petition, and (2) include combinations where at least one reference is asserted as "known or used" art based on pre-AIA 35 U.S.C. § 102(a).  This is true for grounds stated in this litigation asserting each of Divsalar, Frey, Frey Slides, Luby97, Luby98, Pfister, Pfister Slides, Ping, and Richardson99 against the Caltech patent claims subject to this motion. |
| 5. Defendants are barred by estoppel from asserting all of their invalidity challenges under § 103 against claims 13 and 22 of U.S. Patent No. 7,916,781. | Disputed.  Defendants' grounds in the district court litigation include grounds that could not have been raised in an IPR because those grounds (1) were not included in an IPR petition, and (2) include combinations where at least one reference is asserted as "known or used" art based on pre-AIA 35 U.S.C. § 102(a). |

| Plaintiff's Conclusions of Law | Defendants' Response to Plaintiff's Conclusions of Law |
|---|---|
| 6. Defendants are barred by estoppel from asserting all of their invalidity challenges under § 103 against claims 11 and 18 of U.S. Patent No. 7,421,032. | Disputed.  Defendants' grounds in the district court litigation include grounds that could not have been raised in an IPR because those grounds (1) were not included in an IPR petition, and (2) include combinations where at least one reference is asserted as "known or used" art based on pre-AIA 35 U.S.C. § 102(a). |
| 7. Defendants [sic] are entitled to summary judgment of validity with respect to counterclaims or affirmative defenses made pursuant to 35 U.S.C. § 103 with respect to claims 13 and 22 of U.S. Patent No. 7,916,781 and claims 11 and 18 of U.S. Patent No. 7,421,032. | Presuming Caltech intended for this statement to actually state that "Plaintiff is entitled to summary judgment" this conclusion of law is disputed.  Defendants' grounds in the district court litigation include grounds that could not have been raised in an IPR because those grounds (1) were not included in an IPR petition, and (2) include combinations where at least one reference is asserted as "known or used" art based on pre-AIA 35 U.S.C. § 102(a). |

## DEFENDANTS' ADDITIONAL STATEMENTS OF LAW

| Defendants' Additional Material Statements Of Law |
|---|
| 1.     Invalidity grounds that a petitioner did not raise and reasonably could not have raised during IPR are not subject to estoppel.  35 U.S.C. § 315(e)(2); *see also Shaw Indus. Grp, Inc. v. Automated Creel Sys., Inc.*, 817 F.3d 1293, 1300 (Fed. Cir. 2016) (holding estoppel under 35 U.S.C. § 315(e) applies only to those grounds actually raised during the IPR, and does not extend to grounds not presented by the petitioner). |

- 51 -

DEFENDANTS' RESPONSE TO CALTECH'S STATEMENT OF UNCONTROVERTED FACTS
AND DEFENDANTS' ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW
CASE NO. 2:16-CV-3714-GW (AGRx)

| Defendants' Additional Material Statements Of Law |
|---|
| 2.      The PTAB may only hear IPR challenges on the basis of anticipation or obviousness theories of invalidity and only based on two categories of prior art—patents or printed publications.  35 U.S.C. § 311 ("A petitioner in an *inter partes* review may request to cancel as unpatentable 1 or more claims of a patent only on a ground that could be raised under section 102 or 103 and **only on the basis of prior art consisting of patents or printed publications**.") (emphasis added). |
| 3.      Because a petitioner may not rely on "known or used" grounds in an IPR petition, estoppel does not apply to art based on those grounds, nor does it apply to obviousness combinations that include such art.  *SiOnyx, LLC v. Hamamatsu Photonics K.K.*, No., No. 15-13588-FDS, 2018 WL 4177941, at *20 (D. Mass. Aug. 30, 2018) (citing 35 U.S.C. § 311(b) and stating "only patents and printed publications may be the basis for canceling a claim in an IPR"); *Zitovault, LLC v. Int'l Bus. Machines Corp.*, No. 3:16-cv-0962-M, 2018 WL 2971178, at *4 (N.D. Tex. Apr. 4, 2018) ("Defendants therefore could not have raised prior art systems, such as products and software, during IPR proceedings."); *see also 01 Communique Labs., Inc. v. Citrix Sys., Inc.*, 151 F. Supp. 3d 778, 797 (N.D. Ohio 2015) (determining that *inter partes* reexamination estoppel does not preclude non-patent and non-printed publication art). |
| 4.      An IPR does not begin until institution.  *Shaw Indus. Grp.*, 817 F.3d at 1300. |
| 5.      IPR estoppel does not apply to grounds omitted from an IPR petition. *Shaw Indus. Grp.*, 817 F.3d at 1300; *HP*, 817 F.3d at 1347-48; *Koninklijke Philips N.V.*, 2018 WL 283893, at *4; *Finjan*, 283 F. Supp. 3d at 856; *Verinata Health*, 2017 WL 235048, at *2-3; *XR Commc'ns*, 2018 WL at *1; *Intellectual Ventures I*, 221 F. Supp. 3d at 554; *Intellectual Ventures I*, 2017 WL 107980, at *1. |

