QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
James R. Asperger (Bar No. 083188)
jimasperger@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Todd M. Briggs (Bar No. 209282)
toddbriggs@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Plaintiff the California Institute of Technology

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| The CALIFORNIA INSTITUTE OF TECHNOLOGY, a California Corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>BROADCOM LIMITED, BROADCOM CORPORATION, AVAGO TECHNOLOGIES LIMITED, AND APPLE INC.<br><br>    Defendants. | CASE NO. 2:16-cv-3714-GW-AGRx<br><br>**MEMORANDUM IN SUPPORT OF CALTECH'S *EX PARTE* APPLICATION FOR EXPEDITED BRIEFING AND HEARING DATE OF CALTECH'S MOTION TO EXCLUDE DEFENDANTS' LATE-PRODUCED DOCUMENTS AND DR. HENRY PFISTER'S UNTIMELY EXPERT DEPOSITION TESTIMONY**<br><br>Hon. George H. Wu<br>United States District Court Judge |

## I. INTRODUCTION

Plaintiff California Institute of Technology ("Caltech") respectfully seeks *ex parte* relief pursuant to Local Rule 7-19.1 and moves for an Order setting an expedited briefing schedule and hearing date for its Motion to Exclude Defendants' Late-Produced Documents and Dr. Henry Pfister's Untimely Expert Deposition Testimony ("Motion"). Caltech filed its Motion on April 8, 2019.

Caltech's Motion asks the Court to exclude documents and source code that were first produced by Defendants on the morning of Dr. Pfister's March 29, 2019 deposition, as well as Dr. Pfister's testimony regarding those documents. The documents ostensibly relate to work done by Dr. Pfister when he was a graduate student studying under the guidance of Dr. Paul H. Siegel. Thus, Caltech expects that Defendants will seek to use these documents during the April 19, 2019 deposition of Dr. Siegel, and in Defendants' May 3, 2019 submission to the Court of the listing of particularized evidence for their "known or used" prior art.

Under Local Rule 6-1, the earliest Caltech's Motion would be heard is on May 6, 2019,[1] which is after Dr. Siegel is scheduled to be deposed on April 19, 2019, and after Defendants' May 3, 2019 submission regarding their known or used theories. If Caltech's Motion is not resolved prior to April 19, 2019, Caltech will be required to spend time during Dr. Siegel's deposition asking questions about documents that should be excluded from the case, and questioning Dr. Siegel about his opinions relating to those documents, which were not properly disclosed in an expert report. Caltech will also be required to respond to the identification of this untimely new evidence in Defendants' May 3, 2019 submission, which will make it more difficult for the Court to resolve Caltech's pending motion for summary

---

[1] Under Local Rules 6-1, 7-9 and 7-10, Defendant's Opposition would be due on April 15, 2019, Caltech's Reply would be due on April 22, 2019, and the earliest the Court would hear Caltech's Motion on May 6, 2019.

-1-

Case No. 2:16-cv-03714-GW-AGRx
MEMORANDUM IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION

judgment of IPR estoppel. Therefore, Caltech respectfully requests that the Court resolve this Motion on an emergency basis. Caltech has attempted to reach a mutually acceptable agreement with Defendants on this issue, but has been unable to do so.

## II. ARGUMENT

"In order to justify *ex parte* relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (2) that it is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *See generally Diaz v. Bank of Am. Home Loan Servicing, L.P.*, No. CV 09-9286 PSG (MANx), 2010 WL 11549349, at *1 (C.D. Cal. July 20, 2010) (*citing Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)).

