REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Tel:    (650) 858-6000
Fax:    (650) 858-6100

JAMES M. DOWD (SBN 259578)
james.dowd@wilmerhale.com
AARON S. THOMPSON (SBN 272391)
aaron.thompson@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Tel:    (213) 443-5300
Fax:    (213) 443-5400

Attorneys for Defendants and Counter-
Claim Plaintiffs *Broadcom Limited,
Broadcom Corporation, Avago
Technologies Limited, and Apple Inc.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CALIFORNIA INSTITUTE OF TECHNOLOGY,<br><br>                    Plaintiff,<br><br>        vs.<br><br>BROADCOM LIMITED, BROADCOM CORPORATION, AVAGO TECHNOLOGIES LIMITED, AND APPLE INC.,<br><br>                    Defendants. | CASE NO. 2:16-cv-3714-GW(AGRx)<br><br>**BROADCOM AND APPLE'S REPLY IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT ON CALTECH'S PURPORTED "COPYING" SECONDARY CONSIDERATION OF NON-OBVIOUSNESS**<br><br>Hon. George H. Wu<br>United States District Judge<br>Hearing Date:  September 12, 2019<br>Time:  8:30 AM<br>Place:  Courtroom 9D |

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

Caltech does not dispute that its copying theory that "the 802.11 LDPC codes at issue in this case . . . were based on Caltech's IRA encoders" relies on at least five interdependent evidentiary steps, and requires proof that the alleged copying occurred *because of* the merits of the claimed invention. (Dkt. 1377 [Opp.] at 1, 7.) Because the undisputed summary judgment record demonstrates that (1) Mr. Jacobsen's presentation only proposed **regular** LDPC codes to the 802.11 Working Group, and (2) Mr. Jacobsen's presentation did not copy any allegedly novel aspect of what was claimed, no reasonable jury could find copying, much less a nexus to the patented features. Caltech's attempt to inject this highly prejudicial and baseless argument into the trial should be rejected.[1]

***First***, the 802.11 Working Group could not have copied Caltech's irregular repeat accumulate (IRA) codes from Mr. Jacobsen's presentation because the undisputed evidence demonstrates—as Mr. Jacobsen testified, as his presentation shows, and as Dr. Shoemake conceded—Mr. Jacobsen's candidate code used a *regular* repetition and was not adopted into 802.11. (*See* Dkt. 1297 [Br.] at 3-4.) Caltech's attempt to create a dispute on this point through a new, untimely declaration should be rejected. Dr. Shoemake's new opinion that ███████ ██████████████████████████████████████ was never disclosed in any expert report. (*Compare* Opp. at 6 (citing Dkt. 1377-2 [Shoemake Decl.] ¶ 10), *with* Dkt. 906-1 [Shoemake 2nd Supp. Rpt.] ¶ 109 (opining only that "Slide 30 . . . shows an encoder that is very similar to Figure 4 of the Caltech patents" and offering no opinion as to irregularity).) It should therefore receive no weight. *See Luke v. Family Care & Urgent Med. Clinics*, 323 F. App'x 496, 498–99 (9th Cir. 2009) (affirming exclusion of untimely expert declaration submitted in response to

---

[1] On August 9, 2019, the Court issued an order ruling on various pending summary judgment and reconsideration motions relating to the scope of the invalidity claims that Broadcom and Apple may present at trial. To the extent that Broadcom and Apple cannot or do not present their invalidity obviousness defenses at trial, then Caltech should not be permitted to present any of its alleged "copying" evidence given that secondary considerations of non-obviousness would be irrelevant.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

summary judgment motion); *Allegro Corp. v. Only New Age Music, Inc.*, 2003 WL 23571745, at *2-*3 (D. Or. Jan. 23, 2003) (striking portions of declaration opposing summary judgment referencing facts not previously part of the record).

Even if considered, the declaration creates no genuine disputed fact. At most, it merely suggests that Mr. Jacobsen's presentation included background information that "irregular LDPC code[s]" existed in the art. The subsequent slides support Mr. Jacobsen's uncontradicted testimony that his ultimate candidate code and final encoder were regular. (Dkt. 921-15 at slide 11 (describing the "Candidate LDPC Code" as having "four edges per information bit, two per parity bit" and as "***regular in H1***"), slide 30 (describing the "final encoder structure" with "parity bits . . . generated from the low-density matrix $H_1$")). Moreover, contrary to Caltech's assertion that Dr. Shoemake testified only "

" (Opp. at 6),

(Dkt. 1377-2 [Shoemake Decl.] ¶ 6 ("

").

