UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3714-GW (AGRx) | Date | November 21, 2019 |
|---|---|---|---|
| Title | *The California Institute of Technology v. Broadcom Limited, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Terri A. Hourigan | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:
James R. Asperger
Todd M. Briggs
John Yin
Ognjen Zivojnovic

Attorneys Present for Defendants:
James M. Dowd
Jason F. Choy

**PROCEEDINGS:** NUNC PRO TUNC CORRECTION OF AUGUST 9, 2019 FINAL RULING RE ESTOPPEL AT DOCKET NO. 1432

BROADCOM AND APPLE'S MOTION FOR SUMMARY JUDGMENT FOR PARTIAL SUMMARY JUDGMENT OF NO PRE-SUIT INDIRECT INFRINGEMENT AND NO WILLFULNESS [1218]

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF VALIDITY [1228]

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF MARKING [1215]

BROADCOM AND APPLE'S MOTION FOR SUMMARY JUDGMENT OF NO RECOVERY OF PRE-SUIT DAMAGES ON U.S. PATENT NO. 7,116,710 [1226]

APPLE AND BROADCOM'S MOTION TO SEVER AND STAY CALTECH'S CLAIMS AGAINST APPLE [1306]

The Court's Final Ruling is circulated and attached hereto. reasons stated on the record, the Motions are TAKEN UNDER SUBMISSION. Court to issue final ruling.

: 01

Initials of Preparer JG

*The California Institute of Technology v. Broadcom Limited et al.*; Case No. 2:16-cv-03714-GW-(AGRx) Final Rulings on:

(1) Nunc Pro Tunc Correction of August 9, 2019 Final Ruling re Estoppel at Docket No. 1432

(2) Defendants' Motion for Summary Judgment as to No Pre-Suit Indirect Infringement and No Willfulness (Motion, Docket No. 1218 (public), Docket No. 1294 (sealed); Opposition, Docket No. 1336 (public), Docket No. 1384 (sealed); Reply, Docket No. 1419 (public), Docket No. 1447 (sealed))

(3) Plaintiff's Motion for Partial Summary Judgment of Validity, (Motion, Docket No. 1228 (public), Docket No. 1282 (sealed); Opposition, Docket No. 1315 (public), Docket No. 1368 (sealed); Reply, Docket No. 1408 (public), Docket No. 1454 (sealed))

(4) Plaintiff's Motion for Partial Summary Judgment as to The Issue of Marking, (Motion, Docket No. 1215 (public), Docket No. 1279 (sealed); Opposition, Docket No. 1325 (public), Docket No. 1370 (sealed); Reply, Docket No. 1426 (public), Docket No. 1456 (sealed))

(5) Defendants' Motion for Summary Judgment as to No Recovery of Pre-Suit Damages on U.S. Patent No. 7,116,710, (Motion, Docket No. 1226 (public), Docket No. 1295 (sealed); Opposition, Docket No. 1334 (public), Docket No. 1378 (sealed); Reply, Docket No. 1411 (public), Docket No. 1445 (sealed))

(6) Defendants' Motion to Sever and Stay Caltech's Claims Against Apple (Motion, Docket No. 1306; Opposition, Docket No. 1307 (public), Docket No. 1374 (sealed); Reply, Docket No. 1350))

## I. Introduction

Plaintiff the California Institute of Technology currently alleges patent infringement against Defendants Broadcom Limited, Broadcom Corporation, Avago Technologies Limited, and Apple Inc. *See* First Amended Complaint ("FAC"), Docket No. 36; *see also* Docket No. 1. Plaintiff asserts that Defendants infringe six claims from three of its patents: (1) U.S. Patent No. 7,116,710 ("the '710 Patent"); (2) U.S. Patent No. 7,421,032 ("the '032 Patent"); and (3) U.S. Patent No. 7,916,781 ("the '781 Patent") (collectively, the "Asserted Patents"). *See* Docket No. 1451 ("Notice of Withdrawal of Claims Not Subject to IPR Estoppel"). Specifically, the following six claims remain in this case:

- Claims 11 and 18 of the '032 Patent;
- Claims 13 and 22 of the '781 Patent; and
- Claims 20 and 22 of the '710 Patent.

The parties have filed their second "round" of motions for summary judgment and motions to exclude. Those motions have been fully briefed. This ruling addresses four of the six pending summary judgment motions,[1] as well as two related matters (of a correction to one of the Court's

---

[1] Specifically, the following six summary judgment motions have been filed: (1) Defendants' Motion for Summary Judgment as to Noninfringement for U.S. Patent No. 7,421,032 (Docket No. 1240); (2) Defendants' Motion

1

previous rulings (Docket No. 1432) and Defendants' pending Motion to Sever and Stay (Docket No. 1306)).

