QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
James R. Asperger (Bar No. 083188)
jimasperger@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Todd M. Briggs (Bar No. 209282)
toddbriggs@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Plaintiff the California Institute of Technology

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| The CALIFORNIA INSTITUTE OF TECHNOLOGY, a California Corporation,<br><br>           Plaintiff,<br><br>      vs.<br><br>BROADCOM LIMITED, BROADCOM CORPORATION, AVAGO TECHNOLOGIES LIMITED, AND APPLE INC.,<br><br>           Defendants. | CASE NO. 2:16-cv-3714-GW-AGRx<br><br>**CALTECH'S BRIEF ON THE COURT'S JANUARY 9, 2020 TENTATIVE CLAIM CONSTRUCTIONS** |

Caltech agrees with the constructions for "random," "repeat," and "low-density generator matrix coder" set forth in the Court's January 9, 2020 tentative order. Those constructions are accurate characterizations of the Court's prior rulings on those terms and consistent with the intrinsic evidence. Including these constructions in the preliminary jury instructions will resolve the parties' legal disputes on claim construction and will help ensure that Defendants abide by this Court's prior rulings.

First, the constructions in the January 9, 2020 tentative are based on prior Court rulings and on the intrinsic evidence for the reasons sets forth in those rulings. *See*, *e.g.*, D.I. 1639 at 9 ("[T]he Court understands 'random permutation' to encompass . . . processes that result in an output that appears random"); D.I. 213 at Cover ("the term 'repeat' may encompass duplication and reuse"); D.I. 1213 19 (rejecting argument that repeat requires "difference or independence between the repeated and original bits"); D.I. 213 at 32 (rejecting argument that "generator matrix" must "produce[] a number of output bits that is greater than or equal to the number of input bits"); D.I. 1213 at 10 (finding that '710 patent does not "require a LDGM coder where the outputted bits must be greater than or equal to the inputted bits").

Second, these constructions remain necessary to ensure Defendants comply with prior Court rulings. Even last evening (Jan. 13, 2020), in their Response to Caltech's filing on infringement, Defendants argued the accused encoders do not meet the "random permutation" limitation "because the connections between the message bits and the alleged check nodes were selected intentionally, not randomly, and the [accused] encoder produces the same output, for the same input, every time." D.I. 1901-2 at 11-12.[1] The Court rejected this interpretation of "random," finding "the

---

[1] Defendants also intend to argue the accused products do not meet the Tanner Graph limitation of claims 11 and 18 of the '032 patent because they "do[] not generate parity bits based on the ***immediately*** preceding parity bits, as required by the Court's construction of the Tanner Graph." D.I. 1901-2 at 9. There is no such requirement in the Court's construction, and the Court found Defendants "waived claim construction arguments regarding this dispute." D.I. 1853 at 4 n.4.

phrase 'random permutation' . . . does ***not*** require . . . a process that usually leads to a different result in the relationship between information bits and check nodes each time." D.I. 1639 at 7-8; *see also* '032 patent at 3:65-66 (teaching that "RANDOM PERMUTATION" block 310 can be "fixed"). The Court's tentative construction also does not exclude connections "selected intentionally" during the design process—the patents are silent on how designers pick connections—and instead construes "random permutation" to include processes that "result in an output that appears random." *See* D.I. 1639 at 9. Defendants do not challenge the substance of the Court's constructions, and those constructions should be given to the jury to resolve the parties' legal disputes. *See*, *e.g.*, *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1361 (Fed. Cir. 2008).

Third, these claim constructions should be given as part of the preliminary instructions. Caltech's technical expert, Dr. Shoemake, will take the stand this week to testify how the accused products meet each claim limitations. To do that, he needs to apply the Court's constructions on "repeat," "random," and "low-density generator matrix coder." Before that can occur, however, the Court's constructions for those terms should be made final and given to the jury. This will ensure Dr. Shoemake applies the Court's constructions verbatim. It will also hold Defendants' experts in check and prevent them from taking positions that are contrary to the Court's prior rulings. If Defendants and their experts were allowed to present arguments that violate the Court's claim constructions, Caltech would be severely prejudiced at trial.

Finally, Defendants may argue the "variable number of subsets" limitation in claim 13 of the '781 patent at the hearing in an effort to import their non-infringement arguments for "repeat" and "repeat . . . irregularly" into this claim.[2] ***First***, the parties

---

[2] Defendants' Response on infringement appears to include typographical errors, justifying their non-infringement arguments for claim 13 based on "the Court's construction of the Tanner Graph." D.I. 1901-2 at 21-22. Claim 13 of the '781 patent does not include a Tanner Graph.

already agreed this term means "some information bits are used in more mod-2 or exclusive-OR operations (i.e., more 'subsets') than others." D.I. 849 at 11. This agreed construction, which was also endorsed by the Court, should be given to the jury. No further commentary is needed. *See* 12/23/2019 Hearing Tr. at 14:22-15:3 ("I'm not going to give as part of indicating what the claims construction was other portions of my ruling on the matter...."). **Second**, the Court's statement regarding irregular repetition was made in determining whether, for the purposes of patent eligibility under Section 101, the claims of the '781 patent are directed to IRA codes. D.I. 849 at 10 ("Plaintiff suggests that this limitation supports the conclusion that the claims are limited to the field of IRA correction/detection codes.... Defendants argue that this limitation is not specific to IRA code....").[3] In the context of infringement, however, Defendants have argued that terms "repeat" and "repeat . . . irregularly" are limited to specific implementations—an issue that was not presented to the Court when it ruled on Defendants' Section 101 MSJ. Caltech disagrees with Defendants' characterizations of those claim terms; regardless, however, no such limitation can be imported into the claims of the '781 Patent where the patentee chose to use the term "information bits … appear in a variable number of subsets" and not "repeat" and "repeat . . . irregularly." *See Seachange Int'l, Inc. v. C-COR, Inc.*, 413 F.3d 1361, 1369 (Fed. Cir. 2005) (acknowledging "presumption that two independent claims have different scope when different words or phrases are used in those claims"). Caltech's description of claim 13 of the '781 patent being directed to an IRA (irregular repeat and accumulate) code does not justify allowing Defendants to import their non-infringement arguments based on the specific claim terms "repeat" and "repeat . . . irregularly" into that claim.

Accordingly, the Court's January 9, 2020 should be adopted, and the constructions therein given to the jury as part of the preliminary instructions.

---

[3] The same is true for Caltech's statements cited by Defendants.

| | | |
|---|---|---|
| 1 | DATED: January 14, 2020 | Respectfully submitted, |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | By  */s/ Todd M. Briggs*  <br>Todd M. Briggs |
| 6 | | toddbriggs@quinnemanuel.com <br> QUINN EMANUEL URQUHART & |
| 7 | | SULLIVAN, LLP <br> 555 Twin Dolphin Dr., 5th Floor |
| 8 | | Redwood Shores, California 94065 <br> Telephone: (650) 801-5000 |
| 9 | | Facsimile: (650) 801-5100 |
| 10 | | |
| 11 | | *Attorneys for Plaintiff California Institute of Technology* |
| 12 | | |