QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
James R. Asperger (Bar No. 083188)
jimasperger@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Todd M. Briggs (Bar No. 209282)
toddbriggs@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Plaintiff The California Institute of Technology

*Additional Counsel Listed On Signature Page*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CALIFORNIA INSTITUTE OF TECHNOLOGY, a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BROADCOM LIMITED, BROADCOM CORPORATION, AVAGO TECHNOLOGIES LIMITED, AND APPLE INC.,<br><br>Defendants. | CASE NO. 2:16-cv-3714-GW-AGRx<br><br>**CALTECH'S OBJECTIONS TO PROPOSED VERDICT FORM**<br><br>Hon. George H. Wu<br>United States District Court Judge |

Pursuant to the Court's request, Caltech respectfully submits the following objections to the Proposed Verdict Form provided by the Court on January 28, 2019.

**Question 6**: Caltech objects to the question on induced infringement being separated from general questions on infringement. Neither party proposed such separation in their respective drafts of the verdict form. *See* Dkt. 2033-1; 2039. The theory by which the jury found infringement does not need to be specifically identified and including inducement as a separate question may add undue complexity to the verdict form and risk confusing the jury.

**Question 7**: Caltech objects to the inclusion of a separate question on location of sales. Because the jury has already been instructed that there can be no infringement, and thus no damages, for any sales that are not found to have occurred in the United States, there is no need to break out the issue on the verdict form as a separate finding of fact. Doing so unduly emphasizes the issue of location of sales.

**Questions 11 and 13**: Caltech objects to the inclusion of Questions 11 and 13, which ask the jury to identify the form of royalty awarded and include lump sum as an option. Defendants failed to present any evidence from which Defendants could award a lump sum royalty. They offered no fact testimony that a lump sum royalty would be appropriate and no expert testimony explaining how to calculate a lump sum royalty based on the record in this case. Additionally, neither party offered any evidence of projected future sales, which would be a necessary component of a lump sum royalty. Because there is no evidence of future sales, Caltech would be severely prejudiced by the award of a lump sum royalty: it would effectively lose years of future royalty payments as to which there has been no accounting by either party. If nothing else, Caltech requests that the Court at least modify Questions 10 and 12 to add "through August 2019" to the end of the both questions, so that the jury is not invited to speculate as to appropriate compensation for future sales without supporting evidence.

The only evidence in the record on damages is evidence on how to calculate a running royalty based on the record in this case and the propriety of a running royalty as the remedy. Because there is no basis in the record to support a lump sum, Caltech believes it is error to include it on the verdict form. *See, e.g.*, *Lucent Tech. v. Gateway*, 580 F.3d 1301, 1335 (Fed. Cir. 2009) (reversing award of lump sum royalty not supported by record and ordering a new trial on damages). Indeed, structuring the jury verdict as currently proposed could, in essence, lead the jury into error by inviting it to take a lump-sum approach to awarding damages despite the glaring absence of supporting evidence and testimony that should be prerequisite to any such award.

Caltech respectfully requests that the Court reconsider these questions.

DATED: January 29, 2020　　　　　　Respectfully submitted,

By　/s/ James R. Asperger
　　James R. Asperger
　　jimasperger@quinnemanuel.com

　　QUINN EMANUEL URQUHART & SULLIVAN, LLP
　　865 S. Figueroa St., 10th Floor
　　Los Angeles, California 90017
　　Telephone: (213) 443-3000
　　Facsimile: (213) 443-3100
　　*Attorneys for Plaintiff California Institute of Technology*