WILMER CUTLER PICKERING
  HALE AND DORR LLP
Mark D. Selwyn (Bar No. 244180)
Mark.Selwyn@wilmerhale.com
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

James M. Dowd (Bar No. 259578)
James.Dowd@wilmerhale.com
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone: (213) 443-6309
Facsimile: (213) 443-5400

Attorneys for *Broadcom Limited, Broadcom Corporation, Avago Technologies Limited, and Apple Inc.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CALIFORNIA INSTITUTE OF TECHNOLOGY, a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BROADCOM LIMITED, BROADCOM CORPORATION, AVAGO TECHNOLOGIES LIMITED, AND APPLE INC.,<br><br>Defendants. | CASE NO. 2:16-cv-3714-GW-AGRx<br><br>**BROADCOM AND APPLE'S OBJECTIONS TO PROPOSED VERDICT FORM AND CALTECH'S IMPROPER CLOSING ARGUMENTS**<br><br>Hon. George H. Wu<br>United States District Court Judge |

## I. BROADCOM AND APPLE'S REPORT

**Proposed Verdict Form.**  Defendants respectfully submit that the damages section in the Court's proposed verdict form should be modified to include the level of detail in Defendants' proposed verdict form.  That level of detail (*e.g.*, requiring the jury to show its rate and unit findings for any running-royalty verdict and the number of units found to infringe for method claim 13 of the '781 patent) would facilitate review of any damages verdict.

**Caltech's Improper Closing Arguments on Claim Requirements**.  Broadcom and Apple understood from the Court's instructions before closing arguments that the Court did not want the parties to interrupt each other with objections.  But for those instructions, Broadcom and Apple would have made the following objections to arguments made during Caltech's closing and rebuttal arguments, which violate the Court's prior rulings:

- The Court ruled that '781 claim 13's term "variable number of subsets" "requires irregular repeat." (Dkt. 849 at 14.)  Defendants' position is that this claim requirement is not met.  Counsel for Caltech argued to the jury that the only part of claim 13 that Defendants argue is not met is the "sums of bits" limitation.  Caltech's mischaracterization of Defendants' argument invited the jury to find infringement without having to find that the chips irregularly repeat, which violates the Court's order (and applies a different construction for infringement than the Court applied for validity).

- Counsel for Caltech argued that LLRs infringe '032 claim 18's requirement for receiving parity bits.  However, in its *Markman* Order, the Court ruled that LLRs (probability values) are separate and distinct from bits.  (Dkt. 213 [*Markman* Order] at 31.)  Accordingly,  receiving LLRs does not meet the claim.  Caltech's argument invited the jury to violate that order.

- The Court ruled in Dkt. 1213 at 16 and Dkt. 1629 at 10 that adding together an outputted bit (*i.e.*, a bit output from combinatorial logic) and an

information bit does not meet the requirement of '781 claim 13 to "sum bits in subsets of information bits" – which requires "adding together two or more information bits." Counsel for Caltech asked the jury to find that if bits are added, it meets the "sums of bits" limitation – after showing that what is added is an output of an AND gate and OR gate. That also invited the jury to violate the order in Dkt. Nos. 1213 and 1629.

DATED: January 29, 2020             Respectfully submitted,

By   */s/ Aaron Thompson*
Aaron S. Thompson (Bar No. 272391)
aaron.thompson@wilmerhale.com

WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Tel: (213) 443-5300
Fax: (213) 443-5400
*Attorneys for Defendants Broadcom Limited, Broadcom Corporation, Avago Technologies Limited, and Apple Inc.*