MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Tel:   (650) 858-6000
Fax:   (650) 858-6100

JAMES M. DOWD (SBN 259578)
james.dowd@wilmerhale.com
AARON S. THOMPSON (SBN 272391)
aaron.thompson@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Tel:   (213) 443-5300
Fax:   (213) 443-5400

Attorneys for Defendants and Counter-Claim Plaintiffs *Broadcom Limited, Broadcom Corporation, Avago Technologies Limited, and Apple Inc.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE CALIFORNIA INSTITUTE OF TECHNOLOGY,<br><br>        Plaintiff,<br><br>    vs.<br><br>BROADCOM LIMITED, BROADCOM CORPORATION, AVAGO TECHNOLOGIES LIMITED, AND APPLE INC.,<br><br>        Defendants. | CASE NO. 2:16-cv-3714-GW(AGRx)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR JUDGMENT AS A MATTER OF LAW (RENEWED) AND/OR A NEW TRIAL**<br><br>Hon. George H. Wu<br>United States District Judge<br>Hearing Date: June 1, 2020<br>Time: 8:30 AM<br>Place: Courtroom 9D |

1  BROADCOM LIMITED, BROADCOM CORPORATION, AVAGO TECHNOLOGIES LIMITED, AND APPLE INC.,
2  
3  
4              Counterclaim-Plaintiffs,
5      vs.
6  THE CALIFORNIA INSTITUTE OF TECHNOLOGY,
7  
8              Counterclaim-Defendant.

PLEASE TAKE NOTICE that on June 1, 2020 at 8:30 a.m., Defendants Broadcom Limited, Broadcom Corporation, and Avago Technologies Limited (collectively, "Broadcom") and Apple Inc. ("Apple") will move for judgment as a matter of law and/or a new trial pursuant to Federal Rules of Civil Procedure 50(b) and 59.

This motion is made pursuant to the Court's Minutes of the March 9 Teleconference (Dkt. No. 2142); this Notice of Motion; the concurrently-filed Memorandum in Support of Defendants' Motion; the Declaration of Mark Selwyn in Support of Defendants' Motion, and all exhibits thereto; the files and records in this action; and any such additional argument or materials as may be submitted to the Court before the time of the decision in this matter.

## RELIEF REQUESTED

Pursuant to Federal Rule of Civil Procedure 50(b), Defendants respectfully request judgment as a matter of law on all of Caltech's claims. *See VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 735-38 (9th Cir. 2019) (in reviewing motion for JMOL, court must ask "whether the verdict is supported by substantial evidence"). Alternatively, Defendants request a new trial on all issues under Federal Rule of Civil Procedure 59. *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (new trial may be ordered, for example, where "the verdict is against the weight of the evidence," "the damages are excessive," or "the trial was not fair").

Defendants move for judgment as a matter of law of no infringement and no damages or, in the alternative, a new trial because (1) there is no infringement of any claim, and (2) if the Court vacates the infringement verdict for (or invalidates) any asserted patent, a new damages trial is needed because the jury did not specify damages on a patent-by-patent basis.

Defendants move for judgment as a matter of law of no infringement and no damages or, in the alternative, a new trial, based on (1) the foreign sales of Broadcom's chips and (2) the lack of evidence of use for method claim 13 of the

1  '781 patent.

2      Defendants move for judgment as a matter of law of no damages or, in the alternative, a new trial because (1) Caltech's two-tier hypothetical negotiation model should have been excluded as improper and lacks sufficient evidence, and because Caltech offered no theory or evidence to establish damages under a proper damages analysis; (2) Caltech's royalty rate analysis should have been excluded as improper and lacks sufficient evidence because it failed to apportion, improperly relied on non-comparable licenses, and failed to justify the amount of its rates; (3) the Court erred by excluding Defendants' damages opinions based on comparable licenses, including Wi-Fi licenses, patent pools, and royalty stacking opinions; (4) the Court erred by excluding Defendants' apportionment opinions; and (5) the Could erred with respect to a number of instructions provided to the jury on these issues.

    Defendants move for judgment as a matter of law of no infringement and no damages or, in the alternative, a new trial, based on multiple claim limitations not present in the accused products and/or not performed, including those directed to (i) irregular repeating, (ii) "sums of bits," (iii) "random permutation," (iv) "scramble the repeated bits," (v) "first coder"/"second coder" (vi) "collection of parity bits," (vii) "variable nodes," (viii) "check nodes," (ix) "decode"/"encoded," (x) "stream of bits"/"data stream," (xi) "low-density generator matrix coder," and (xii) "IRA code." Defendants also move for judgment as a matter of law of no induced infringement because no reasonable jury could find inducement.  Alternatively, Defendants move for a new trial because the Court failed to instruct the jury that it was Caltech's burden to prove all elements of induced infringement, and to prove direct infringement by a third party.

    Moreover, if the Court does not overturn the jury's infringement verdict, the Court could revisit its prior summary judgment rulings on Section 101 and inequitable conduct grounds, which were based on representations from Caltech about the scope of the asserted claims that differed from the claim scope arguments

that Caltech made at trial for purposes of alleging infringement.

Defendants are also entitled to a new trial because (1) the Court erred by limiting Defendants' trial evidence regarding state of the prior art and (2) the Court's comments and rulings led to an unfair trial for defendants.

The grounds for this motion are set forth fully in Defendants' accompanying Memorandum in Support of Their Motion for Judgment as a Matter of Law (Renewed) and/or a New Trial.

DATED: April 6, 2020

Respectfully submitted,

By: /s/ *Mark D. Selwyn*
MARK D. SELWYN
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Tel:   (650) 858-6000
Fax:   (650) 858-6100

JAMES M. DOWD
james.dowd@wilmerhale.com
AARON S. THOMPSON
aaron.thompson@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Tel:   (213) 443-5300
Fax:   (213) 443-5400

Attorneys for Defendants and Counter-Claim Plaintiffs *Broadcom Limited, Broadcom Corporation, Avago Technologies Limited, and Apple Inc.*