QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
James R. Asperger (Bar No. 083188)
jimasperger@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
Todd M. Briggs (Bar No. 209282)
toddbriggs@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Plaintiff,
the California Institute of Technology

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CALIFORNIA INSTITUTE OF TECHNOLOGY, a California Corporation,<br><br>                    Plaintiff,<br>    vs.<br>BROADCOM LIMITED, BROADCOM CORPORATION, AVAGO TECHNOLOGIES LIMITED, AND APPLE INC.,<br><br>                    Defendants. | Case No. 2:16-cv-3714-GW-AGRx<br><br>**CALTECH'S APPLICATION FOR COSTS OF VISUAL AIDS PURSUANT TO CIVIL LOCAL RULE 54-3.12**<br><br>Hon. George H. Wu<br>United States District Court Judge |

Pursuant to the Court's Local Rules, costs for visual aids may be taxed only "[u]pon order of the Court." L.R. 54-3.12. The local rules also require that "[i]f a court order or stipulation is required by these rules to support a particular item of costs, the order or stipulation must also be attached" to the costs application, which is due within 14 days of entry of judgment. L.R. 54-2.1. Given that the Court issued its final rulings denying Defendants' post-trial motion (Dkt. 2238) and granting-in-part Plaintiff the California Institute of Technology's ("Caltech") post-trial motion (Dkt. 2239) on July 20, 2020, confirming that Caltech is the prevailing party under Fed. R. Civ. P. 54(d), Caltech respectfully submits this request for an order regarding taxation of visual aid costs. If the Court enters such an order, Caltech will include it in its costs application.

Taxation is permitted for a prevailing party's reasonable costs incurred in the preparation and duplication of "visual aids reasonably necessary to assist the jury or the Court in understanding the issues at the trial," L.R. 54-3.12, as well as demonstratives used for technology tutorials and *Markman* hearings. *See, e.g.*, *Enovsys LLC v. AT&T Mobility LLC*, No. 11-cv-5210-SS, 2016 WL 7430618, at *6 (C.D. Cal. June 15, 2016) ("In addition to materials prepared for and used at trial, recoverable costs may also include 'demonstratives for tutorials and *Markman* hearings when they are reasonably necessary to assist the court in understanding the issues.'") (quoting *Computer Cache Coherency Corp. v. Intel Corp.*, No. 05-cv-1766-RMW, 2009 WL 5114002, at *1 (N.D. Cal. Dec. 18, 2009)); *Juno Therapeutics, Inc., et al. v. Kite Pharma, Inc.*, Case No. 2:17-cv-07639 SJO-KS, 2020 WL 2220206, at *4 (C.D. Cal. Apr. 2, 2020) (approving application for visual aid costs of $190,677.15); *Apple Inc. v. Samsung Elecs. Co.*, No. 12-cv-0630-LHK, 2015 WL 4967769, at *10 (N.D. Cal. Aug. 20, 2015) (awarding the prevailing party $458,487.50 in costs for preparation of trial graphics and demonstratives). Caltech respectfully submits that its visual aid costs, totaling $246,132.00 as reflected in

Exhibit A, were reasonably necessary in assisting the jury and the Court in these proceedings.

As the Court has noted, this case was "a very complicated patent case." 12/20/19 Tr. at 12:1-5; *see also* 1/15/20 PM Tr. at 12:21-13:2 (defense counsel admitting "it is complicated technology" and "[i]t's going to take a bit of work to learn it"). The Court also noted that graphics, like the technology tutorial presented to the jury, were important in this case because it was " so complicated they're [the jury] never going to understand." 1/14/20 AM Tr. at 5:3-5:7. The case culminated in a trial that spanned ten days, involved 14 witnesses, and covered complex scientific issues underlying Caltech's irregular-repeat accumulate error correction code invention. At the conclusion of trial, the jurors rendered a verdict siding with Caltech on every issue, and awarding Caltech's full request of $1.1 billion.

Caltech's technology tutorial, *Markman* graphics, and trial graphics were reasonably necessary to assist both the Court and the jury in understanding the claims of the patents-in-suit and the claims and defenses presented at trial. *See Juno Therapeutics, Inc. v. Kite Pharma, Inc.*, No. 2:17-CV-07639 SJO-KS, 2020 WL 2220206, at *3 (C.D. Cal. Apr. 2, 2020) (allowing costs of graphics used during technology tutorial, *Markman* hearing, and trial because "the technology in the case was complex, … the graphics presentations greatly enhanced the Court's understanding of the technology … [and] were necessary to streamline the case and aid comprehension of the jury."); *see also Enovsys*, 2016 WL 7430618, at *10 (allowing costs of visual aids where "the issues raised at trial were technical and complex, and visual aids were necessary for the jury's understanding of the issues"); *Syneron Medical Ltd. v. Invasix, Inc.*, No. 16-cv-0143-DOC, 2019 WL 1878346, at *3 (C.D. Cal. Feb. 7, 2019) (allowing costs of visual aids because "[t]his case involved patents and technology" that "was highly technical")*; Computer Cache*, 2009 WL 5114002, at *2 (allowing costs of visual aids and remarking that "[w]hen a patent infringement suit involves complicated subject matter, it may be reasonably

