JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CALIFORNIA INSTITUTE OF TECHNOLOGY,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>BROADCOM LIMITED, BROADCOM CORPORATION, AVAGO TECHNOLOGIES LIMITED, AND APPLE INC.,<br><br>　　　　　Defendants. | NO. CV 16-3714-GW-AGRx<br><br>**JUDGMENT**<br><br>Hon. George H. Wu<br>United States District Judge |
| BROADCOM LIMITED, BROADCOM CORPORATION, AVAGO TECHNOLOGIES LIMITED, AND APPLE INC.,<br><br>　　　　　Counterclaim-Plaintiffs,<br><br>　vs.<br><br>THE CALIFORNIA INSTITUTE OF TECHNOLOGY,<br><br>　　　　　Counterclaim-Defendant. | |

This action was tried to a jury beginning on January 14, 2020, in Courtroom 9D of the above-entitled Court, before the Honorable District Court Judge George H. Wu. On January 29, 2020, the jury returned a verdict in favor of Plaintiff the California Institute of Technology ("Caltech" or "Plaintiff") and against Defendants Broadcom Limited, Broadcom Corporation, Avago Technologies Limited (collectively, "Broadcom") and Apple Inc. ("Apple") on all questions except the question of willful infringement. Dkt. 2114 (redacted); Dkt. 2115 (sealed).

**NOW THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT JUDGMENT IS HEREBY ENTERED IN THIS MATTER AS FOLLOWS:**

1. Broadcom has infringed Claims 20 and 22 of U.S. Patent No. 7,116,710 ("the '710 Patent"); Claims 11 and 18 of U.S. Patent No. 7,421,032 ("the '032 Patent"); and Claim 13 of U.S. Patent No. 7,916,781 ("the '781 Patent").

2. Broadcom has not willfully infringed Claims 20 and 22 of the '710 Patent; Claims 11 and 18 of the '032 Patent; or Claim 13 of the '781 Patent.

3. Apple has infringed Claims 20 and 22 of the '710 Patent; Claims 11 and 18 of the '032 Patent; and Claim 13 of the '781 Patent.

4. Apple has not willfully infringed Claims 20 and 22 of the '710 Patent; Claims 11 and 18 of the '032 Patent; or Claim 13 of the '781 Patent.

5. Claims 20 and 22 of the '710 Patent; Claims 11 and 18 of the '032 Patent; and Claim 13 of the '781 Patent are not invalid under 35 U.S.C. §103; 35 U.S.C. §102; 35 U.S.C. §112; or 35 U.S.C. §101.

6. Judgment is entered against Broadcom and Apple on their counterclaims and/or affirmative defenses of non-infringement; invalidity; laches, waiver, estoppel, unclean hands; inequitable conduct; preclusion; and failure to mark.

7. Caltech shall recover (1) $270,241,171.00 from Broadcom on the jury verdict; (2) $18,004,985.49 in pre-judgment interest on the jury's verdict from

Broadcom; (3) $837,801,178.00 from Apple on the jury verdict; (4) $47,640,650.64 in pre-judgment interest on the jury's verdict from Apple.

       8.     As provided in 28 U.S.C. § 1961, Caltech shall also recover post-judgment interest, running from the date of this Judgment until the Judgment is paid, on all amounts listed in paragraph 7 above, as well as on any supplemental damages, if awarded, at a rate equal to the weekly average one-year constant maturity Treasury yield as of the week preceding the date of this Judgment, compounded annually.

       9.     Caltech shall recover an ongoing royalty from both Apple and Broadcom at the rates set by the jury verdict. The Court will determine the products to which this ongoing royalty applies after the anticipated appeal in this action is resolved. Caltech shall also recover post-judgment interest on any ongoing royalties, running from the date of accrual until the Judgment is paid, at a rate equal to the weekly average one-year constant maturity Treasury yield as of the week preceding the date of this Judgment, compounded annually.

       10.    The Court will resolve the pending request for supplemental damages after the anticipated appeal in this action is resolved.

DATED: August 3, 2020

_____
HON. GEORGE H. WU
United States District Judge