| Defendants' Additional Material Statements Of Law |
|---|

6. The specific grounds and combinations that the Defendants assert in this Court were not included in an IPR petition, and therefore are not estopped. *Shaw Indus. Grp.*, 817 F.3d at 1300; *HP*, 817 F.3d at 1347-48; *Koninklijke Philips N.V.*, 2018 WL 283893 at *4; *Finjan*, 283 F. Supp. 3d at 856; *Verinata Health*, 2017 WL 235048, at *2-3; *XR Commc'ns*, 2018 WL at *1; *Intellectual Ventures I*, 221 F. Supp. 3d at 554; *Intellectual Ventures I*, 2017 WL 107980, at *1.

7. "Divsalar" is prior art to the patents-in-suit as an invention "known or used" in the United States under 35 U.S.C. § 102(a).

8. "Richardson99" is prior art to the patents-in-suit as an invention "known or used" in the United States under 35 U.S.C. § 102(a).

9. "Frey" is prior art to the patents-in-suit as an invention "known or used" in the United States under 35 U.S.C. § 102(a).

10. "Frey Slides" is prior art to the patents-in-suit as an invention "known or used" in the United States under 35 U.S.C. § 102(a).

11. "Pfister" is prior art to the patents-in-suit as an invention "known or used" in the United States under 35 U.S.C. § 102(a).

12. "Pfister Slides" is prior art to the patents-in-suit as an invention "known or used" in the United States under 35 U.S.C. § 102(a).

13. "Divsalar" is prior art to the patents-in-suit as a printed publication under 35 U.S.C. § 102.

14. "Richardson99" is prior art to the patents-in-suit as a printed publication under 35 U.S.C. § 102.

15. "Frey" is prior art to the patents-in-suit as a printed publication under 35 U.S.C. § 102.

16. "Frey Slides" is prior art to the patents-in-suit as a printed publication under 35 U.S.C. § 102.

17. "Pfister" is prior art to the patents-in-suit as a printed publication under 35 U.S.C. § 102.

DEFENDANTS' RESPONSE TO CALTECH'S STATEMENT OF UNCONTROVERTED FACTS AND DEFENDANTS' ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW
CASE NO. 2:16-CV-3714-GW (AGRx)

| Defendants' Additional Material Statements Of Law |
|---|
| 18.   "Pfister Slides" is prior art to the patents-in-suit as a printed publication under 35 U.S.C. § 102. |
| 19.   Defendants could not have reasonably raised their 35 U.S.C. § 103 invalidity grounds against claims 13 and 22 of U.S. Patent No. 7,916,781 based on Divsalar, Richardson99, Frey, Frey Slides, Pfister, Pfister Slides as art describing "inventions known or used in this country" under 35 U.S.C. § 102(a).  *See* 35 U.S.C. § 311(b). |
| 20.   Defendants could not have reasonably raised their 35 U.S.C. § 103 invalidity grounds against claims 11 and 18 of U.S. Patent No. 7,421,032 based on Divsalar, Richardson99, Frey, Frey Slides, Pfister, Pfister Slides as art describing "inventions known or used in this country" under 35 U.S.C. § 102(a).  *See* 35 U.S.C. § 311(b). |

Respectfully submitted,

DATED:  November 6, 2018

By:   /s/ *James M. Dowd*
JAMES M. DOWD (SBN 259578)
james.dowd@wilmerhale.com
AARON S. THOMPSON (SBN 272391)
aaron.thompson@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Tel:  (213) 443-5300
Fax:  (213) 443-5400

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Tel:  (650) 858-6000
Fax:  (650) 858-6100

Attorneys for Defendants and Counter-Claim Plaintiffs *Broadcom Limited, Broadcom Corporation, Avago*

1    *Technologies Limited, and Apple Inc.*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 55 -

DEFENDANTS' RESPONSE TO CALTECH'S STATEMENT OF UNCONTROVERTED FACTS
AND DEFENDANTS' ADDITIONAL MATERIAL FACTS AND CONCLUSIONS OF LAW
CASE NO. 2:16-CV-3714-GW (AGRx)