Caltech will be irreparably prejudiced if its Motion is heard according to the regular noticed motion procedures. The briefing schedule Caltech requests in this application is intended to allow for resolution of Caltech's Motion before Dr. Siegel is deposed on April 19, 2019 and before Defendants submit their listing of particularized evidence for "known or used" prior art on May 3, 2019. The new documents and source code produced by Defendants at Dr. Pfister's March 29, 2019 deposition ostensibly relate to work that he did as a graduate student under the guidance of Dr. Siegel. Several of the documents are emails on which Dr. Siegel is listed as an author or recipient. Therefore, Caltech believes that Defendants are likely to introduce these documents during Dr. Siegel's deposition, even though they were not produced during fact discovery and were not cited in Dr. Siegel's expert report. Defendants are also likely to include at least some of these documents and source code in Defendants' listing of particularized evidence for "known or used" prior art on May 3, 2019.

If Caltech's Motion is not resolved prior to April 19, 2019, Caltech will be required to spend time during Dr. Siegel's deposition asking questions about documents that should be excluded from the case, and questioning Dr. Siegel about his opinions relating to those documents, which were not properly disclosed in an expert report. Further, because the vast majority of the newly produced documents and source code at issue in Caltech's Motion is source code—800 pages out of 850 pages are source code—Caltech will need to expend significant time and expense to review this code with its expert on an expedited basis in order to adequately prepare for Dr. Siegel's deposition. And if Defendants identify any of the untimely documents or testimony about those documents in their May 3, 2019 submission to the Court, Caltech will again be required to respond to that evidence in its May 17, 2019 submission, which will undermine the Court's effort to bring clarity to the scope and content of Defendants' "known or used" prior art theories.

Caltech is without fault for the circumstances requiring *ex parte* relief. On March 14, 2019, the Parties submitted a joint agreed-upon schedule for the depositions of Dr. Pfister and Dr. Siegel, and Defendants' listing of particularized evidence for their "known or used" invalidity theories. (Dkt. 941.) By that time, Defendants had already received new documents from Dr. Pfister, and had met with Dr. Pfister to review those documents in preparation for his deposition. (Declaration of Todd M. Briggs in Support of Caltech's *Ex Parte* Application for Expedited Briefing (hereinafter, "Briggs Decl.") Ex. 2 [Pfister Depo.] at 131:11-15, 275:17-276:2.) Indeed, Dr. Pfister is Defendants' paid consultant and Defendants have had access to Dr. Pfister and his documents since at least April 2017. (Briggs Decl. Ex. 2 [Pfister deposition] at 8:20-23; Ex. 3 [April 17, 2017 email from A. Thompson].) Yet Defendants never informed Caltech or the Court that Defendants would be producing new documents and new expert opinions at Dr. Pfister's March 29, 2019 deposition. As a result, Caltech has been forced to seek expedited briefing on its

Motion in order for it to be resolved prior to the forthcoming deposition of Dr. Siegel and submission of particularized evidence.

Caltech provided notice of this ex parte application on April 6, 2019, and advised counsel for Defendants of the date and substance of the ex parte application by voicemail on April 8, 2019. Counsel for Defendants have indicated they oppose the application.

### III. CONCLUSION

Caltech respectfully requests that the Court set the following briefing schedule for Caltech's Motion so that it can be heard and decided prior Dr. Siegel's deposition:

| Event | Date |
| --- | --- |
| Caltech files its Motion to Exclude Defendants' Late-Produced Documents and Dr. Henry Pfister's Untimely Expert Deposition Testimony | April 8, 2019 |
| Defendants Responsive Brief Due | April 10, 2019 |
| Caltech's Reply Brief Due | April 12, 2019 |
| Hearing on Caltech's Motion | April 15, 2019 |

In accordance with Local Rule 7-19, the name, address, and telephone number of counsel for Defendants:

Mark Selwyn
mark.selwyn@wilmerhale.com
James M. Dowd
james.dowd@wilmerhale.com
Aaron Thompson
aaron.thompson@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

In accordance with Local Rule 7-19.1(a), counsel for Caltech sought Defendants' consent to this *ex parte* application on April 8, 2019.

DATED: April 8, 2019            Respectfully submitted,


By /s/ James R. Asperger
James R. Asperger
jimasperger@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Plaintiff California Institute of Technology*