***Second***, Caltech does not dispute that it must show copying of the alleged "novel aspects," and not prior art components. *See Windsurfing Int'l Inc. v. AMF, Inc.*, 782 F.2d 995, 1000 (Fed. Cir. 1986) (only "copying the claimed invention, rather than one within the public domain, is indicative of non-obviousness"). Nor does Caltech dispute the allegedly inventive aspects include, at minimum, "***irregular repetition of information bits***." (Dkt. 1377-1 [Caltech's Resp. SUF] at 6-48; Br. at 5, 7.) Yet Caltech has offered no evidence establishing that the figure in slide 30, which the 802.11 Working Group allegedly copied—actually "***embodied the asserted claims***," *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, 2014 WL 5812175, at *4 (N.D. Cal. Nov. 7, 2014), by "***includ[ing] all elements of th[e] claims***," *Asyst Techs., Inc. v. Empak, Inc.*, 2007 WL 120845, at *1 (N.D. Cal.

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

Jan. 11, 2007), or that anyone copied the irregular repetition element, despite admitting its burden to do so. *See* Dkt. 1377-1 [Resp. SUF] at 46-47.

At most, Caltech offers a superficial observation that the figure in Dr. Jin's thesis and Figure 4 of the patent specification visually resembles a figure in slide 30 of Mr. Jacobsen's presentation because each diagram depicts exactly two blocks: a low-density generator matrix ("LDGM") and an accumulator.[2] (Opp. at 2.) But even viewed in the light most favorable to Caltech, these blocks at most portray two claim limitations: "a low-density generator matrix coder" (a type of "first coder") and "an accumulator" (a type of "second coder"). *See* '710 patent, claims 20, 22. They do not disclose the allegedly inventive aspect of "irregular repetition." Caltech never explains how simply depicting two generic components somehow copies "irregular repetition," even though those components were known in the prior art and could equally be used—as Mr. Jacobsen used them—to encode *regular* LDPC codes that were known since 1963.[3] Nor has Dr. Shoemake ever opined that slide 30's figure describes an irregular LDPC code—merely that, in his untimely declaration, ███████████████████████████████

███████████████████████████████. (Dkt. 1377-2 [Shoemake Decl.] ¶ 11.)

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████ (*Id.* ¶ 7.)[4]

[2] Caltech's claim that "Dr. Shoemake . . . show[ed] the block diagrams define an IRA encoder as claimed in the patents . . . ." (Opp. at 4) is untrue. The cited portions only say it is "███████████" but say nothing about *irregular repetition*.

[3] ████████████████████████████████████████████████████████ (Ex. 1 [Divsalar Rpt.] ¶¶ 77 (███████████████), 93-97 (███████████████████████████).)

[4] Caltech is incorrect that the question of nexus between secondary considerations must be reserved for the jury. No genuine issue of material fact exists as to whether Mr. Jacobsen or the 802.11 Working Group copied the allegedly inventive "irregular repetition" of bits. *See, e.g., Sandt Tech., Ltd. v. Resco Metal & Plastics Corp.*, 264 F.3d 1344, 1355 (Fed. Cir. 2001) (affirming summary judgment of invalidity because "nexus was not proven.").

- 3 -

REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

## CONCLUSION

For the foregoing reasons and reasons stated in Broadcom and Apple's opening brief, the Court should grant partial summary judgment rejecting Caltech's assertion that the 802.11 Working Group, the 802.11 Standard, Mr. Jacobsen, or the University of Arizona Researchers copied the patents-in-suit.

DATED: August 12, 2019          Respectfully submitted,

By:   /s/ *James M. Dowd*
      JAMES M. DOWD (SBN 27239)
      james.dowd@wilmerhale.com
      AARON S. THOMPSON (SBN 272391)
      aaron.thompson@wilmerhale.com
      WILMER CUTLER PICKERING
        HALE AND DORR LLP
      350 South Grand Avenue, Suite 2100
      Los Angeles, California 90071
      Tel:   (213) 443-5300
      Fax:   (213) 443-5400

      MARK D. SELWYN (SBN 244180)
      mark.selwyn@wilmerhale.com
      WILMER CUTLER PICKERING
        HALE AND DORR LLP
      950 Page Mill Road
      Palo Alto, California 94304
      Tel:   (650) 858-6000
      Fax:   (650) 858-6100


      Attorneys for Defendants and Counter-
      Claim Plaintiffs *Broadcom Limited,*
      *Broadcom Corporation, Avago*
      *Technologies Limited, and Apple Inc.*

- 4 -