At the October 10, 2019 hearing scheduled for the motions, the Court distributed tentative rulings regarding the parties "round two" motion disputes. *See* Docket No. 1503 (sealed minutes). The hearing on the motions was continued to October 22, 2019 and the parties were directed to file supplemental briefs listing "the five biggest mistakes from each of the Court's two Tentative Rulings." *Id.* The parties subsequently filed their supplemental briefs. Docket No. 1495 (public version of Plaintiff's brief); Docket No. 1496 (public version of Defendants' brief); *see also* Docket Nos. 1498-1, 1500-1 (sealed versions of the parties' supplemental briefs).

For the reasons stated herein, the Court would rule as follows:

- The Court **MODIFIES** a sentence of its Final Ruling at Docket No. 1432, pages 4 and 32 **NUNC PRO TUNC** such that the last clause of the sentence states, "such that Defendants are estopped from presenting each of their 35 U.S.C. § 103 obviousness invalidity grounds for Claims 13 and 22 of the '781 Patent and Claims 11 and 22 of the ~~'781 Patent~~ of the '032 Patent."

- Defendants' Motion for Summary Judgment of No Pre-Suit Indirect Infringement and No Willfulness (Docket No. 1218) is **DENIED-IN-PART AS MOOT** on the issue of pre-suit indirect infringement and claims of Apple's alleged pre-suit willful infringement, **GRANTED-IN-PART** as to claims of Broadcom's alleged pre-suit willful infringement, and **DENIED-IN-PART** as to claims of Defendants' alleged post-suit willful infringement.

- Plaintiffs' Motion for Summary Judgment of Validity (Docket No. 1228) is **DENIED-IN-PART AS MOOT AS AGREED** and **GRANTED-IN-PART** as to Defendants' § 101 invalidity defenses against the '710 and '032 Patents as stated herein.

- Plaintiff's Motion for Partial Summary Judgment Regarding Marking (Docket No. 1215) is **GRANTED-IN-PART** as to the '032 and '781 Patents and **DENIED-IN-PART** as to the '710 Patent.

- Defendants' Motion for Summary Judgment Regarding Marking the '710 Patent (Docket No. 1226) is **DENIED**.

- The Court, in its discretion, **DENIES** Defendants' Motion to Sever and Stay the claims

---

for Summary Judgment as to No Pre-Suit Indirect Infringement and No Willfulness (Docket No. 1218); (3) Plaintiff's Motion for Partial Summary Judgment of Validity (Docket No. 1228); (4) Defendants' Motion for Partial Summary Judgment as to Caltech's Purported Copying Secondary Consideration of Non-Obviousness (Docket No. 1249); (5) Plaintiff's Motion for Partial Summary Judgment as to The Issue of Marking, (Docket No. 1215); (6) Defendants' Motion for Summary Judgment as to No Recovery of Pre-Suit Damages on U.S. Patent No. 7,116,710 (Docket No. 1226). Motions (2), (3), (5), and (6) are addressed by this Ruling. Motions (1) and (4) remain under submission pending additional supplemental briefing by the parties.

2

against Apple (Docket No. 1306).

## II. Legal Standard

Under Federal Rule of Civil Procedure ("Rule") 56, a party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense - on which summary judgment is sought, and the court shall grant it when the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Miranda v. City of Cornelius*, 429 F.3d 858, 860 n.1 (9th Cir. 2005). As to materiality, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

To satisfy its burden at summary judgment, a moving party with the burden of persuasion must establish "beyond controversy every essential element of its [claim or defense]." *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003); O'Connell & Stevenson, *Rutter Group Prac. Guide: Fed. Civ. Proc. Before Trial* ("*Federal Practice Guide*") § 14:126 (2016). By contrast, a moving party without the burden of persuasion "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos.*, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000); *see also Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc) ("When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'") (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), and citing *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000) (holding that the *Celotex* "showing" can be made by "pointing out through argument . . . the absence of evidence to support plaintiff's claim")).

> If the party moving for summary judgment meets its initial burden of identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact, the nonmoving party may not rely on the mere allegations in the pleadings in order to preclude summary judgment[, but instead] must set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial.