necessary to prepare visual aids to help the court understand the issues") (citations omitted). Accordingly, Caltech seeks the costs of physically preparing the PowerPoint slides used at:

(1) the technology tutorial held on June 15, 2017, *see* Dkt. No. 185;

(2) the *Markman* hearing, held on June 29, 2017, *see id.*; and

(3) trial, including the technology tutorial for the jury, opening and closing slides, and demonstratives used with Caltech's witnesses.

*See* Exhibit A. Courts in this district have routinely permitted recovery of costs of such visual aids. *See, e.g.*, *Juno Therapeutics*, 2020 WL 2220206, at *3 (finding the graphics presentations "were necessary to streamline the case and aid comprehension of the jury" and therefore taxable); *Syneron Medical*, 2019 WL 1878346, at *3 (finding that "preparation of the slide decks was reasonably necessary" to warrant taxation of costs); *Enovsys*, 2016 WL 7430618, at *8-*10 (granting costs of visual aids prepared in anticipation of *Markman* hearing, motion to strike hearing, and trial); *Andresen v. Int'l Paper Co.*, No. 13-cv-2079-CAS, 2015 WL 3648972, at *9 (C.D. Cal. June 10, 2015) (allowing costs for the "direct production of visuals").

Moreover, given both the benefits of the visual aids and the amount of money at stake in this case, Caltech's requested costs are both appropriate and reasonable. *See, e.g.*, *Juno Therapeutics*, 2020 WL 2220206, at *3 ("Such a substantial amount at stake further justifies the graphics presentations"); *Enovsys*, 2016 WL 7430618, at *10 ("The amount at stake in this litigation was in the millions of dollars, which warranted careful and detailed presentation of the challenged technologies."); *Competitive Techs. v. Fujitsu Ltd.*, No. 02-cv-1673-JCS, 2006 WL 6338914, at *9 (N.D. Cal. Aug. 23, 2006) ("Given the potential financial impact of this lawsuit, the cost of the demonstratives was reasonable in light of their usefulness.").

Indeed, one of the Defendants has previously sought, and received, taxation of costs for visual aids at twice the amount that Caltech is requesting in this case.

*See Apple.*, 2015 WL 4967769, at *10 (awarding Apple $458,487.50 in costs for preparation of trial graphics and demonstratives).

      Caltech has carefully reviewed the attached invoices and removed costs associated with in-court technical assistance, equipment rentals, and other costs not directly related to the production of reasonably necessary visual aids. The invoices attached in Exhibit A from Caltech's graphics vendor, RLM / TrialGraphix, include:

- July 26, 2017 invoice totaling $21,468.75, relating to costs for preparing the technology tutorial for the Court and slides for the *Markman* hearing, with entries for meetings with attorneys, in-court support and transportation expenses excluded;
- January 17, 2020 invoice totaling $258.00, corresponding to costs for preparing demonstrative boards for the jury at trial.
- January 20, 2020 invoice totaling $2,580.00, corresponding to costs for preparing demonstrative boards for the jury at trial.
- January 20, 2020 invoice totaling $1,806.00, corresponding to costs for preparing demonstrative boards for the jury at trial.
- January 27, 2020 invoice totaling $172.00, corresponding to costs for preparing demonstrative boards for the jury at trial.
- January 28, 2020 invoice totaling $258.00, corresponding to costs for preparing demonstrative boards for the jury at trial.
- January 28, 2020 invoice totaling $258.00, corresponding to costs for preparing demonstrative boards for the jury at trial.
- February 13, 2020 invoice totaling $219,331.25, relating to costs for preparing PowerPoint slides and the technology tutorial for trial, with entries for logistics, "hot seat" in-court operation, expenses, and other non-taxable costs excluded.

      Accordingly, in the event judgment is entered in its favor, Caltech respectfully requests an order approving taxation of costs of its visual aids, and

specifically in the amount of $246,132.00, which Caltech can include in its costs application due within 14 days of entry of judgment.

DATED: July 23, 2020         Respectfully submitted,

By */s/ James R. Asperger*
James R. Asperger
jimasperger@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Plaintiff,*
*California Institute of Technology*