3

*T.W. Elec. Serv., Inc., v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (internal citations and quotation marks omitted) (citing, among other cases, *Celotex*, 477 U.S. at 323). "A non-movant's bald assertions or a mere scintilla of evidence in his favor are both insufficient to withstand summary judgment." *See FTC v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009). In addition, the evidence presented by the parties must be admissible. *See* Fed. R. Civ. P. 56(e). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *See Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Relatedly, "[a]ny objections to declarations or other evidence must be made at or (preferably) before the hearing, and should be ruled upon by the court before ruling on the motion itself." *Federal Practice Guide* § 14:333 (citing *Hollingsworth Solderless Terminal Co. v. Turley*, 622 F.2d 1324, 1335 n.9 (9th Cir. 1980); *Sigler v. American Honda Motor Co.*, 532 F3d 469, 480 (6th Cir. 2008)). In judging evidence at the summary judgment stage, however, courts do not make credibility determinations or weigh conflicting evidence at the summary judgment stage, and must view all evidence and draw all inferences in the light most favorable to the non-moving party. *See T.W. Elec.*, 809 F.2d at 630-31 (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)); *Anderson*, 477 U.S. at 255 ("The evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in [the non-movant's] favor.").

"If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact – including an item of damages or other relief – that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g); *see also* Federal Practice Guide § 14:352 ("A partial summary judgment may be granted on motion of either party for adjudication of particular claims or defenses.") (citing *id.* § 14:33).

### III. Analysis

#### A. Correction of Court's Previous Ruling at Docket No. 1432

On August 9, 2019, the Court issued its Final Ruling on the parties' various disputes relating to *inter partes* review statutory estoppel. *See* Docket No. 1432. On pages 4 and 24 of the ruling, the Court summarized its rulings. In each place, the Court includes the following:

> The Court would **GRANT** Plaintiff's Renewed Motion for Partial Summary Judgment of Validity Under 35 U.S.C. § 103 Based on IPR Estoppel under 35 U.S.C. § 315(e)(2) for U.S. Patent No. 7,916,781 and in doing so **MODIFY** the Estoppel Order as it pertains to that patent such that Defendants

are estopped from presenting each of their 35 U.S.C. § 103 obviousness invalidity grounds for Claims 13 and 22 of the '781 Patent and Claims 11 and 22 of the '781 Patent.

*See* Docket No. 1432 at 4, 24. The Court **MODIFIES** this sentence **NUNC PRO TUNC** such that the last clause of the sentence states, "such that Defendants are estopped from presenting each of their 35 U.S.C. § 103 obviousness invalidity grounds for Claims 13 and 22 of the '781 Patent and Claims 11 and 22 of the '781 Patent of the '032 Patent." This modification does not change the holding. The Court's previous Estoppel Order had already concluded that Defendants were estopped from presenting each of their 35 U.S.C. § 103 obviousness invalidity grounds for Claims 11 and 22 of the '032 Patent. *See* Docket No. 830 at 2, 28. This section of the Court's ruling also states that it is "as to that patent," meaning the '781 Patent. However, for clarity, the Court corrects the error such that the ruling properly refers to both patents impacted by the Estoppel Order. *See* Rule 60(a).

### B. Defendants' Summary Judgment Motion of No Pre-Suit Indirect Infringement and No Willfulness

Defendants move for summary judgment of no pre-suit indirect infringement and no willful infringement because, they state, "neither Broadcom nor Apple was aware of the patents-in-suit before this litigation, and neither's conduct has been 'willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate.'" Docket No. 1218 at 1 (public motion).[2,3] Plaintiff's opposition clarifies that "Caltech is not seeking damages for pre-suit indirect infringement, and thus that portion of Defendant[s'] motion should be denied as moot." Docket No. 1384 at 1. Regarding willful infringement, Plaintiff states it is seeking a

---

[2] *See* Defendants' Motion for Summary Judgment as to No Pre-Suit Indirect Infringement and No Willfulness Docket No. 1218 (public), Docket No. 1294 (sealed); Opposition, Docket No. 1336 (public), Docket No. 1384 (sealed); Reply, Docket No. 1419 (public), Docket No. 1447 (sealed).

[3] Some of the underlying "undisputed" facts cited in this ruling have been disputed by Plaintiff or Defendants. The Court has reviewed said disputes and relies only on facts that are supported by the cited evidence, altering the proffered facts if necessary to accurately reflect the uncontroverted evidence. To the extent that the cited underlying "undisputed" facts have been disputed, the Court finds that the stated disputes: (1) fail to controvert the proffered "undisputed" facts, (2) dispute the facts on grounds not germane to the factual statements, and/or (3) fail to cite evidence in support of the disputing party's position. As such, the Court treats such facts as undisputed. Any proffered facts not included in this ruling were found to be: (1) improper opinions or conclusions rather than facts, (2) unsupported by admissible evidence, (3) irrelevant to the Court's present analysis, or (4) some combination thereof. To the extent the Court uses any facts in this ruling and does not note that they are disputed, it has determined that they are undisputed.
Neither party submitted evidentiary objections separated from their statement(s) of disputed facts to the other side's proffered evidence.

finding of willful infringement both pre-suit and post-suit for Broadcom and only post-suit for Apple. *Id.* Defendants' motion is accordingly **DENIED-IN-PART AS MOOT** regarding pre-suit indirect infringement against both Defendants and pre-suit willful infringement against Apple.

To support its position of pre-suit willful infringement for Broadcom, Plaintiff argues that "the evidence demonstrates that Broadcom knew of the Patents-in-Suit." *Id.* Plaintiff then proffers evidence solely to support the assertion that Broadcom knew of the Asserted Patents. Plaintiff does not meaningfully explain how its proffered evidence supports the contention that Defendants' pre-suit conduct was not only knowing, but egregious. Indeed in a footnote, Plaintiff makes the strange assertion that "Defendants' arguments regarding 'egregious[ness]' are inapplicable if Defendants[ ] had pre-suit knowledge of the Patents-in-Suit." Docket No. 1384 at 8.

In a recent decision, the Federal Circuit has made clear that mere knowledge is not enough; some further showing of bad faith conduct is required to establish willful infringement. *See SRI International, Inc. v. Cisco Systems, Inc.*, 930 F.3d 1295, 1309 (Fed. Cir. 2019) ("[e]ven accepting [the evidence presented at trial] as true and weighing all inferences in SRI's favor, we conclude that the record is insufficient to establish that Cisco's conduct rose to the level of wanton, malicious, and bad-faith behavior ***required*** for willful infringement." (emphasis added)). Plaintiff has not presented evidence or argument sufficient to create a question of material fact under this legal standard regarding Broadcom's alleged pre-suit infringement of the asserted patents. Defendants' motion is **GRANTED-IN-PART** on this ground.

Regarding Plaintiff's post-suit willful infringement assertions against Defendants, although a close call, the Court finds sufficient factual questions remain at this stage as to whether Defendants' post-suit conduct, if found infringing as to the '710 or '781 Patents, could be found willful by a jury. Defendants' argument that Plaintiff failed to timely disclose its post-suit willful infringement theories does not support granting summary judgment on this issue at this time. The Court notes, however, that the question of whether Plaintiff will be permitted at trial to refer to proceedings before the PTAB or decisions of this Court to support a willfulness determination is not addressed by this ruling and may be the proper subject of motions *in limine*.

Defendants' supplemental brief argues that "[n]one of the cases Caltech cites hold that creating standards-compliant products constitute willful infringement." Docket No. 1500-1 at 7. Defendants also argue that some of the Court's determinations, including its previous tentative ruling that the '032 Patent is not infringed, "demonstrate the reasonableness of Broadcom and

6

Apple's subjective belief that they do not infringe." *Id.* Finally, Defendants argue again that "Caltech's post-filing willfulness theory would require re-litigating the procedural history of this case in front of the jury." *Id.* at 7-8. At the hearing, Defendants also argued that Plaintiff's interrogatory responses in this case rely on evidence insufficient to support a claim of willful infringement. Plaintiff responded that events have occurred after the close of fact discovery, and thus after it was permitted to supplement its interrogatory responses, that support its current willful infringement claim. Again, although a close call, the Court is not persuaded based on the current record that Defendants' arguments support the conclusion as a matter of law at this time that no reasonable jury could find post-suit willful infringement of the asserted patents by Defendants. The issue will be reserved for a post-trial motions, if necessary at the appropriate time.

Defendants' motion is **DENIED-IN-PART** on the issue of whether Defendants' alleged post-suit infringement has been willful.

### C. Plaintiff's Motion for Summary Judgment of Validity

Plaintiff moves for summary judgment of validity on the basis that "Defendants have failed to pursue [their] §§ 102 and 112 defenses, and can no longer pursue [their] § 101 defenses as a matter of law." Docket No. 1228 at 1 (public motion).[4] Defendants argue that the §§ 102 and 112 defenses that are the subject of Plaintiff's motion are "defenses that Broadcom and Apple are no longer pursuing and have previously been withdrawn." Docket No. 1368 at 1. The parties agree that their dispute regarding these invalidity defenses is moot, and Plaintiff's motion would accordingly be **DENIED-IN-PART AS MOOT AS AGREED** as to Defendants' withdrawn §§ 102 and 112 invalidity defenses.

The parties' sole remaining dispute relates to whether Defendants can maintain their § 101 invalidity defenses against the '032 and '710 Patents. On January 18, 2019, the Court issued a Final Ruling denying Defendants' motion for summary judgment of § 101 invalidity as to the asserted claims of the '781 Patent. Docket No. 849. That ruling is incorporated into this ruling in its entirety by this reference. *See id.*

As Plaintiff notes, in the briefing leading up to that ruling, Defendants made repeated statements distinguishing the claims of the '781 Patent from those of the '032 and '710 Patents as

---

[4] *See* Plaintiff's Motion for Partial Summary Judgment of Validity, Docket No. 1228 (public), Docket No. 1282 (sealed); Opposition, Docket No. 1315 (public), Docket No. 1368 (sealed); Reply, Docket No. 1408 (public), Docket No. 1454 (sealed).

7

a basis to argue that patent-ineligibility of the asserted claims of the '781 Patent. In particular, in a supplemental brief filed October 4, 2018, Defendants start off their introduction section with a compare and contrast discussion between the claims of the three asserted patents as a basis to argue that the '781 Patent is abstract. The introduction is best read in full to get the full effect:

> The Court's Tentative asks "how the claimed methods fit into the context of the overall methods / systems described in the patent specification." (Dkt. 660 at 12.) As demonstrated below, the answer to this question depends upon which member of this patent family is at issue. Although all three patents-in -suit share an identical specification, the '710 claims were filed May 18, 2001, the '032 claims were filed on October 3, 2006, and the '781 claims were not filed until June 30, 2008. Over those seven years, Caltech's claiming grew increasingly abstract.
>
> The claims of the earliest-filed family member, the '710 patent, hew most closely to disclosed Irregular Repeat and Accumulate ("IRA") coder embodiments. They recite, for example, a "*first coder* operative to *repeat* said stream of bits *irregularly* and *scramble* the repeated bits." ('710 patent, claim 15.) The claims of the second-filed family member, the '032 patent, took a further step toward the abstract but continued to recite structural elements like "[a] *device* comprising: an *encoder* configured to" "perform an *irregular repeat*" and "random *permutation*." ('032 patent, claims 11, 13.) By the '781 patent, however, Caltech's patent attorneys stepped way over the § 101 line into claiming purely abstract subject matter. The '781 patent claims are directed to the *types of math* that certain disclosed embodiments may perform – *i.e.*, mod-2 or exclusive-OR addition – but are in no way limited to the disclosed embodiments (nor to any tangible thing). Rather, the '781 patent claims omit essential limitations required to produce an IRA code. This § 101 problem thus arises directly from Caltech's claim drafting choices.
>
> For example, the specification describes an encoder that (1) performs irregular repetition on a stream of input bits, (2) scrambles the irregularly repeated bits, and (3) inputs the resulting bits into an accumulator. ('781 patent at 1:63-2:11.) The asserted '781 claims, by contrast, are not so limited. They do not recite any tangible structure. They do not recite performing irregular repetition. And they do not recite scrambling bits. To the contrary, all that they require is performing mod-2 addition on any generic "block of data" or "collection of information bits." And the claimed output is nothing more than a simple "codeword" comprised of two or more bits. The fact that the claims refer to those output bits as "parity bits" does nothing to transform them into an IRA code (or even an intermediary that necessarily leads to an IRA code). To the contrary, it shows that the claimed methods output nothing more than bits, which can be used for many purposes outside of error correction and are not patent eligible.
>
> Caltech's patent attorneys thus overreached when they drafted the asserted '781 claims, crossing the § 101 line by generically claiming the types

8

>of math discussed in the specification without limiting their claims to the irregular repetition, scrambling, and accumulation that produce IRA codes and the structure that performs those steps. Because the asserted claims are directed to basic mod-2 addition, they are patent ineligible.

Docket No. 714 at 1-2 (emphasis in original). These are not "one-off" statements. The same brief went on to raise even more detailed and specific compare and contrast arguments between the claims of the three asserted patents on pages 7-8, pages 12-13, pages 14-15, and pages 17-18. *See generally* Docket No. 714. Defendants also repeated similar arguments at a later hearing on the issue of the '781 Patent's patent eligibility under § 101. *See* Docket No. 1408-4 (Excerpts of Tr. of Nov. 15, 2018 Hearing) at 58:19-59:23, 82:15-21, 89:4-14, 105:19-106:16. Defendants, in their repeated comparisons, essentially did everything short of saying the explicit phrase "the asserted claims of the '710 and '032 Patents are not drawn to an abstract idea." Defendants' argument now that they have adequately preserved § 101 invalidity challenges against the '032 and '710 Patent because they did not utter such an explicit statement is unpersuasive.

Particularly when Defendants' statements are considered in combination with the Court's analysis and ruling regarding the patent eligibility of the asserted claims of the '781 Patent, Defendants cannot show a genuine issue of material fact regarding the patent eligibility of the '710 and '032 Patent under 35 U.S.C. § 101. Although Defendants argue that the asserted claims of the '710 and '032 Patents are different in such a way that reliance on the Court's previous § 101 analysis for the '781 Patent is inappropriate, the Court disagrees. When considered in combination with Defendants' statements emphasizing the physical components and requirements for scrambling and irregularly repeating bits in the '710 and '032 Patent claims, the Court's § 101 analysis as to the '781 Patent would mandate the same outcome as to the '710 and '032 Patents.

For these reasons and those stated in the Court's § 101 determination regarding the '781 Patent, Plaintiff's Motion for Validity (Docket No. 1228) would be **GRANTED-IN-PART** with respect to a § 101 challenge against the asserted claims of the '710 and '032 Patents.

## D. Parties' Cross Summary Judgment Motions on the Issue of Marking

The parties have filed cross summary judgment motions on the issue of whether Plaintiff was required to have one of its licensees mark certain products with the asserted patent numbers.[5]

---

[5] *See* (1) Plaintiff's Motion for Partial Summary Judgment as to The Issue of Marking, Docket No. 1215 (public), Docket No. 1279 (sealed); Opposition, Docket No. 1325 (public), Docket No. 1370 (sealed); Reply, Docket No. 1426 (public), Docket No. 1456 (sealed); (2) Defendants' Motion for Summary Judgment as to No Recovery of

9

The parties' dispute is whether Plaintiff's licensee's products are indeed commercial embodiments of the asserted patents, thus requiring that they should have been marked. Failure to mark a commercial embodiment of an asserted patent that includes device claims can result in limits on the damages available from an alleged infringer of that patent. *See* 35 U.S.C. § 287(a). The Court previously provided the legal standard for the marking statute in an order denying Defendants' motion to strike Plaintiff's expert's opinions regarding marking. *See* Docket No. 829. That ruling is incorporated in its entirety by this reference.

Defendants' motion only addresses claims of the '710 Patent, and Defendants similarly only refer to claims of the '710 Patent in responding to Plaintiff's motion. Plaintiff's motion, which requests a summary judgment determination of no failure to mark on all three of the asserted patents, would be **GRANTED-IN-PART** as it relates to the '032 and '781 Patents because Plaintiff has presented sufficient argument and unrebutted evidence to support that it was not required to mark the licensee's products with these patents.

The parties' remaining dispute relates to Claims 11 and 15 of the '710 Patent. In addition to other arguments, Plaintiff argues that its summary judgment motion should also be granted (and Defendants' motion denied) as to the '710 Patent because Claims 11 and 15 are not asserted in this case. In a recent case (cited by Plaintiff), the Federal Circuit observed that a similar "patent-by-patent versus claim-by-claim marking dispute between the parties raises a novel legal issue not squarely addressed by our past decisions." *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, 853 F.3d 1370, 1384 (Fed. Cir. 2017). The Federal Circuit, however, found it unnecessary to address the issue in light of the other determinations reached in the case. Defendants also persuasively observe that in other circumstances, the Federal Circuit has applied patent marking concepts on a patent-by-patent, not claim-by-claim, basis. Docket No. 1445 at 4. Specifically, in *ActiveVideo*, the Federal Circuit held that "if a single patent contains both apparatus claims and method claims, the marking requirement applies to all the claims." *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F. 3d 1312, 1334 (Fed. Cir. 2012)). It is also of note that Claims 20 and 22 of the '710 Patent, which are still asserted, each depend from Claim 15. Even if, as one of

---

Pre-Suit Damages on U.S. Patent No. 7,116,710, Docket No. 1226 (public), Docket No. 1295 (sealed); Opposition, Docket No. 1334 (public), Docket No. 1378 (sealed); Reply, Docket No. 1411 (public), Docket No. 1445 (sealed). The Court notes that if it was more obvious that the parties were filing cross motions on this issue, it would have further restricted the page limits for the briefing permitted on the dispute.

Plaintiff's older, non-binding cited cases suggest, the marking statute should be applied to separate "inventions," in these circumstances involving an independent claim and its corresponding dependent claim, those two claims would seem to satisfy any requirement that they be drawn to the same invention. *See Toro Co. v. McCulloch Corp.*, 898 F. Supp. 679, 685 (D. Minn. 1995). For these reasons and on the limited record, the Court rejects Plaintiff's interpretation of the marking requirements as only being relevant to asserted claims.

The premise of Defendants' motion on the issue of marking is best distilled down by a footnote in Defendants' reply brief. Defendants state, "Dr. Shoemake [(Caltech's expert)] cannot have this both ways—either Broadcom does not infringe, or Caltech was required to mark." Docket No. 1445 at 2 n.2. This footnote and Defendants' other arguments in support of their motion show that the issue raised by Defendants' motion is not ripe at this time. Defendants are essentially asking the Court to set aside the critical question of whether Defendants' accused products infringe the asserted patents (which Defendants dispute), yet at the same time assume Plaintiff's infringement theory (which Defendants also dispute), to then conclude that Plaintiff should have marked its licensee's products. But because Defendants challenge Plaintiff's infringement allegations in the first place, including under Plaintiff's infringement theory, it would be inappropriate for the Court to resolve Defendants' motion in Defendants' favor without implicitly making other factual determinations related to the case (that would likely not be in Defendants' favor). Under Defendants' own arguments, the marking question cannot be answered until the question of whether Defendants infringe the '710 Patent has been answered.

To the extent Defendants are simply attempting to use their motion as a vehicle to: (1) increase their page limits and strategically time their response(s) to Plaintiffs' marking motion or (2) introduce issues to the Court regarding the parties' affirmative patent infringement dispute that they would seek to have the Court resolve in advance of trial,[6] the Court declines to engage with Defendants on those fronts. In addition, Plaintiff's proffer of a new expert declaration from

---

[6] Neither party has adequately explained or shown through their motion papers that a claim construction dispute exists that requires resolution before trial. To the extent the parties believe there is such a dispute, they are expected to succinctly and clearly identify it for the Court's consideration in advance of trial. For instance, although the parties' papers regarding their marking dispute suggest some dispute over the meaning of the word "coder," the parties' positions have not been clearly articulated in a way that shows the parties have a claim construction dispute as opposed to an infringement dispute, *i.e.* a factual dispute regarding how the claim term should be applied to the accused product. Neither party addressed this issue in their supplemental briefs or at the hearing, despite the Court's request that they do so. The Court takes this to mean the parties do not have an articulable claim construction dispute that they seek resolution of at this time.

11

Shoemake in support of its opposition to Defendants' motion is inappropriate. Shoemake will not be permitted at trial to rely on opinions that were not disclosed during expert discovery and were instead presented for the first time in declarations submitted in connection with the parties' *second round* of dispositive motion briefing. With these comments in mind, Defendants' motion would be **DENIED**.

Regarding Plaintiff's motion, Plaintiff has not shown an absence of material fact supports a summary judgment determination on the marking issue as it relates to the '710 Patent. A litigant is not precluded "from arguing that if a claim term must be broadly interpreted to read on an accused device, then this same broad construction will read on the prior art." *01 Communique Lab., Inc. v. Citrix Sys., Inc.*, 889 F.3d 735, 742 (Fed. Cir. 2018). The Court finds that similar logic should apply in the circumstances presented here. Defendants disagree that Plaintiff's broad interpretation of the asserted claims should be adopted such that the asserted claims would more likely read on the accused devices. But so long as Plaintiff is permitted to maintain its position, Defendants should also be permitted to alternatively argue that, accepting Plaintiff's position as true, Plaintiff had a duty to mark a commercial product with the asserted patent numbers.

Plaintiff suggests that the Court "need not resolve [the parties'] disputes over infringement [theories] in order to grant Caltech's motion for partial summary judgment on the issue of marking" and asserts that it addresses the parties' disputes and purported inconsistencies between its expert's theories related to marking versus infringement "for completeness." Docket No. 1456 at 4. The Court disagrees with Plaintiff on this point, and further is not persuaded that Plaintiff has shown an absence of genuine disputes of material fact regarding the issue of whether it should have marked its licensee's products with the '710 Patent number at this stage. The Court would **DENY-IN-PART** Plaintiff's motion for summary judgment as to marking as it relates to Claims 11 and 15 of the '710 Patent.

### E. Defendants' Motion to Sever and Stay as to Apple

With the permission of the Court, Defendants previously filed a motion to sever and stay Plaintiff's claims against Apple. Docket No. 1306. After the motion was fully briefed,[7] a hearing was held on August 8, 2019 and the matter was taken under submission pending completion of the parties' "Round 2" motion briefing.

---

[7] *See* Opposition, Docket No. 1307 (public), Docket No. 1374 (sealed); Reply, Docket No. 1350.

12

As explained in the tentative ruling on the motion, Defendants rely on Federal Circuit authority related to the customer-suit exception to support their request for a stay. *See* Docket No. 1306 at 1 (citing *In re Nintendo of America, Inc.*, 756 F.3d 1363, 1366 (Fed. Cir. 2014)). As the district court explained in *Mirror Worlds Technologies v. Dell Inc.*, 6:13-cv-941 RWS, 2014 WL 11268268 at *1 (E.D. Tex. Sept. 29, 2014):

> the customer-suit exception justifies a stay as to retailer defendants while litigation continues against a manufacturer defendant. *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011) (citation omitted). The Federal Circuit has held that "in certain patent cases, litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Id.* The customer-suit exception recognizes that in some circumstances the manufacturer is the "true defendant" in the dispute. *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014). A court may apply the customer-suit exception if it would "facilitate just, convenient, efficient, and less expensive determination" of the issues. *Id.*

*Id.*; *see also In re Dell Inc.*, 600 F. App'x 728, 730 (Fed. Cir. 2015) (affirming district court's decision in *Mirror Worlds* and further noting that Defendants "cite no appellate court case, and we are aware of none, that sets forth the proposition that a district court must stay proceedings against a customer in the very same litigation that will, regardless of the requested stay, go forward against the supplier."). Ultimately, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936).

Having further considered the issue, the Court continues to agree with Plaintiff that, even accepting Apple's assertion that it would be bound by non-infringement and invalidity determinations reached in a trial against only Broadcom, the possibility of two trials on this subject matter instead of one (even if the second might only relate to damages disputes and tangential issues) does not appear likely to advance concerns of judicial economy in this case. The Court does not want to risk any possibility of two trials on the subject matter at issue in this case. It is also not irrelevant to the Court that after over three years of Defendants' presenting a single, "united front" defense, including with representation by the same patent counsel and a significant number dispositive and non-dispositive motions filed collectively between them, only very late in

13

the game did they make this request for severance and stay.[8]

Having balanced the competing interests presented by Defendants' request, the Court, in its discretion, would **DENY** Defendants' Motion to Stay (Docket No. 1306).

## IV. Conclusion

For the reasons stated in this Order, the Court would rule as follows:

- The Court **MODIFIES** a sentence of its Final Ruling at Docket No. 1432, pages 4 and 32 **NUNC PRO TUNC** such that the last clause of the sentence states, "such that Defendants are estopped from presenting each of their 35 U.S.C. § 103 obviousness invalidity grounds for Claims 13 and 22 of the '781 Patent and Claims 11 and 22 of the ~~'781 Patent~~ of the '032 Patent."

- Defendants' Motion for Summary Judgment of No Pre-Suit Indirect Infringement and No Willfulness (Docket No. 1218) is **DENIED-IN-PART AS MOOT** on the issue of pre-suit indirect infringement and claims of Apple's alleged pre-suit willful infringement, **GRANTED-IN-PART** as to claims of Broadcom's alleged pre-suit willful infringement, and **DENIED-IN-PART** as to claims of Defendants' alleged post-suit willful infringement.

- Plaintiffs' Motion for Summary Judgment of Validity (Docket No. 1228) is **DENIED-IN-PART AS MOOT AS AGREED** and **GRANTED-IN-PART** as to Defendants' § 101 invalidity defenses against the '710 and '032 Patents as stated herein.

- Plaintiff's Motion for Partial Summary Judgment Regarding Marking (Docket No. 1215) is **GRANTED-IN-PART** as to the '032 and '781 Patents and **DENIED-IN-PART** as to the '710 Patent.

- Defendants' Motion for Summary Judgment Regarding Marking the '710 Patent (Docket No. 1226) is **DENIED**.

- The Court, in its discretion, **DENIES** Defendants' Motion to Sever and Stay the claims against Apple (Docket No. 1306).

---

[8] The Court notes that contrary to some representations made by Defendants at the August 2019 hearing regarding this motion, there appear to have been very few Apple-specific issues in the parties' second round of motions, further undercutting Defendants' previous argument in support of simplification and instead showing how intertwined the disputes are party-to-party.